**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

January 13, 2022

<u>Via ECF</u>

The Honorable Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   <u>United States v. Willie Dennis</u>
      **20 Cr. 623 (LGS)**

Dear Judge Schofield,

     We write briefly in response to the Government's opposition to Mr. Dennis's bail modification request.

     First, as the Government concedes (Dkt. No. 19 at 1), the alleged conduct at issue in this case ceased in March 2021—at least seven months before Mr. Dennis was arrested. This fact, in addition to all the others noted Mr. Dennis's bail modification request, refutes the Government's argument that he presents any ongoing "danger" to the community, let alone a danger that cannot be mitigated by the already existing conditions of his release (in particular, the no-contact order to which the defense has no objection).

     Second, the Government appears to criticize Mr. Dennis for not informing Pretrial Services during his Pretrial interview of pain he was not experiencing and of fabricating his prior toe dislocation. (Dkt. No. 19 at 4–5.) Beyond the temporal impossibility of Mr. Dennis being able to inform Pretrial of pain he was not yet suffering, the Government's suggestion of fabrication is flatly contradicted by the medical records Mr. Dennis has already provided, which confirm his toe dislocation and pre-date his arrest in this case. (Ex. G.)

     Third, the Government dismisses the medical advice that Mr. Dennis was provided and which was documented in the records provided to the Court. While neither counsel for the Government nor the defense has a medical degree or medical training, as noted in his application, Mr. Dennis has offered to be examined by a medical professional of the Court or Pretrial Service's choosing to confirm the diagnoses he has received. Moreover, at the January 11, 2022 surgical consultation that Mr. Dennis noted in his application, the surgeon—yet another medical professional with training and expertise counsel lack—confirmed Mr. Dennis's "large right inguinal hernia" and recommended laparoscopic surgery to repair this injury. (*See* Ex. I at

<u>United States v. Dennis</u>
20 Cr. 623 (LGS)

2, 3.) The only reason Mr. Dennis has not yet received this surgery is that—as reflected in his medical records—he previously suffered a heart attack and thus needs to be cleared by a cardiologist before any surgery can be performed. In light of the COVID-19 outbreak and overwhelmed medical facilities in Florida, finding an available doctor to provide Mr. Dennis such clearance on short notice has taken additional time.

  Fourth, the Government offers no meaningful response to the undisputed fact that Mr. Dennis has been fully compliant with the terms of his release to date (including while free from location monitoring), which is the strongest possible evidence that he will continue to be compliant with whatever terms the Court sets (including the ongoing no-contact order).

  Finally, to the extent the Court has any concerns not addressed by Mr. Dennis's submissions, Mr. Dennis notes again (as was flagged for the Government and Pretrial Services) that he would be amenable to additional, reasonable conditions on his release (e.g., the increase of his personal recognizance bond amount) to assuage any such concerns.

  In sum, in this case in which there is no presumption in favor of detention, the Government must establish that the conditions imposed on Mr. Dennis are the least restrictive means of ensuring his future appearance in court and the safety of the community. It has failed to carry that burden with respect to the home detention and location monitoring condition, and the narrow bail modification Mr. Dennis requested should be granted.

  We stand ready to provide the Court any additional information it may request.

Respectfully submitted,

/s/ Neil Kelly

Neil P. Kelly
Assistant Federal Defender
(212) 417-8744

cc: AUSA Sarah Kushner
   Pretrial Services Officer Joshua Rothman