**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

May 5, 2022

**Via ECF**

The Honorable Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: **United States v. Willie Dennis**
**20 Cr. 623 (LGS)**

Dear Judge Schofield,

We write in further support of Mr. Dennis's application for bail modification (Dkt. 34) and in reply to the government's opposition (Dkt. 39).

The government's perfunctory opposition fails to meaningfully engage with the factual basis for Mr. Dennis's request, the caselaw the defense cited, and the common sense practice in this District and around the country that when a defendant has a demonstrated history of compliance with his pretrial release conditions, a relaxation of those conditions may be warranted. *See* Dkt. 34 at 3–4; *cf., e.g.*, *In re McGrath*, 21 Mag. 5058 (PED) (S.D.N.Y. Dec. 15, 2021) (recognizing defendant's "flawless compliance with strict bail conditions—including home incarceration—over a seven month period" as a reason to deny government's request for remand pending certification of extraditability). As the Court, government, and Pretrial Services are all familiar, defendants' pretrial release conditions are frequently relaxed between presentment and the resolution of a case. It is simply not the case, as the government suggests, that a defendant's unblemished compliance with his pretrial release conditions is irrelevant. Fundamentally, the government and Pretrial Services' reflexive opposition to the modest modifications Mr. Dennis seeks improperly defers to the conditions recommended by Pretrial Services and ordered by Magistrates' Court more than five months ago (based on a limited record), while entirely ignoring the established record of Mr. Dennis's conduct since that time.

Here, Mr. Dennis's record of compliance speaks for itself. Indeed, his diligent adherence to the terms of his pretrial release has continued even when such compliance has not been reciprocated. For example, Mr. Dennis has obeyed the strict no-contact order in this case and has not communicated with any of the hundreds (if not thousands) of people that fall within the defined set of individuals with whom he is prohibited from communicating. Yet this past weekend, Mr. Dennis received an electronic communication (in the form of a LinkedIn request)

United States v. Dennis
20 Cr. 623 (LGS)

from a partner at his former law firm. Conscientious of the terms of his pretrial release and to avoid all doubt regarding his compliance, Mr. Dennis immediately notified his Pretrial Officer in Florida. Mr. Dennis is cognizant that his conduct is being scrutinized closely and will do nothing to jeopardize his freedom or compromise his liberty.

Beyond the authority cited in our application and the numerous reasons why, under section 3142, Mr. Dennis should not be subjected to onerous location monitoring and home detention, there is a human element at issue that may all too easily be overlooked. Many courts, in various procedural postures, have recognized the "obvious psychological and social impact" of home detention. *See, e.g., United States v. Pennick*, 10 Cr. 191 (RJA), 2016 WL 4089192, at *8 (W.D.N.Y. Aug. 2, 2016), *aff'd* 713 F. App'x 33, 35 (2d Cir. 2017). The mental and emotional impact of the "hugely restrictive regime of confinement, compliance, intrusion and dependency" that is home detention should not be underestimated. *United States v. Coughlin*, 06 Cr. 20005 (RTD), 2008 WL 313099, at *6 (W.D. Ark. Feb. 1, 2008).

These concerns are not merely hypothetical. Other than limited windows that require preapproval from Pretrial Services, Mr. Dennis is isolated in his parents' home in Florida all day—unable to exercise more than a modicum of the freedom he enjoyed for 60 years, unless he asked for and received permission sufficiently in advance. *See United States v. Minor*, 440 F. App'x 479, 485–86 (6th Cir. 2011) (noting that "[a] person under 'home detention' is subject to confinement and supervision that restricts the defendant to his place of residence continuously, except for authorized absences"). Despite no adjudication of guilt in this case and no prior criminal record, absent a modification of Mr. Dennis's pretrial release conditions, by the time of his trial, he will have been subjected to 10 months of conditions often imposed by courts as a substitute for incarceration. *See United States v. Leaphart*, 98 F.3d 41, 43 (2d Cir. 1996) (noting that, under the Sentencing Guidelines, home detention may be imposed as a substitute for imprisonment); *e.g.*, *United States v. Body*, 18 Cr. 503 (MFK), 2020 WL 2745972, at *2 (N.D. Ill. May 27, 2020) (reducing term of incarceration but imposing home detention, and noting that, in this way, defendant's "liberty will continue to be restricted in a significant way").

Mr. Dennis lives with an ever present sense of anxiety and dread. His ankle monitor bears a warning label that it "may explode if damaged" and makes loud noises unexpectedly. For example, this past weekend, Mr. Dennis's location monitoring equipment, without prompting, began buzzing and vibrating loudly for a prolonged period of time. Mr. Dennis and Pretrial Services in Florida needed to work together to determine what was causing the malfunction and remedy it. After several panic-inducing minutes, Pretrial Services was thankfully able to fix the problem by resetting the device, only for Mr. Dennis to be called several times by the monitoring company because their system incorrectly noted that the equipment had been turned off. Incidents like these might not appear significant to repeat participants in criminal proceedings, but for someone like Mr. Dennis who—overnight—went from 60 years of freedom and liberty to onerous conditions of quasi-confinement, the mental and emotional burden is real.

Accordingly, and for all the reasons stated in our prior submissions, we respectfully request that the Court modify the conditions of Mr. Dennis's pretrial release to remove the home detention and location monitoring conditions, or convene a remote hearing to consider this request or alternative conditions that may alleviate any concerns the Court might have.

United States v. Dennis
20 Cr. 623 (LGS)

                                                    Respectfully submitted,

                                                    /s/ Neil Kelly

                                                    Neil P. Kelly
                                                    Assistant Federal Defender
                                                    (212) 417-8744

                                                    Jennifer L. Brown
                                                    Attorney-in-Charge
                                                    (212) 417-8700

cc:     AUSA Sarah Kushner
         Pretrial Services Officer Joshua Rothman