**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

May 6, 2022

<u>**Via ECF**</u>

The Honorable Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   <u>**United States v. Willie Dennis**</u>
      **20 Cr. 623 (LGS)**

Dear Judge Schofield,

We write briefly in response to the government's supplemental letter of earlier today. Dkt. 34.

In its supplemental letter, the government claims that Mr. Dennis "has been sending harassing emails" to a third party, which "are exactly the kinds of emails" that the prosecution claims are the basis of the cyberstalking charges in this matter. *Id.* at 1. If that is the case, then the weight of the evidence against Mr. Dennis is far lighter than what the government has claimed. *See* 18 U.S.C. § 3142(g)(2). Far from being "harassing," the emails the government referenced in its letter—a mere 10 (ten) emails sent over a more than three-month time period, *i.e.*, three emails a month—contain benign comments on news stories that Mr. Dennis (otherwise isolated from the outside world) sent to numerous recipients, including the specific recipient noted by the government. These emails include his comments on news stories including legislation being proposed in Congress, the Ukraine war, the Middle East peace process, the recent news about *Roe v. Wade*, and a fatal police shooting of a Black man—the types of unobjectionable emails with commentary on current events that nearly every person with an email account receives on a daily basis (solicited or unsolicited). Such communications cannot fairly be characterized as "harassing," let alone used to justify the onerous bail restrictions that have been imposed here. This is particularly true when—to the defense's understanding—the recipient never asked Mr. Dennis to not include her on such emails.

Notably, the government concedes that Mr. Dennis's communications were not sent to anyone on the so-ordered no-contact list. In other words, Mr. Dennis's communications ran afoul of no court order or any other restriction on whom he could contact. Rather, these entirely lawful communications were sent to people with whom Mr. Dennis is or has been associated, and reflect his generic communications with others during his isolating period of home detention.

<u>United States v. Dennis</u>
20 Cr. 623 (LGS)

      Particularly objectionable is the government's implication that Mr. Dennis sent emails to a person of Jewish heritage to intimate or harass her. As the Court can clearly see in Exhibit A attached, in the email the government characterizes as regarding "a recent Nazi rally in Florida," Mr. Dennis was *lamenting* that the "Governor is not making it clear that this is 'unacceptable,'" and *decrying* that "[a]lthough one attack was caught on 'video' as of this evening 'no one' has been arrested." To suggest that an email Mr. Dennis sent in which he was expressing his displeasure and complaining about the apparent acceptance of a neo-Nazi rally in Florida was somehow a threat to or harassment of the recipient is to entirely misrepresent the obvious import of this communication.

      Similarly, in the email the government characterizes as discussing "the size of the world Jewish population," Ex. B, Mr. Dennis forwarded a link to news alert from the Jewish Agency for Israel celebrating the recent increase in the world's Jewish population. Mr. Dennis's entire comment in this purportedly harassing email was "[a]lthough small … some good news!" Again, for the government to claim that this email was "exactly the kind" of email that forms the basis of the cyberstalking charges in this case says more about the lack of evidence against Mr. Dennis than it does about the purportedly "harassing" nature of his communications.

      The Court should not give any weight to the government's arguments regarding these entirely innocuous communications and should grant the requested modifications of Mr. Dennis's pretrial release conditions.

                              Respectfully submitted,

                              /s/ Neil Kelly

                              Neil P. Kelly
                              Assistant Federal Defender
                              (212) 417-8744

                              Jennifer L. Brown
                              Attorney-in-Charge
                              (212) 417-8700

cc:    AUSA Sarah Kushner
        Pretrial Services Officer Joshua Rothman