M52KDENC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                           20 CR 623 (LGS)
                                         Remote Conference

WILLIE DENNIS,

                Defendant.

------------------------------x
                                         New York, N.Y.
                                         May 2, 2022
                                         4:55 p.m.
```

Before:

                HON. LORNA G. SCHOFIELD,

                              District Judge

                    APPEARANCES

DAMIAN WILLIAMS
    Acting United States Attorney for the
    Southern District of New York
SARAH L. KUSHNER
    Assistant United States Attorney

DAVID PATTON
FEDERAL DEFENDERS OF NEW YORK
    Attorney for Defendant
BY: NEIL P. KELLY
    JENNIFER L. BROWN

M52KDENC

(The Court and all parties appearing remotely)

(Case called)

MS. KUSHNER:  Good afternoon, your Honor.  Sarah Kushner for the government.

THE COURT:  Good afternoon, Ms. Kushner.  I'm getting very delayed speech.  I don't know if there's any way to improve your connection.

MS. KUSHNER:  I'm not sure that there is, but internet in the office is less than ideal.

THE COURT:  So the audio is coming across fine now. Maybe just stay close to it; and if the video is a little slow, that's fine.

MS. KUSHNER:  Okay.

MR. KELLY:  Good afternoon, your Honor.  Neil Kelly and Jennifer Brown from Federal Defenders of New York, and Mr. Dennis is on the Zoom as well.

THE COURT:  Good afternoon, Mr. Kelly; good afternoon Mr. Dennis.

We're here for a status conference to determine a trial date in this court case, and we're obviously proceeding by videoconference.

First of all, I want to ensure, Mr. Dennis, that you can see and hear me.

Can you?

THE DEFENDANT:  Yes, I can, your Honor.

M52KDENC

1       THE COURT:  So if at any point in the proceedings you
2   can't see or hear me or anybody else, would you please get our
3   attention and let us know, and we'll fix it immediately?
4       THE DEFENDANT:  Okay, I will do.
5       THE COURT:  All right.
6       You have the right to be physically present for this
7   proceeding.  Your lawyer has requested that we proceed remotely
8   and has stated that you waive your right to be physically
9   present.
10      Is that correct?
11      THE DEFENDANT:  Yes, it is, your Honor.
12      THE COURT:  And do you want us to proceed by
13  videoconference today?
14      THE DEFENDANT:  I would appreciate that, your Honor.
15      THE COURT:  All right.
16      So I find this proceeding cannot be further delayed
17  without serious harm to the interests of justice.  As I
18  understand it, there are no pretrial motions, and the defendant
19  has requested that we have this conference as soon as possible
20  so that we can set a trial date and he can have this behind
21  him.
22      Can I get a report from the government, please?
23      MS. KUSHNER:  Yes, your Honor.  The parties have just
24  agreed on a schedule for trial.  Discovery is complete, other
25  than because the defendant is an attorney, every single aspect

of our review, including the four email accounts and cell phone and iPod accounts that were seized of the defendant have to go through a privilege review within my office before the agent or I are even allowed to access the materials.

So while the government has produced in full those accounts and that phone -- and, again, it's a one-defendant case, it's all the defendant's material, so, hopefully, he probably knows better what's in there than I do, but with respect to kind of identifying data, I'll call it, that's directly responsive or that the government may particularly use as evidence, the phone and the iPod account are still going through the privilege review on. The phone will be ready -- the identified data from the phone will be ready soon, and I expect that the iPod account will take a little bit longer for that privilege review; it's still ongoing.

THE COURT: So, as I understand it, all these materials belonged to Mr. Dennis in the first place, and have been turned over to Mr. Dennis during discovery.

Is that right?

MS. KUSHNER: That's right.

THE COURT: Is there any chance that anything in your review will change what we're doing?

MS. KUSHNER: Not that I believe, your Honor.

THE COURT: All right.

I understand that the trial that's been agreed to is a

1    trial date of September 28th at 9:45.

2             About how long do you anticipate the trial will last,
3    Ms. Kushner?

4             MS. KUSHNER:  Your Honor, I expect it to last a little
5    over a week, and that doesn't necessarily into account whether
6    the defendant is putting on its own case.  There are four
