```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :
                        -against-                           :     20 Cr. 623 (LGS)
                                                            :
WILLIE DENNIS,                                              :     ORDER
                                         Defendant.         :
                                                            :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on October 28, 2020, Defendant Willie Dennis was charged by Complaint with four counts of cyberstalking, and an arrest warrant was issued;

WHEREAS, on November 19, 2020, Mr. Dennis was indicted on the same charges in an indictment that remained sealed for one year;

WHEREAS, on or about November 16, 2021, Mr. Dennis was arrested in the Dominican Republic, where he had been residing lawfully since approximately February 2020;

WHEREAS, on November 19, 2021, Magistrate Judge Ona T. Wang held a bail hearing, after which Judge Wang ordered the following bail conditions that had been agreed to by the parties: $200,000 bond co-signed by three financially responsible persons; home detention supported by location monitoring via an ankle bracelet; travel restricted to the Southern and Eastern Districts of New York; surrender of all travel documents and prohibition of new applications for travel documents; prohibition of the possession of firearms and other weapons; mental health treatment; prohibition on opening new email or phone accounts without prior approval; requirement to seek employment; urinalysis; provision of phone numbers and email addresses to Pretrial Services; and prohibition on contacting the four victims identified in the indictment or any other current or former employees and partners of Mr. Dennis's former law firm, including a prohibition of going to any offices of the firm;

WHEREAS, the travel restriction condition was later amended to permit travel to the District of New Jersey and the Middle District of Florida;

WHEREAS, Judge Wang found by a preponderance of the evidence that release on personal recognizance would not reasonably assure Mr. Dennis's appearance, given that he had been living in the Dominican Republic for approximately 20 months prior to being arrested;

WHEREAS, Judge Wang expressed concern about the danger of further cyberstalking or harassing communications -- not about physical danger -- and did not find that release on personal recognizance would endanger the safety of any other person or the community;

WHEREAS, on January 10, 2022, Mr. Dennis filed a letter requesting a modification of the conditions of his pretrial release -- replacing home detention enforced by location monitoring with a curfew enforced by vocal recognition -- on the grounds, *inter alia*, that he had fully complied with the terms of his pretrial release for approximately two months, and the location monitoring equipment caused him physical pain and injury;

WHEREAS, on January 26, 2022, Mr. Dennis's first request for a modification of the conditions of his pretrial release was denied because his compliance with the conditions was expected when the conditions were set, and a physician opined that the location monitoring equipment was unlikely to be the cause of Mr. Dennis's physical pain and injury;

WHEREAS, on April 25, 2022, Mr. Dennis renewed his request for modification of the conditions of his pretrial release;

WHEREAS, a court "shall order the pretrial release of" a person charged with an offense "subject to the least restrictive further condition, or combination of conditions" that will "reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B);

WHEREAS, the Court "may at any time amend the order to impose additional or different conditions." § 3142(c)(3);

WHEREAS, in deciding what conditions to impose, and whether to modify those conditions, the Court shall "take into account the available information concerning -- (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including -- (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." § 3142(g);

WHEREAS, the government bears the burden of persuasion by a preponderance of the evidence as to risk of flight, and by clear and convincing evidence as to dangerousness. *United States v. Chimurenga*, 760 F.2d 400, 405-06 (2d Cir. 1985); *accord United States v. Drayton*, No. 22 Cr. 91, 2022 WL 1026727, at *2 (S.D.N.Y. Apr. 4, 2022);

WHEREAS, without deciding whether the offenses with which Mr. Dennis is charged may be crimes of violence for purposes of § 3142(g)(1), the nature and circumstances of the offenses charged favor less restrictive conditions because Mr. Dennis is not alleged to have engaged in any acts of violence, nor in any threatening behavior since being ordered not to have

3

contact with the victims (or for several months before that), and to the extent the Complaint alleges any actual threats, the references are vague or heavily excerpted. *Cf. United States v. Waldman*, No. 18-MJ-4701, 2018 WL 2932729, at *3 (S.D.N.Y. June 12, 2018) (declining to decide whether cyberstalking is a crime of violence, but finding that "the nature and circumstances of the offenses charged . . . weigh in favor of detention" where the defendant specifically threatened to rape, kill and commit other violent crimes against the victim, and continued threatening communications after the entry of a no-contact order);

WHEREAS, the evidence against Mr. Dennis cited in the Complaint includes emails and text messages, several of which are quoted or excerpted, but the weight of the evidence cannot be said to be overwhelming as to several elements of the charged offenses, including Mr. Dennis's intent and whether the communications "cause[d], attempt[ed] to cause, or would be reasonably expected to cause substantial emotional distress," 18 U.S.C. § 2261A(2);

WHEREAS, Mr. Dennis's history and characteristics generally favor less restrictive conditions given that,

- notwithstanding and at least until the course of conduct alleged in the Complaint and indictment, Mr. Dennis apparently has comported himself as a person of good character;
- his physical condition is such that it would be difficult for him to flee;
- he was seeking mental health treatment prior to it being made a condition of his pretrial release, and he continues to receive such treatment;
- he has family ties to his elderly and infirm parents with whom he currently resides in Florida and to the three family members who co-signed his $200,000 bond;
- he was unemployed but ordered to seek employment as a condition of pretrial release, while he also spends significant time caring for his parents;

4

- his financial condition is such that it would be difficult for him to flee;

- he lived in the community in this District for decades and, notwithstanding his recent absence, maintains strong ties to the community;

- he has no history of drug or alcohol abuse;

- he has no prior criminal history and

- he has no record of failing to appear for court proceedings;

WHEREAS, nothing in the record suggests that Mr. Dennis poses a physical danger to any person or the community. Any danger of further harassing communications is only minimally affected by the conditions of home detention and location monitoring, as almost all of Mr. Dennis's alleged prior harassing communications were made by electronic means. Any such danger is mitigated by other conditions of Mr. Dennis's pretrial release not challenged in this motion, including the prohibition on opening new email or phone accounts without prior approval; provision of phone numbers and email addresses to Pretrial Services; and prohibition on contacting the four victims identified in the indictment or any other current or former employees and partners of Mr. Dennis's former law firm, including a prohibition of going to any offices of the firm;

WHEREAS, since Judge Wang originally imposed the conditions of pretrial release, Mr. Dennis has conscientiously complied with all conditions for approximately six months, including the no-contact order, including for almost four months since this Court denied Mr. Dennis's last motion, and that information was not available at the time of the original hearing and now constitutes a sufficiently long record of compliance to establish truly changed circumstances;

WHEREAS, the above-mentioned restrictions on Mr. Dennis will reasonably assure the safety of the community and all persons;

5

WHEREAS, the other conditions of Mr. Dennis's pretrial release will reasonably assure his appearance at future court proceedings, including $200,000 bond co-signed by three financially responsible persons, travel restrictions to the Southern and Eastern Districts of New York, District of New Jersey, and Middle District of Florida, and surrender of all travel documents and prohibition of new applications for travel documents.  It is hereby

**ORDERED** that Defendant's motion to modify the conditions of his pretrial release to lift the home detention and location monitoring conditions is GRANTED.  All other conditions set by Judge Wang, as subsequently amended, shall remain in place pending Defendant's trial.

The Clerk of Court is respectfully directed to close the motion at Docket Number 34.

Dated: May 17, 2022
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**