

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 5, 2022

**BY ECF AND EMAIL**
The Honorable Lorna G. Schofield
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *United States v. Dennis*, 20 Cr. 623 (LGS)

Dear Judge Schofield:

    The Government respectfully submits this letter pursuant to the Court's order at the videoconference held on June 28, 2022 (the "June 28 Conference"), directing the Government to "explain[] to the Court where we stand with respect to [the defendant's] questions" set forth in a May 24, 2022 email from the defendant, including explaining "why these specific questions are not answered or the materials aren't provided as part of the government's Rule 16 discovery." (Ex. A (June 28, 2022 Transcript) at 39.)  In addition, in light of a recent inappropriate email from the defendant, the Government respectfully requests that the Court modify the defendant's bail conditions to include a condition prohibiting the defendant from sending any communications to the Government that do not pertain to this case.

    **A.  The Government Does Not Have Any Discovery Responsive To The May 24 Email**

    As an initial matter, and as the defendant's former counsel stated at the June 28 Conference, the Government never received an email from the defendant or from his former counsel on May 24, 2022. Rather, on or about May 31, 2022, in the first of many communications sent directly to the Government, the defendant sent a lengthy email attaching, among other things, an email, dated May 24, 2022 (the "May 24 Email"), from the defendant to his now former attorney, Neil Kelly at the Federal Defenders of New York.  At the time, the Government represented to Mr. Kelly that the Government would not read the May 24 Email, as it was a communication subject to the attorney-client privilege between the defendant and Mr. Kelly.  Now that the Court has dismissed Mr. Kelly as counsel and is allowing the defendant to proceed *pro se* in this criminal case, and has ordered the Government to address the May 24 Email, the Government has reviewed it.  A copy

of the May 24 Email is attached hereto as Exhibit B.[1]  It contains a long list of information and materials that the defendant is seeking that he believes will "tend[] to prove or demonstrate the allegations in the EEOC complaint" in a civil proceeding between him and his former law firm (the "Firm").

The requests in the May 24 Email are not directed at the Government.  But even construing them as discovery demands directed at the Government, the Government has no information or materials responsive to the defendant's requests, which include requests for, among other things, (1) information "tending to prove or demonstrate" that the Firm has "systematically violated the partnership agreement in denying [the defendant's] rights to compensation" and "systematically violated applicable law," including by "allowing conduct by partners and senior management constituting gender bias and discrimination, putting the firm at risk," and (2) minutes of meetings of the Executive Committee of the Firm.  Even if such documents and information exist, they are not in the Government's possession, custody, or control.  As the Court explained to the defendant, unlike in civil proceedings, in "criminal proceedings, the government is obligated . . . to turn over what it has as far as discovery, and it's required to turn over what it has as far as exculpatory material, but it has no obligation to go out and subpoena or demand documents from any other parties that it doesn't have in its possession."  (Ex. A at 22.)

The Government has already produced its Rule 16 discovery and any potential *Brady* material it has identified to date, with one exception:  As the Government stated at the June 28 Conference, while the Government has already produced the full set of data from the defendant's cellphone and iCloud account, it has just begun its responsiveness review of non-privileged data obtained from those two items.  The Government will produce any responsive materials from that data in the next few weeks.  The Government recognizes that its disclosure obligations are ongoing and will produce in a timely manner any additional Rule 16 and/or potential *Brady* material it may obtain.

At the June 28 Conference, the defendant also expressed concern that the Government is "reach[ing] into the civil case" between him and the Firm.  (*Id.* at 32.)  The Government has not done and has no intention of doing any such thing.  Rather, in or about June 2022, the Government was informed by outside counsel for the Firm that in a private arbitration proceeding between the defendant and the Firm, the defendant has moved to lift the stay of discovery in that case.  The Government properly informed the Firm's counsel that, in light of this pending criminal case, the Government would oppose any lift of the stay to the extent that moving forward with discovery in the arbitration would permit the defendant to depose victims and witnesses in this criminal case about the very same issues or related matters that significantly overlap with the issues in this case. It is standard practice for a civil proceeding to be stayed pending the resolution of a criminal case that implicates issues in the civil proceeding.  More importantly, in this case, if the defendant were allowed to depose in the arbitration proceeding individuals who are victims and witnesses in this case, that would be a direct violation of the terms of the defendant's bail conditions, which prohibit him from communicating with any such persons.  Other than expressing its position as to the

---

[1] Given that the defendant's May 24 Email identifies third parties whose names are not part of the public record in this case, the Government respectfully requests that those names be filed under seal.

defendant's pending motion to lift the stay of discovery in the arbitration matter, the Government has not involved itself in the arbitration and has no Rule 16 discovery or *Brady* material to disclose based on any communications that the Government may have had with the Firm's outside counsel about that motion or the arbitration.

### B. The Defendant Should Be Prohibited From Emailing The Government About Unrelated Matters

The Government also respectfully asks the Court to modify the defendant's bail conditions to preclude the defendant from communicating with the Government about matters unrelated to this case. On or about July 2, 2022, the defendant sent the following email to AUSAs Sarah Kushner and Marguerite Colson, and several other women:

> Ladies
>
> This 4th of July weekend I am thinking about Cassidy Hutchinson.
>
> Ms. Hutchinson's gave her testimony on Tuesday knowing that her testimony would incur the wrath of powerful men and lead to threats against her physical safety.
>
> " A former Donald Trump administration said she is worried about Cassidy Hutchinson's safety after she gave the January 6 committee the most damning testimony yet against the former President ....Ms Hutchinson's life will never be the same "
>
> https://www.independent.co.uk/news/world/americas/us-politics/trump-cassidy-hutchinson-testimony-white-house-b2111720.html
>
> Ms. Hutchinson's act of putting country over party and her own physical safety is inspiring.
>
> God bless Ms. Hutchinson
>
> btw. This is something so unseemly about a group of men in their 50s 60s and 70s threatening the physical safety of a 26 year old woman.

A copy of this email is attached hereto as Exhibit C.[2] These types of communications are inappropriate, appear designed to harass the Government, and are irrelevant to any matters in this case. The Government respectfully requests that the Court add a bail condition barring the defendant from sending emails or any other types of communications to the prosecutors about matters that are unrelated to this case. The Government believes that such a condition is warranted particularly in light of the nature of the criminal charges in this case.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____
Sarah L. Kushner
Assistant United States Attorney
(212) 637-2676

cc: Willie Dennis, defendant (by Email)
Josh Rothman, Pretrial Services Officer, S.D.N.Y. (by Email)
Charles Sweatt, Pretrial Services Officer, M.D. Fla. (by Email)
Anthony Cecutti, Esq. (by Email)

---

[2] Given that the defendant's email contains the personal contact information of third parties, the Government respectfully requests that those individuals' names and email addresses be filed under seal.