# EXHIBIT A

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*
a black Apple iPhone, with ▮▮▮▮▮
▮▮▮▮▮▮▮▮▮ and Call Number ▮▮▮▮▮

)
)
)
)
)
)

Case No.  21 MAG 12029

## APPLICATION FOR A SEARCH AND SEIZURE WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

▮▮▮▮▮▮▮▮▮▮▮▮                ▮▮▮▮▮▮

located in the _____Southern_____ District of _____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attached Affidavit and its Attachment A

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- X evidence of a crime;
- X contraband, fruits of crime, or other items illegally possessed;
- ❏ property designed for use, intended for use, or used in committing a crime;
- ❏ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section(s) | Offense Description(s) |
|---|---|
| 18 USC 2261A and 2 | Cyberstalking |

The application is based on these facts:

See Attached Affidavit and its Attachment A

- ☑ Continued on the attached sheet.
- ☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ sworn telephonically
_____
*Applicant's signature*

Elisabeth Wheeler, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date:    12/16/2021
_____

City and state:  New York, NY
_____

*Gabriel W. Gorenstein*
_____
*Judge's signature*

Hon. Gabriel W. Gorenstein, U.S. Magistrate Judge
*Printed name and title*

| Print | Save As... | Attach | Reset |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# 21 MAG 12029

In the Matter of the Application of the United
States Of America for a Search and Seizure
Warrant for a black Apple iPhone, with █████
████████████
USAO Reference No. 2020R01003

**TO BE FILED UNDER SEAL**

**Agent Affidavit in Support of
Application for Search and Seizure
Warrant**

SOUTHERN DISTRICT OF NEW YORK) ss.:

ELISABETH WHEELER, being duly sworn, deposes and says:

## I.  Introduction

### A.  Affiant

1.     I am a Special Agent with the Federal Bureau of Investigation ("FBI")
("Investigating Agency").  As such, I am a "federal law enforcement officer" within the meaning
of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in
enforcing the criminal laws and duly authorized by the Attorney General to request a search
warrant.  I have been a Special Agent at the FBI since 2012, and am currently assigned to the FBI's
Violent Crimes Task Force.   In that position, I have had significant training and experience
investigating a wide range of crimes, including violence and threats of violence, such as threats
made by telephone, online, and through other electronic means.  I have received training and,
through my investigations, have developed experience in the execution of search warrants for,
among other things, telephonic and electronic communications and data.

2.     I make this Affidavit in support of an application pursuant to Rule 41 of the Federal
Rules of Criminal Procedure for a warrant to search the electronic device specified below (the
"Subject Device") for the items and information described in Attachment A.  This affidavit is based
upon my personal knowledge; my review of documents and other evidence; my conversations with

2

other law enforcement personnel; and my training, experience and advice received concerning the use of computers in criminal activity and the forensic analysis of electronically stored information ("ESI"). Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

### B. The Subject Device

3.      The Subject Device is particularly described as a black Apple iPhone, with IMEI No. ███████████ and call number (███ ████████

4.      Based on my training, experience, and research, and from consulting the manufacturer's advertisements and product technical specifications available online at https://support.apple.com/en_US/specs/iphone, I know that the Subject Device has capabilities that allows it to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA.

5.      The Subject Device is presently located in the Southern District of New York.

### C. The Subject Offenses

6.      For the reasons detailed below, I believe that there is probable cause to believe that the Subject Device contains evidence, fruits, and instrumentalities of violations of Title 18, United States Code, Sections 2261A and 2 (cyberstalking) (the "Subject Offenses").

## II. Probable Cause

### A. Probable Cause Regarding Subject's Commission of the Subject Offenses

7.      On or about October 28, 2020, the Honorable Ona T. Wang, United States Magistrate Judge for the Southern District of New York, signed a complaint (the "Complaint") charging WILLIE DENNIS, the defendant in this case, with four counts of cyberstalking, in

2017.08.02

violation of Title 18, United States Code, Sections 2261A(2)(B) and 2.  Judge Wang also signed a warrant for DENNIS's arrest.  The Complaint and arrest warrant are incorporated by reference herein, and are attached hereto as Exhibit A.

8.      On or about November 19, 2020, a Grand Jury returned a four-count Indictment against DENNIS, charging him with the same cyberstalking crimes.   The Indictment is incorporated by reference herein, and is attached hereto as Exhibit B.

9.      On or about November 16, 2021, pursuant to the arrest warrant in this case, DENNIS—a U.S. citizen—was arrested in and expelled from the Dominican Republic, where he had been residing since in or about February 2020.  The Subject Device was recovered from DENNIS at the time of his arrest.

10.      On or about November 18, 2021, federal agents brought DENNIS to this District, and on or about November 19, 2021, he was presented and arraigned on the Indictment before Judge Wang.  The defendant was temporarily detained; on or about November 22, 2021, he was released on bond conditions set by Judge Wang.

11.      As alleged in the Complaint, and based on my review of documents obtained from victims in this case, I have learned that since in or about 2018, up to and including at least in or about March 2021, DENNIS engaged in a long-term and pervasive cyberstalking campaign of harassment, intimidation, and threats directed at colleagues at his former law firm, ██ ██ (the "Law Firm").

12.      As alleged in the Complaint, and based on my review of documents collected from the Law Firm, from victims and other employees of the Law Firm, and from the defendant's personal email accounts seized pursuant to other search warrants, I have learned, among other things, that, as part of his cyberstalking, DENNIS sent many of his threatening and harassing text

4

messages to victims, and called victims, using the phone number (██ ████████ (*See, e.g.,* Compl. ¶¶ 15(a)-(h).)[1]  Examples of such communications are discussed in paragraphs 15(a) through (h) of the Complaint.