7    victims that are specifically identified, and part of the
8    charged conduct in this case, but in addition to that, there
9    are other victims of the same conduct, part of the same conduct
10   or conspiracy, so I imagine there will be a fair number of
11   witnesses.  And then it's a very document-heavy case, the
12   nature of the case is cyber-stalking, and that will largely
13   be -- the government will largely intend is to prove that based
14   on the volume of text messages and emails that the defendant
15   sent over time to the charged and uncharged victims.

16            THE COURT:  Are there any plea discussions that are
17   happening now or that are expected?

18            MR. KELLY:  Your Honor, this is Neil Kelly.

19            There aren't, your Honor.  Obviously, we will keep the
20   door open to any possible discussions with the government, but
21   there aren't any right now, and Mr. Dennis is interested in
22   going to trial as soon as possible.

23            THE COURT:  Okay.  I understand.

24            In terms of the schedule, I'll ask for motions in
25   limine by August 12th; responses to the motions by August 19th;

1  joint voir dire, joint requests to charge and a joint verdict
2  sheet by September 2nd; a final pretrial conference
3  September 19th at 11:00 a.m.; and then, as I said, trial on
4  September 28th.  And I will issue a written order with all
5  those dates in them so there's no confusion.
6      If, by chance, the dates in the written order are
7  different, please follow the dates in the written order.
8      Before we get to speedy trial applications, is there
9  anything else we need to address?  I know there was a bail
10 application, but I'm still waiting for the government's
11 response, so it's premature to address that.  Is there anything
12 else to talk about today?
13      MS. KUSHNER:  Nothing from the government, your Honor.
14      MR. KELLY:  I would just note a few quick things for
15 the record:
16      First, Ms. Kushner is correct in terms of the status
17 of what the government has produced and what I understand they
18 intend to produce.  We may follow up to see if there are
19 additional discoverable materials from the government and third
20 parties, but, again, I don't think that should affect -- it
21 won't affect the schedule we set for the trial but I wanted to
22 put that on the record.
23      The only other question I would ask is:  While we're
24 all here, I know the Court did not convene a bail hearing on
25 the last application, but I didn't know if it made sense to set

M52KDENC

1  a control date because I know the Court has a trial and its
2  other matters, just to have that on the calendar in case we do
3  want to go down that route.
4         THE COURT:  I don't think it helps, to set a control
5  date, in the sense that my trial is expected to go through the
6  end of the month.  And so, basically, I finish at 4:30, and
7  unless there's another matter, I could hear this matter if I
8  thought a hearing was necessary.  So why don't we leave it
9  where it is, I'll look at the government's response, and I'll
10 see if a hearing would be useful or if I can just decide on the
11 papers.
12        So is there any speedy trial application?
13        MS. KUSHNER:  Yes, your Honor.  The government would
14 ask that time be excluded, I guess, between now and -- I'm not
15 sure if August 12th, the motion in limine deadline, would pause
16 the Speedy Trial Act, so I would ask that time be excluded
17 through the trial date of September 28th, given that the
18 interests of the defendant and the public in a speedy trial are
19 outweighed by making sure that the defense has the time to
20 review discovery and the parties have the time to prepare for
21 trial and the pretrial motions.
22        THE COURT:  Okay.
23        Is there any objection?
24        MR. KELLY:  No, your Honor, now that we have a trial
25 date, there's no objection.

1    THE COURT:  All right.

2    So, for the reasons stated by the government, I find
3 that the ends of justice served by excluding the time between
4 today and the scheduled trial date of September 28th outweigh
5 the best interests of the public and the defendant in a speedy
6 trial provided in 18, United States Code, Section
7 3161(h)(7)(A), and I will include in my scheduling order an
8 exclusion of the time between today and September 28th.

9    Thank you very much, everyone.  I look forward to
10 getting the government's response on the bail motion, and then
11 we can proceed from there.

12    Thank you.  We're adjourned.

13                              * * *