### B.  Probable Cause Justifying Search of the Subject Device

13.    As noted above, on or about November 16, 2021, the Subject Device was recovered from the defendant at the time of his arrest in the Dominican Republic.  The Subject Device was brought back to the United States and is currently in the Southern District of New York.

14.    The Subject Device was one of two Apple iPhones seized from the defendant at the time of his arrest.

15.    Based on my review of subpoena returns obtained from Apple, I have learned, among other things, that the call number (██ ██████ is registered to an iPhone that is subscribed to in the name of "Willie Dennis."

16.    Based on my review of subpoena returns obtained from AT&T, I have learned, among other things, that the call number (██ ██████ is subscribed to in the name of "Willie Dennis."

17.     Based on my discussions with the prosecutor in this case who spoke to DENNIS's attorney, I have learned, among other things, that the Subject Device is the particular iPhone that has the call number (██ ██████ assigned to it.

18.    As noted above and in the Complaint, the phone number assigned to the Subject Device—that is, (██ ██████ was used to send threatening communications to the victims in this case.  Indeed, the Subject Device is itself contraband and an instrumentality of the Subject Offenses.

---

[1] The phone number is defined as "Phone Number-1" in the Complaint.

5

19.    Like individuals engaged in any other kind of activity, individuals who engage in cyberstalking often store communications and other records relating to their illegal activity on electronic devices such as the Subject Device.  Such records can include, for example, messages, calls, and emails to victims of the Subject Offenses, as well as contact information of victims, including telephone numbers, email addresses, and identifiers for instant messaging and social medial accounts.

20.    In addition to probable cause to believe that the Subject Device contains evidence of the Subject Offenses, there is also probable cause to believe that the Subject Device constitutes contraband subject to seizure, in that the device contains the very threatening communications that form the basis of the charges in this case.

21.    Based on the foregoing, I respectfully submit there is probable cause to believe that DENNIS is engaged in cyberstalking current and former employees of the Law Firm, and that evidence of this criminal activity is likely to be found on the Subject Device.  Specifically, I believe that for the time period from at least January 1, 2019, through the present, the Subject Device is likely to contain the following evidence of this criminal activity, and of the Subject Offenses in particular[2]:

      a.    Evidence of WILLIE DENNIS's cyberstalking campaign, including text messages, phone calls, emails, and other communications he sent to cyberstalking victims, including current and former members of his former law firm, ███ ███ (the "Law Firm");

---

[2] This warrant seeks only the defendant's communications starting from January 1, 2019, but the Government reserves the right to seek a warrant to search the Subject Device for relevant communications and other data from in or about 2018 to January 2019.

2017.08.02

b.  Evidence of DENNIS's intent, motives, and state of mind with respect to the Subject Offenses;

c.  Evidence of direct threats made against the cyberstalking victims and their families;

d.  Evidence of any efforts DENNIS may have made to physically stalk victims, their families, and other members of the Law Firm, including any photographs DENNIS may have taken of any such individuals and/or their whereabouts;

e.  Evidence reflecting the timeline of DENNIS's cyberstalking campaign;

f.  Geographic location of the Subject Device during the course of the cyberstalking campaign;

g.  Additional information about DENNIS's cyberstalking victims, including contact information; and

h.  Evidence of user attribution showing who used the Subject Device at the time the records and items described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

## III.  Procedures for Searching ESI

### A.  Review of ESI

22.     Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) will review the ESI contained on the Subject Device for information responsive to the warrant.

2017.08.02

23.     In conducting this review, law enforcement may use various techniques to determine which files or other ESI contain evidence or fruits of the Subject Offenses.   Such techniques may include, for example:

- surveying directories or folders and the individual files they contain (analogous to looking at the outside of a file cabinet for the markings it contains and opening a drawer believed to contain pertinent files);

- conducting a file-by-file review by "opening" or reading the first few "pages" of such files in order to determine their precise contents (analogous to performing a cursory examination of each document in a file cabinet to determine its relevance);

- "scanning" storage areas to discover and possibly recover recently deleted data; scanning storage areas for deliberately hidden files; and

- performing electronic keyword searches through all electronic storage areas to determine the existence and location of search terms related to the subject matter of the investigation. (Keyword searches alone are typically inadequate to detect all information subject to seizure. For one thing, keyword searches work only for text data, yet many types of files, such as images and videos, do not store data as searchable text. Moreover, even as to text data, there may be information properly subject to seizure but that is not captured by a keyword search because the information does not contain the keywords being searched.)

24.     Law enforcement personnel will make reasonable efforts to restrict their search to data falling within the categories of evidence specified in the warrant.   Depending on the circumstances, however, law enforcement may need to conduct a complete review of all the ESI from the Subject Device to locate all data responsive to the warrant.

**B.  Return of the Subject Device**

25.     If the Government determines that the Subject Device is no longer necessary to retrieve and preserve the data on the device, and that the Subject Device is not subject to seizure pursuant to Federal Rule of Criminal Procedure 41(c), the Government will return the Subject Device, upon request.   Computer data that is encrypted or unreadable will not be returned unless law enforcement personnel have determined that the data is not (i) an instrumentality of the

2017.08.02

offense, (ii) a fruit of the criminal activity, (iii) contraband, (iv) otherwise unlawfully possessed, or (v) evidence of the Subject Offenses.

## IV.  Conclusion and Ancillary Provisions

26.    Based on the foregoing, I respectfully request the court to issue a warrant to seize the items and information specified in Attachment A to this affidavit and to the Search and Seizure Warrant.


/s/ sworn telephonically
_____
ELISABETH WHEELER
Special Agent
FBI


Sworn to me through the transmission of this
Affidavit by reliable electronic means,
pursuant to Federal Rules of Criminal Procedure
41(d)(3) and 4.1 this,

16th day of December, 2021

_____
HONORABLE GABRIEL W. GORENSTEIN
United States Magistrate Judge
Southern District of New York

2017.08.02

**Attachment A**

## I.  Device Subject to Search and Seizure

The device that is the subject of this search and seizure warrant (the "Subject Device") is described as follows:

a black Apple iPhone, with ███████████████████ and call number ███████████

## II.  Review of ESI on the Subject Device

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the ESI contained on the Subject Device for evidence, fruits, and instrumentalities of violations of Title 18, United States Code, Sections 2261A and 2 (cyberstalking) (the "Subject Offenses"), from the time period January 1, 2019, through the present, described as follows:

a.  Evidence of WILLIE DENNIS's cyberstalking campaign, including text messages, phone calls, emails, and other communications he sent to cyberstalking victims, including current and former members of his former law firm, ██ ██ (the "Law Firm");

b.  Evidence of DENNIS's intent, motives, and state of mind with respect to the Subject Offenses;

c.  Evidence of direct threats made against the cyberstalking victims and their families;

d.  Evidence of any efforts DENNIS may have made to physically stalk victims, their families, and other members of the Law Firm, including any photographs DENNIS may have taken of any such individuals and/or their whereabouts;

e.  Evidence reflecting the timeline of DENNIS's cyberstalking campaign;

f.  Geographic location of the Subject Device during the course of the cyberstalking campaign;

g.  Additional information about DENNIS's cyberstalking victims, including contact information; and

h.  Evidence of user attribution showing who used the Subject Device at the time the records and items described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

# EXHIBIT A

Approved: _____
　　　　　SARAH L. KUSHNER
　　　　　Assistant United States Attorney

Before:　THE HONORABLE ONA T. WANG
　　　　　United States Magistrate Judge
　　　　　Southern District of New York

- - - - - - - - - - - - - - - - - X

# 20 MAG 11665

UNITED STATES OF AMERICA

　　　　　- v. -

WILLIE DENNIS,

　　　　　　　　Defendant.

- - - - - - - - - - - - - - - - - X

**SEALED COMPLAINT**

Violations of
18 U.S.C. §§ 2261A
and 2

COUNTY OF OFFENSE:
NEW YORK

SOUTHERN DISTRICT OF NEW YORK, ss.:

　　　　ELISABETH WHEELER, being duly sworn, deposes and says
that she is a Special Agent with the Federal Bureau of
Investigation ("FBI"), and charges as follows:

### COUNT ONE
(Cyberstalking)

　　1.　Since at least in or about 2018, up to and including
the present, in the Southern District of New York and elsewhere,
WILLIE DENNIS, the defendant, with the intent to injure, harass,
and intimidate another person, used the mail, interactive
computer services and electronic communication services and
electronic systems of interstate commerce, and other facilities
of interstate and foreign commerce, including electronic mail,
phone calls, text messages, and faxes, to engage in a course of
conduct that caused, attempted to cause, and would be reasonably
expected to cause substantial emotional distress to a person, to
wit, DENNIS has engaged in a campaign of harassment,
intimidation, and threats against an individual ("Victim-1") who
works in New York, New York, including by sending harassing,
threatening, and intimidating emails and text messages to
Victim-1.

　　(Title 18, United States Code, Sections 2261A(2)(B) and 2.)

2

## COUNT TWO
(Cyberstalking)

2.    In or about 2019, in the Southern District of New York and elsewhere, WILLIE DENNIS, the defendant, with the intent to injure, harass, and intimidate another person, used the mail, interactive computer services and electronic communication services and electronic systems of interstate commerce, and other facilities of interstate and foreign commerce, including electronic mail, phone calls, text messages, and faxes, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to a person, to wit, DENNIS has engaged in a campaign of harassment, intimidation, and threats against an individual ("Victim-2") who works in New York, New York, including by sending harassing, threatening, and intimidating text messages to Victim-2.

(Title 18, United States Code, Sections 2261A(2)(B) and 2.)

## COUNT THREE
(Cyberstalking)

3.    From at least in or about 2018, up to and including at least in or about October 2020, in the Southern District of New York and elsewhere, WILLIE DENNIS, the defendant, with the intent to injure, harass, and intimidate another person, used the mail, interactive computer services and electronic communication services and electronic systems of interstate commerce, and other facilities of interstate and foreign commerce, including electronic mail, phone calls, text messages, and faxes, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to a person, to wit, DENNIS has engaged in a campaign of harassment, intimidation, and threats directed at an individual ("Victim-3") who works in New York, New York, including by sending harassing, threatening, and intimidating text messages to Victim-3.

(Title 18, United States Code, Sections 2261A(2)(B) and 2.)

## COUNT FOUR
(Cyberstalking)

4.    From at least in or about 2019, up to and including the present, in the Southern District of New York and elsewhere, WILLIE DENNIS, the defendant, with the intent to

3

injure, harass, and intimidate another person, used the mail,
interactive computer services and electronic communication
services and electronic systems of interstate commerce, and
other facilities of interstate and foreign commerce, including
electronic mail, phone calls, text messages, and faxes, to
engage in a course of conduct that caused, attempted to cause,
and would be reasonably expected to cause substantial emotional
distress to a person, to wit, DENNIS has engaged in a campaign
of harassment, intimidation, and threats directed at an
individual ("Victim-4") who works in New York, New York,
including by sending harassing, threatening, and intimidating
emails and text messages to Victim-4.

(Title 18, United States Code, Sections 2261A(2)(B) and 2.)

The bases for my knowledge and for the foregoing charges
are, in part, as follows:

**Overview**

5.    As set forth in greater detail below, WILLIE
DENNIS, the defendant, has engaged in a long-term and pervasive
campaign of harassment, intimidation, and threats directed at
former colleagues (the "Victims") at his former law firm (the
"Law Firm").  Specifically, since in or about 2018, and up to
and including the present, DENNIS has sent more than one
thousand emails, text messages, and fax communications to the
Victims.[1]  DENNIS has sent threatening messages to the Victims at
all hours of the day and night, often in rapid succession; the
Victims did not respond to such messages or otherwise engage
with DENNIS in response to his threatening communications.
Through his unrelenting communications, as well as phone calls
and voicemails to Victims, DENNIS has threatened and sought to
intimidate and stoke fear in the Victims and their families.

6.    In these communications, WILLIE DENNIS, the
defendant, has made false accusations against the Victims and
the Law Firm, portrayed the Law Firm and its senior members as
having discriminated against him based on his race, and
complained about his termination from the Law Firm.  DENNIS has
also threatened physical harm to certain Victims and threatened
to visit Victims and their families at their homes.  On or about
October 9, 2020, for example, DENNIS called a senior member of
the Law Firm and stated, in substance and in part:  "someone is

---

[1] For example, between on or about May 13, 2019, and on or about September 20,
2019, WILLIE DENNIS, the defendant, sent at least hundreds of written
communications to Victims.  Between on or about September 4, 2019, and on or
about September 20, 2019, alone, DENNIS sent at least approximately 200
hundred written communications to Victims and other members of the Law Firm.

4

going to get physically hurt and it is not someone who deserves
to be hurt."

7.    The unrelenting harassment campaign and
cyberstalking by WILLIE DENNIS, the defendant, against the
Victims has caused or would be reasonably expected to cause the
Victims substantial emotional distress and fear for their
physical safety.  At least one Victim has been forced to leave
New York and relocate to another state as a result of DENNIS's
ongoing threats and efforts to harass and intimidate his former
colleagues.  Another Victim has had to change the location of
his/her parking garage and upgrade his/her home security system.

## The Defendant

8.    Based on my conversations with senior members of
the Law Firm, I have learned, among other things, that for
fourteen years, WILLIE DENNIS, the defendant, was an attorney at
the Law Firm, based in New York City.  DENNIS joined the Law
Firm in or about 2005, and became an equity partner.  DENNIS
worked at the Law Firm's New York office, located in the
Southern District of New York, until he was terminated on or
about May 13, 2019.  DENNIS was terminated from the Law Firm for
erratic and threatening behavior, as well as his years-long poor
performance as a partner.

9.    Based on my conversations with senior members of
the Law Firm and my review of travel records obtained from law
enforcement databases, I have learned, among other things, that
WILLIE DENNIS, the defendant, resides in New York, New York,
although he has been in the Dominican Republic since at least in
or about February 2020.

10.   Based on my conversations with senior members of
the Law Firm, I know that WILLIE DENNIS, the defendant, is
Black, as are certain of his Victims.

## The Victims

11.   Based on my conversations with senior members of
the Law Firm and Victims, I have learned, among other things,
that the Victims are prominent attorneys at the Law Firm and/or
members of the Law Firm's management committee.  The Victims
knew WILLIE DENNIS, the defendant, in a professional capacity.
Certain Victims worked closely with DENNIS on matters at the Law
Firm.

5

12.   Based on my conversations with senior members of the Law Firm and Victims, I have learned that the Victims work in the Law Firm's New York office.

**<u>Victim-1</u>**

13.   Based on my interview with a senior member of the Law Firm ("Victim-1"), and my review of electronic communications, including emails and text messages that Victim-1 received from WILLIE DENNIS, the defendant, I have learned that DENNIS engaged in a pattern of harassment, intimidation, and threats directed at Victim-1.

14.   Based on my review of communications sent by WILLIE DENNIS, the defendant, to Victim-1 and other attorneys at the Law Firm, I believe that DENNIS's messages are intended to intimidate and stoke fear in the recipients, including Victim-1. For example, in some messages, DENNIS refers to recent mass shootings and other violence reported in the news; in others, DENNIS quotes violent scripture passages and references God. For example:

a.   On or about July 14, 2019, DENNIS, using one of his Gmail accounts ("Email Account-1"), sent the following biblical passage to Victim-1 and another Law Firm employee: "The Lord preserves all that love Him, but the wicked He will destroy," to which DENNIS then stated "Amen."

b.   On or about August 4, 2019, DENNIS, using one of his Gmail accounts ("Email Account-2"), sent Victim-1 and another Law Firm employee an email about a "mass shooting in downtown Dayton" that left 9 dead and 16 injured, and stated: "[h]eading to service now and will pray on this as well as our issues." On or about August 7, 2019, DENNIS, from a different Gmail account ("Email Account-3"), sent Victim-1 and two other Law Firm employees a copy of the front page of a newspaper picturing the "Dayton terrorist."

c.   On or about August 8, 2019, DENNIS, using Email Account-2, sent Victim-1 and another Law Firm employee a link to an article about a mass stabbing in California in which 4 people were killed and 2 were injured. In the email, DENNIS included the following quote from the article, specifically emphasizing that the suspect's motive was "anger and hate" by underlining those two words in the email: "The suspect's motive appears to be robbery, <u>anger and hate</u>."

6

     d.   On or about August 10, 2019, DENNIS, using Email Account-2, sent a message to Victim-1 and another Law Firm employee in which DENNIS quoted another biblical passage: "evildoers . . . shall soon be cut down like green herb." That email also contained a link to an article about Jeffrey Epstein's suicide.

     e.   On or about August 31, 2019, DENNIS, using Email Account-2, sent Victim-1 and another Law Firm employee a link to an article about a mass shooting in Texas, in which 5 people were killed, and 21 injured.

     15.   Based on my review of communications received by Victim-1, I have learned that WILLIE DENNIS, the defendant, has also threatened Victim-1 and Victim-1's family. For example, DENNIS sent the following messages to Victim-1:

     a.   In or about May 2020, DENNIS, using a phone number subscribed to in his name ("Phone Number-1"), sent back-to-back text messages to Victim-1 and two other members of the Law Firm, accusing Victim-1, among other things, of being a racist. For example:

I am sure ████ was a dirty prosecutor ...just have to find the case and put your punk ass in jail

4 officers commit murder but in ████ racist mind, the three that were watching were innocent

Right racist ?

7

\*\*\*

you cunt you start things like this and then blame others

Any dirty move to win  right ?

and fix your damn bio punk

What is God's racial profile ?

b.    Between on or about August 25, 2020, and on or about August 26, 2020, DENNIS sent several members of the Law Firm, including Victim-1, approximately 71 back-to-back text messages, using Phone Number-1.

c.    Between on or about August 27, 2020, and on or about August 28, 2020, DENNIS sent several members of the Law Firm, including Victim-1, approximately 50 back-to-back text messages, using Phone Number-1.

d.    Between on or about August 29, 2020, and on or about August 30, 2020, DENNIS sent several members of the Law Firm, including Victim-1, approximately 110 back-to-back text messages, using Phone Number-1.

e.    On or about September 6, 2020, DENNIS, using Phone Number-1, sent approximately 19 back-to-back text messages to several members of the Law Firm, including Victim-1.  In one text message in the chain, DENNIS, referring to a complaint that the Law Firm allegedly made to the New York City Police Department (the "NYPD") about DENNIS's conduct, states:

8

> "1 That by going to my wife with information
> about me which you will not share and
>
> 2 sending police [] to my family home . . .
>
> U introduced children and family into this mix."

  f. On or about September 8, 2020, DENNIS, using
Phone Number-1, sent back-to-back text messages to Victim-1 and
another member of the Law Firm.  The text messages were
increasingly belligerent and threatening.  In one text message
in the chain, DENNIS states, "I am a witness to you killing
God's children.  Do u expect me to do nothing ?"  In the same
chain, DENNIS states:

> "Killing children
>
> Who is insane?
>
> Who is offensive in the eyes of the Lord!
>
> and all u say in unison
>
> 'Willie Dennis'"

  g. On or about October 7, 2020, Victim-1
received approximately 98 text messages from DENNIS, using Phone
Number-1.

  h. Between or about October 8, 2020, and on or
about October 9, 2020, Victim-1 received approximately 52 text
messages from DENNIS, including messages that threatened Victim-
1's family.  One such message stated, in part, "Look forward to
many evening chatting[. . . .]  Anything I do will never repay
you for all what you have done to me and my family . . . but I
am going to try.  I am going to research your family as you did
mine."  In another message, DENNIS asked how things were going
at Victim-1's children's school, and then stated: "Still less
than putting your sons' lives in jeopardy ...right."  That
message was followed by an image of a black male, with the
heading "Why am I dead?"  In two other messages, DENNIS called
Victim-1 a "[b]igot."  In yet another message, DENNIS stated:
"u r a bad person that deserves to be severely punished
(figuratively we both know what a liar u r)."  DENNIS sent these
messages using Phone Number-1.

9

16.   Based on my review of communications received by Victim-1 and my conversations with Victim-1, I know that the messages discussed above are just a small sample of the threatening communications that WILLIE DENNIS, the defendant, has sent Victim-1.

17.   Based on my conversations with Victim-1, I have learned that Victim-1 and Victim-1's spouse and children have experienced, and are continuing to experience, great distress as a result of the unrelenting barrage of messages that WILLIE DENNIS, the defendant, has sent to Victim-1.

**<u>Victim-2</u>**

18.   Based on my conversations with another senior member of the Law Firm ("Victim-2"), who is Black, I have learned, among other things, that in or about 2019, WILLIE DENNIS, the defendant, using Phone Number-1, sent Victim-2 harassing text messages, causing Victim-2 to "block" communications from DENNIS's phone.

19.   Based on my conversations with Victim-2, I have learned about specific instances of harassing conduct by WILLIE DENNIS, the defendant, against Victim-2, including as follows:

a.   In or about June 2019, after DENNIS had been terminated from the Law Firm, Victim-2 traveled to a professional conference outside of New York.  Victim-2 saw DENNIS at the conference.  While Victim-2 was speaking to other conference attendees at a networking reception, DENNIS approached Victim-2 and spoke to Victim-2 in a loud and angry manner.  DENNIS insisted on talking about the Law Firm.  Victim-2 told DENNIS that Victim-2 did not wish to discuss the firm, and turned away from DENNIS.  That night, DENNIS, using Phone Number-1, sent Victim-2 a barrage of text messages.  In those messages, DENNIS, among other things, accused the Law Firm, in sum and substance, of taking money from DENNIS and his children. At a breakfast the next morning, DENNIS found Victim-2 and began complaining very loudly about the Law Firm and its alleged disinterest in diversity.  Victim-2 left the room.  DENNIS followed Victim-2 and took photos of Victim-2.  Finally, because DENNIS would not stop following Victim-2, Victim-2 had to leave the conference.

10

20.  Based on my conversations with Victim-2, I have learned, among other things, that Victim-2 stopped going to conferences and other industry meetings because Victim-2 feared that WILLIE DENNIS, the defendant, would be present.

### Victim-3

21.  Based on my conversations with another senior member of the Law Firm ("Victim-3"), I have learned, among other things, that:

a.   Victim-3 has known WILLIE DENNIS, the defendant, for many years.

b.   Victim-3 and DENNIS used to socialize together and spend time with each other's families.  DENNIS has been to events at Victim-3's home and knows Victim-3's children.

22.  Based on my conversations with Victim-3 and my review of documents collected from Victims and other members of the Law Firm, I have learned, among other things, that since in or about early 2020 through the present, WILLIE DENNIS, the defendant, using Phone Number-1, has sent Victim-3 at least hundreds of text messages containing harassing and intimidating statements, including threats directed at Victim-3 and Victim-3's family.  For example:

a.   On or about September 1, 2020, DENNIS, using Phone Number-1, sent back-to-back text messages to Victim-3 and three other recipients, including text messages in which DENNIS threatened to "kill" Victim-3 and Victim-3's "kids":

kill u and or your kids

b.   Among the texts that DENNIS sent Victim-3 on or about September 1, 2020, was a text that stated: "you r willing to assist in breaking 'one' of God's Ten Commandments[:] 'Thou shall not kill.'"

### Victim-4

23.  Based on my conversations with partners at the Law Firm and others and my review of messages received by the Victims, I have learned that WILLIE DENNIS, the defendant, has also cyberstalked another partner at the Law Firm ("Victim-4"), who is Black.

11

24.    Based on my review of messages Victim-4 received
from WILLIE DENNIS, the defendant, I have learned, among other
things, that since at least in or about March 2019, DENNIS has
sent a barrage of back-to-back text messages to Victim-4,
including, for example, the following text messages:

        a.    On or about September 2, 2019, DENNIS, using
Phone Number-1, sent back-to-back text messages to Victim-4,
including the following message:

                "Finally i urged you not to share my texts with
                them [i.e., other members of the Law Firm]… but
                you did.

                In the Firms criminal complaint against me some
                of the texts you passed along are included.

                Also our accidental meeting in the restaurant is
                noted as a 'threatening encounter.'"

        25.    Based on my review of threatening communications
Victim-4 received from WILLIE DENNIS, the defendant, I have also
learned that DENNIS attacked Victim-4 for allegedly "hav[ing]
undercover Chicago police officers . . . attend" a Corporate
Counsel Women of Color conference.  For example, in or about
2019, using Phone Number-1, DENNIS sent Victim-4 the following
text messages, among many others:

        a.    "[A] major supporter of [the conference] of
course is aware of the gunmen you and the other partners sent to
the 'women's conference' . . . i would be prepared if it should
ever arise to explain why you[] thought it was necessary or how
you tried to prevent it.  Anything less will raise eyebrows."

        b.    "More thoughts . . . and I am protecting
your reputation so i hope you do not give them anything else[.]
Do you think they could send armed men into a diverse women's
conference with out good reason and get away with it[.]  As i
told [other members of the Law Firm] at the time if i had sent
armed undercover investigators in to a conference where . . .
there [were] women and children[,] they would have[,] and
rightly so, put me in lockdown …forever[.]  I am looking for
equality and intend to do the same to them."

12

c.    "If someone had been injured at the
Conference by the Chicago police officers in the room, what
would you have stated in the police report as to the reason for
the officers being there ? . . . Were you[r] actions
'reasonable' biscuit head or purely self interested ?"

d.    "Your failure to adequately protect other
women of color is reprehensible[.] . . . .    Your 'intentional'
actions which endangered women of color at the . . . conference
( engaging Chicago police officers to walk undisclosed among the
women attendees) are reprehensible."

26.    Based on my review of text messages WILLIE
DENNIS, the defendant, sent to Victim-4, I have also learned
that DENNIS falsely accused Victim-4 of having an extramarital
affair with another member of the Law Firm and sent Victim-4
other inappropriate text messages with false claims about
Victim-4's dating and sex life.    For example, using Phone
Number-1, DENNIS sent the following messages to Victim-4:





***



***

13

i know u like married men ..but in the office ?

Is your " Tinder " account still active ?

How man " hook ups " did you get on Tinder ?

Does ███ know about your Tinder account ?

\* \* \*

Does your mother know about your relationship with ███ ?

\* \* \*

And no Tinder booty calls for you this  week

u are on ....lockdown 😂

u know me now clown 

How many dudes did you find on Tinder ?

\* \* \*

14

> What was the quality of the d...

> i always knew this was more your type of conversation

> Always the quiet ones 😂

27.    In falsely accusing Victim-4 of having an extramarital affair, WILLIE DENNIS, the defendant, using Phone Number-1, warned Victim-4 not to lie about it:  "don't perjure yourself because I will push for prison time for you."

28.    Based on my review of messages received by Victim-4, I have learned that there are many other text messages that WILLIE DENNIS, the defendant, sent to Victim-4 as part of DENNIS's campaign of harassment and cyberstalking.  Here are just a few more examples:

        a.    "Let's fill up your 'evil' files[.]  Did not fool me.  Was hoping you would change but …gutter to the end"— "[s]o let's send you back there."

        b.    "U wished the police [] had killed me[.]  No need to answer[.]  God just read your mind.  I have to go talk to a few other 'unholies' but will come back to you later."

        c.    "In fact until now and only since God has commanded me to act against your falsehoods."

        d.    "U know u deserve whatever comes your way during this 'biblical moment.'"

        e.    "God has now commanded me to call out you[r] actions which are so offensive in his eyes."

        f.    "You need to practice outside of New York. Because if you stay in New York i am going to follow u till u answer my questions cotton head."

        g.    "They like to make examples. I am going to make one of u u u u."

15

       h.   "U really need to leave the New York office soon ..like in a week or so you will become part of the public conversation."

       i.   "You are going to be a 'biblical symbol' during this time of injustice and hatred of what happens when you are offensive in the eyes of the Lord."

      29.  Based on my review of documents collected from Victim-4, I have learned that, on or about October 5, 2020, Victim-4 received more than approximately 68 text messages from WILLIE DENNIS, the defendant, who sent those messages using Email Account-3.

      30.  Based on my review of documents collected from Victim-4, I have learned that, on or about October 6, 2020, Victim-4 received approximately 46 text messages from WILLIE DENNIS, the defendant, who sent those messages using Email Account-3.

      31.  Based on my review of documents collected from Victim-4, I have learned that between approximately 1:00 a.m. on or about October 8, 2020, and 6:00 a.m. on or about October 9, 2020, WILLIE DENNIS, the defendant, using Email Account-3, sent Victim-4 approximately 98 text messages, including as follows:

16

If you escape jail
for all  this stuff i will be
surprised because i am going
to do my darndest

Somebody has to  get stuck
and you have the statements in
the public records and the
public statements so

...looks like you...

Think you can avoid

1 Perjuy criminal
court
2 Defamation /slander /civil
court
more to follow

Can you win them
all ..one loss and ....

17



18



32.   On or about October 10, 2020, Victim-4 received approximately 29 text messages from WILLIE DENNIS, the defendant, who sent those text messages using Email Account-3.

33.   Based on my conversations with senior members of the Law Firm and others, I have learned that Victim-4 has had to leave New York and relocate to another state as a result of WILLIE DENNIS's, the defendant's, conduct.

19

**DENNIS Controlled Phone Number-1 And The Email Accounts**

34.   Phone Number-1:  As set forth above, *see* ¶¶ 15, 18, 19, 22, and 24-27, WILLIE DENNIS, the defendant, used Phone Number-1 to send harassing and threatening communications to Victim-1 and Victim-4, among others.  Based on records obtained from AT&T pursuant to a subpoena, I have learned that the subscriber of Phone Number-1 is "Willie Dennis" and has the same date of birth and Social Security number as DENNIS.  In addition, based on my conversations with members of the Law Firm, I have learned that Phone Number-1 is the cellphone number that the Law Firm had on file for DENNIS and that the Victims and other members of the Law Firm had in their phones for DENNIS.

35.   Email Account-1:  As set forth above, *see* ¶ 14(a), WILLIE DENNIS, the defendant, used Email Account-1 to send harassing and threatening communications to Victim-1. Based on records obtained from Google pursuant to a subpoena, I have learned that the subscriber of Email Account-1 is "Willie Dennis."  Moreover, the recovery email for Email Account-1 is Email Account-3, another one of DENNIS's accounts, and the phone number listed for Email Account-1 is Phone Number-1.

36.   Email Account-2:  As set forth above, *see* ¶¶ 14(b)-(e), WILLIE DENNIS, the defendant, used Email Account-2 to send harassing and threatening communications to Victim-1. Based on records obtained from Google pursuant to a subpoena, I have learned that the subscriber of Email Account-2 is "Willie Dennis."  Moreover, the phone number listed for the account is Phone Number-1.

37.   Email Account-3:  As set forth above, *see* ¶¶ 14(b) and 29-31, WILLIE DENNIS, the defendant, used Email Account-3 to send harassing and threatening communications to Victim-1 and Victim-4.  Based on records obtained from Google pursuant to a subpoena, I have learned that the subscriber of Email Account-3 is "Willie Dennis."  Moreover, the phone number listed for the account is Phone Number-1.

20

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of WILLIE DENNIS, the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

*s/Elisabeth Wheeler*
Special Agent Elisabeth Wheeler
Federal Bureau of Investigation


Sworn to me through the transmission of this Affidavit by reliable electronic means, pursuant to Federal Rules of Criminal Procedure 41(d)(3) and 4.1 this,

28th day of October, 2020

_____
THE HONORABLE ONA T. WANG
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

Mod AO 442 (09/13) Arrest Warrant    AUSA Name & Telno:  Sarah L. Kushner; Tel: 212-637-2676

# UNITED STATES DISTRICT COURT

for the

## Southern District of New York

| | | |
|---|---|---|
| United States of America | ) | **20 MAG 11665** |
| v. | ) | Case No. |
| WILLIE DENNIS | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## ARREST WARRANT

To:    Any authorized law enforcement officer

    **YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*    WILLIE DENNIS                                                                          ,

who is accused of an offense or violation based on the following document filed with the court:

❏ Indictment    ❏ Superseding Indictment    ❏ Information    ❏ Superseding Information    ☑ Complaint

❏ Probation Violation Petition    ❏ Supervised Release Violation Petition    ❏ Violation Notice    ❏ Order of the Court

This offense is briefly described as follows:

    Violations of 18 U.S.C. §§ 2261A and 2

Date:     10/28/2020

                                                                _____
                                                                *Issuing officer's signature*

City and state:    New York, New York                    Hon. Ona T. Wang, U.S. Magistrate Judge, SDNY
                                                                *Printed name and title*

| **Return** |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ |
| at *(city and state)* _____ . |
| |
| Date: _____                    _____ |
|                                                            *Arresting officer's signature* |
| |
|                                                            _____ |
|                                                            *Printed name and title* |

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X
                             :

UNITED STATES OF AMERICA       :       **SEALED INDICTMENT**
                             :

    - v. -                 :       20 Cr.

                             :

WILLIE DENNIS,               :

                           :

               Defendant.   :

                           :

- - - - - - - - - - - - - - - - - -X

## COUNT ONE
### (Cyberstalking)

The Grand Jury charges:

1.    Since at least in or about 2018, up to and including the present, in the Southern District of New York and elsewhere, WILLIE DENNIS, the defendant, with the intent to injure, harass, and intimidate another person, used the mail, interactive computer services and electronic communication services and electronic systems of interstate commerce, and other facilities of interstate and foreign commerce, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to a person, to wit, DENNIS has engaged in a campaign of harassment, intimidation, and threats against an individual ("Victim-1") who works in New York, New York, including by sending harassing, threatening, and intimidating emails and text messages to

Victim-1.

(Title 18, United States Code, Sections 2261A(2)(B) and 2.)

## COUNT TWO
### (Cyberstalking)

The Grand Jury further charges:

2.    In or about 2019, in the Southern District of New York and elsewhere, WILLIE DENNIS, the defendant, with the intent to injure, harass, and intimidate another person, used the mail, interactive computer services and electronic communication services and electronic systems of interstate commerce, and other facilities of interstate and foreign commerce, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to a person, to wit, DENNIS has engaged in a campaign of harassment, intimidation, and threats against an individual ("Victim-2") who works in New York, New York, including by sending harassing, threatening, and intimidating text messages to Victim-2.

(Title 18, United States Code, Sections 2261A(2)(B) and 2.)

## COUNT THREE
### (Cyberstalking)

The Grand Jury further charges:

3.    From at least in or about 2018, up to and including at least in or about October 2020, in the Southern District of New York and elsewhere, WILLIE DENNIS, the defendant, with the

2

intent to injure, harass, and intimidate another person, used the mail, interactive computer services and electronic communication services and electronic systems of interstate commerce, and other facilities of interstate and foreign commerce, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to a person, to wit, DENNIS has engaged in a campaign of harassment, intimidation, and threats directed at an individual ("Victim-3") who works in New York, New York, including by sending harassing, threatening, and intimidating text messages to Victim-3.

(Title 18, United States Code, Sections 2261A(2)(B) and 2.)

### COUNT FOUR
**(Cyberstalking)**

The Grand Jury further charges:

4.    From at least in or about 2019, up to and including the present, in the Southern District of New York and elsewhere, WILLIE DENNIS, the defendant, with the intent to injure, harass, and intimidate another person, used the mail, interactive computer services and electronic communication services and electronic systems of interstate commerce, and other facilities of interstate and foreign commerce, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to a person, to wit, DENNIS has engaged in a campaign of harassment,

intimidation, and threats directed at an individual ("Victim-4")
who works in New York, New York, including by sending harassing,
threatening, and intimidating emails and text messages to
Victim-4.

    (Title 18, United States Code, Sections 2261A(2)(B) and 2.)




_____
FOREPERSON

_____
AUDREY STRAUSS
Acting United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

v.

### WILLIE DENNIS,

Defendant.

### SEALED INDICTMENT

20 Cr.

(18 U.S.C. §§ 2261A(2)(B) and 2.)

AUDREY STRAUSS
Acting United States Attorney

Foreperson

AO 93  (SDNY Rev. 01/17) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br><br>See Attachment A | )<br>)<br>)<br>)<br>)<br>) |

Case No.   21 MAG 12029

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Southern_____ District of _____New York_____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See Attachment A

The search and seizure are related to violation(s) of *(insert statutory citations)*:

Title 18, United States Code, Sections 2261A and 2.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before         December 29, 2021
*(not to exceed 14 days)*
❑ in the daytime  6:00 a.m. to 10 p.m.         ☑ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the Clerk of the Court.
✓ Upon its return, this warrant and inventory should be filed under seal by the Clerk of the Court.         GWG
*USMJ Initials*

☑ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☑ for   30   days *(not to exceed 30).*
❑ until, the facts justifying, the later specific date of _____.

Date and time issued:     12/16/21 at 10:18 AM         _Gabriel W. Gorenstein_
*Judge's signature*

City and state:     New York, NY         Hon. Gabriel W. Gorenstein, U.S. Magistrate Judge
*Printed name and title*

**Attachment A**

### I.  Device Subject to Search and Seizure

The device that is the subject of this search and seizure warrant (the "Subject Device") is described as follows:

a black Apple iPhone, with IMEI No. █████████████ and call number (██ ████████

### II.  Review of ESI on the Subject Device

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the ESI contained on the Subject Device for evidence, fruits, and instrumentalities of violations of Title 18, United States Code, Sections 2261A and 2 (cyberstalking) (the "Subject Offenses"), from the time period January 1, 2019, through the present, described as follows:

  a.  Evidence of WILLIE DENNIS's cyberstalking campaign, including text messages, phone calls, emails, and other communications he sent to cyberstalking victims, including current and former members of his former law firm, ████ ████ (the "Law Firm");

  b.  Evidence of DENNIS's intent, motives, and state of mind with respect to the Subject Offenses;

  c.  Evidence of direct threats made against the cyberstalking victims and their families;

  d.  Evidence of any efforts DENNIS may have made to physically stalk victims, their families, and other members of the Law Firm, including any photographs DENNIS may have taken of any such individuals and/or their whereabouts;

  e.  Evidence reflecting the timeline of DENNIS's cyberstalking campaign;

  f.  Geographic location of the Subject Device during the course of the cyberstalking campaign;

  g.  Additional information about DENNIS's cyberstalking victims, including contact information; and

  h.  Evidence of user attribution showing who used the Subject Device at the time the records and items described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.