# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------

In the Matter of a Warrant for All
Content and Other Information
Associated with the Email Accounts
████████gmail.com,
████████gmail.com,
████████████gmail.com, and
████████gmail.com,
Maintained at Premises Controlled by
Google LLC, USAO Reference No.
2020R01003

----------------------------------------------

# 21 MAG 744

**TO BE FILED UNDER SEAL**

**AGENT AFFIDAVIT**

### Agent Affidavit in Support of Application for a Search Warrant for Stored Electronic Communications

STATE OF NEW YORK     )
                      ) ss.
COUNTY OF NEW YORK  )

ELISABETH WHEELER, Special Agent with the Federal Bureau of Investigation ("FBI"), being duly sworn, deposes and states:

**I. Introduction**

**A. Affiant**

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") ("Investigating Agency"). As such, I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I have been a Special Agent at the FBI since 2012, and am currently assigned to the FBI's Violent Crimes Task Force. In that position, I have had significant training and experience investigating a wide range of crimes, including violence and threats of violence, such as threats made by telephone, online, and through other electronic means. I have received training and, through my investigations, have

2

developed experience in the execution of search warrants for, among other things, telephonic and electronic communications and data.

**B.  The Provider, the Subject Accounts, and the Subject Offense**

2.  I make this affidavit in support of an application for a search warrant pursuant to 18 U.S.C. § 2703 for all content and other information associated with the email accounts ███████gmail.com ("Email Account-1"), ████████gmail.com ("Email Account-2"), ███████████gmail.com ("Email Account-3"), and ███████████gmail.com ("Email Account-4") (collectively, the "Subject Accounts"), maintained and controlled by Google LLC (the "Provider"), headquartered at 1600 Amphitheater Parkway, Mountain View, California 94043.  The information to be searched is described in the following paragraphs and in Attachment A to the proposed warrant.

3.  As detailed below, there is probable cause to believe that the Subject Accounts contain evidence, fruits, and instrumentalities of violations of 18 U.S.C. §§ 2261A and 2 (cyberstalking) (the "Subject Offense").  This affidavit is based upon my personal knowledge, my review of documents and other evidence, and my conversations with other law enforcement officers, as well as my training and experience concerning the use of email in criminal activity.  Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts I have learned during my investigation.  Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

**C.  Services and Records of the Provider**

4.  I have learned the following about the Provider:

a.  The Provider offers email services to the public.  In particular, the Provider allows subscribers to maintain email accounts under the domain name gmail.com.  A subscriber using the

12.06.2018

Provider's services can access his or her email account from any computer connected to the Internet.

      b. The Provider maintains the following records and information with respect to every subscriber account:

      i. *Email contents.* In general, any email (which can include attachments such as documents, images, and videos) sent to or from a subscriber's account, or stored in draft form in the account, is maintained on the Provider's servers unless and until the subscriber deletes the email. If the subscriber does not delete the email, it can remain on the Provider's computers indefinitely. Even if the subscriber deletes the email, it may continue to be available on the Provider's servers for a certain period of time.

      ii. *Address book.* The Provider also allows subscribers to maintain the equivalent of an address book, comprising email addresses and other contact information of other email users.

      iii. *Subscriber and billing information.* The Provider collects and maintains (typically unverified) identifying information about each subscriber, including, for example, name, username, address, telephone number, and alternate email addresses. The Provider also maintains records concerning the date on which the account was created, the Internet protocol ("IP") address of the user at the time of account creation, the current status of the account (*e.g.*, active or closed), the length of service, and the types of services utilized by the subscriber. Additionally, for paying subscribers, the Provider maintains records of the subscriber's means and source of payment, including any credit card or bank account number.

      iv. *Transactional information.* The Provider also typically retains certain transactional information about the use of each account on its system. This information can include

4

records of login (*i.e.*, session) times and durations and the methods used to connect to the account (such as logging into the account through the Provider's website).

    v. *Customer correspondence.*  The Provider also typically maintains records of any customer service contacts with or about the subscriber, including any inquiries or complaints concerning the subscriber's account.

    vi. *Preserved and backup records.*  The Provider also maintains preserved copies of the foregoing categories of records with respect to an account, for at least 90 days, upon receiving a preservation request from the Government pursuant to 18 U.S.C. § 2703(f).  The Provider may also maintain backup copies of the foregoing categories of records pursuant to its own data retention policy.  On or about September 18, 2020, a preservation notice was served on the Provider in this case (Ref. No. 4028582).

### D.  Jurisdiction and Authority to Issue Warrant

  5. Pursuant to 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A), the Government may require a provider of an electronic communications service or a remote computing service, such as the Provider, to disclose all stored content and all non-content records or other information pertaining to a subscriber, by obtaining a warrant issued using the procedures described in the Federal Rules of Criminal Procedure.

  6. A search warrant under § 2703 may be issued by "any district court of the United States (including a magistrate judge of such a court)" that "has jurisdiction over the offense being investigated."  18 U.S.C. § 2711(3)(A)(i).

  7. When the Government obtains records under § 2703 pursuant to a search warrant, the Government is not required to notify the subscriber of the existence of the warrant. 18 U.S.C. § 2703(a), (b)(1)(A), (c)(2) & (3).  Additionally, the Government may obtain an order precluding the Provider from notifying the subscriber or any other person of the warrant, for such period as

12.06.2018

the Court deems appropriate, where there is reason to believe that such notification will seriously jeopardize an investigation.  18 U.S.C. § 2705(b).

## II. Probable Cause

### A. Probable Cause Regarding the Subject Offense

1.  On October 28, 2020, WILLIE DENNIS was charged by Complaint and a warrant was issued for his arrest.  The Complaint is incorporated by reference herein, and is attached hereto as Exhibit A.

2.  On November 19, 2020, a Grand Jury returned a four-count Indictment against WILLIE DENNIS, charging him with violations of 18 U.S.C. §§ 2261A and 2 (cyberstalking) (the "Subject Offense").  The Indictment is incorporated by reference herein, and is attached hereto as Exhibit B.

3.  DENNIS has not yet been arrested on the charges set forth in the Complaint and Indictment.  Based on my review of location information data obtained pursuant to two warrants for prospective and/or historical location and pen register information for DENNIS's cellphone, signed by United States Magistrate Judges Sarah L. Cave and Katharine H. Parker, respectively, I know that DENNIS—a U.S. citizen who lives in New York, New York—has been in the Dominican Republic ("DR") since in or about February 2020.  A request has been made to the DR to expel him and return him to the United States.

4.  As alleged in the Complaint, and based on my ongoing review of documents obtained from victims, I have learned that since in or about 2018, up to and including the present, DENNIS has been engaged in a long-term and pervasive cyberstalking campaign of harassment, intimidation, and threats directed at former colleagues at his former law firm (the "Law Firm").

5.  As alleged in the Complaint, and based on my ongoing review of documents collected from the Law Firm and from victims and other employees of the Law Firm, I have learned, among

6

12.06.2018

other things, that, as part of his cyberstalking, DENNIS has sent many of his threatening and harassing messages to victims using the Subject Accounts.  (*See, e.g.*, Compl. ¶¶ 14(a)-(e), 29-32.)

6.   Examples of such messages with respect to Email Accounts-1, -2, and -3 are discussed in paragraphs 14(a)-(e) and 29-32 of the Complaint.

7.   With respect to Email Account-4, here is just one example of threatening emails DENNIS has sent using that account:  On or about September 8, 2019, and September 9, 2019, DENNIS sent the following emails (among others) to members of the Law Firm using Email Account-4[1]:

---

[1] The email addresses and names of the recipients have been redacted from this email chain.

12.06.2018



| | |
|---|---|
| **From:** | Rule Of Law Ethics <████@gmail.com> |
| **Sent:** | Sunday, September 8, 2019 8:58 PM |
| **To:** | |
| **Cc:** | |
| **Subject:** | NYC Police Department /17th Precinct |

**External Sender:**

Over $$$ you continue to endanger my family with another
potential police ⚫□♀⚫□♀vist to my
family home

I hope all your families are feeling safe and sound tonight.

I know "David said this is the right thing to do "

Sent from my iPhone

On Sep 8, 2019, at 8:52 PM, Rule Of Law Ethics <████ wrote:

> You have "spat upon " me and my family.
>
>
>
> Willie E. Dennis
> Partner, ████
>
> Sent from my iPhone
>
> On Sep 8, 2019, at 8:41 PM, Rule Of Law Ethics <████ wrote:
>
>> And will not even give me the complaint so i can defend myself.
>>
>> A modern legal lynching
>>
>> Well done !
>>
>> Sent from my iPhone

8.   Based on my review of written communications that victims have received from
DENNIS, and my conversations with the victims and other members of the Law Firm, I have
learned, among other things, that as recently as December 2020, DENNIS, using the Subject
Accounts, has continued to cyberstalk his victims, including by sending them threatening, back-
to-back text messages.   I believe that DENNIS will continue to use the Subject Accounts in
connection with his cyberstalking campaign.

12.06.2018

## B.  Probable Cause Regarding the Subject Accounts

Email Account-1<br>(█████gmail.com)

8.  As alleged in paragraph 14(a) of the Complaint, DENNIS used Email Account-1 to send harassing and threatening communications to at least one of the victims identified in the Complaint.

9.  Based on my review of records obtained from Google pursuant to a subpoena, I have learned, among other things, the following:

   a.  The subscriber of Email Account-1 is "Willie Dennis."

   b.  The recovery email for Email Account-1 is Email Account-3, another one of DENNIS's accounts.

   c.  The phone number listed for Email Account-1 is DENNIS's phone number.

   d.  Email Account-1 was established on or around May 14, 2019, the day after DENNIS was fired from the Law Firm.

10. Based on my involvement in this investigation, including my conversations with victims and my review of DENNIS's threatening communications, I know that the Law Firm and its employees have been the focus of DENNIS's cyberstalking campaign.  Accordingly, based on the creation date of Email Account-1 and my review of messages victims received from that account, I believe that Email Account-1 was created for, and has been used in connection with, DENNIS's criminal conduct, which is ongoing.

Email Account-2<br>(█████gmail.com)

11. As alleged in paragraph 36 of the Complaint, DENNIS used Email Account-2 to send harassing and threatening communications to at least one victim identified in the Complaint.

12.06.2018

12.  Based on my review of records obtained from Google pursuant to a subpoena, I have learned, among other things, the following:

      a.  The subscriber of Email Account-2 is "Willie Dennis."

      b.  The phone number listed for the account is DENNIS's phone number.

      c.  Email Account-2 was created on or about July 18, 2015.

13. Based on my involvement in this investigation, including my conversations with victims and my review of DENNIS's threatening communications, I believe that since at least in or about 2019, Email Account-2 has been used in connection with DENNIS's criminal conduct, which is ongoing.  Based on the fact that DENNIS began working at the Law Firm in 2005, and has known the victims for many years, I believe that Email Account-2 will also contain documents and information created prior to 2019 that are relevant to the Subject Offense, including documents and information reflecting DENNIS's motives, intent, and state of mind in this case, as well as the nature of his relationship with the victims over the years.

Email Account-3
(████████gmail.com)

14. As alleged in paragraph 37 of the Complaint, DENNIS used Email Account-3 to send harassing and threatening communications to at least two of the victims identified in the Complaint.

15. Based on my review of records obtained from Google pursuant to a subpoena, I have learned, among other things, the following:

      a.  The subscriber of Email Account-3 is "Willie Dennis."

      b.  The phone number listed for the account is DENNIS's phone number.

      c.  Email Account-3 was created on or about April 16, 2019.

12.06.2018

16. Based on the creation date of Email Account-3 and my review of messages victims have received from that account, I believe that Email Account-3 was created for, and has been used in connection with, DENNIS's criminal conduct, which is ongoing.

Email Account-4

(█████████gmail.com)

17. As alleged above in Paragraph 7, DENNIS used Email Account-4 to send harassing and threatening communications to victims.

18. Based on my review of records obtain from Google pursuant to a subpoena, I have learned, among other things, the following:

    a.   The subscriber of Email Account-4 is "Rule of Law Ethics."

    b.   Email Account-4 was created on or about August 23, 2019.

    c.   The recovery email for Email Account-4 is another Gmail account subscribed to in the name of "Willie Dennis."

    d.   The phone number listed for Email Account-4 is DENNIS's phone number.

19. Based on the creation date of Email Account-4 and my review of messages victims have received from that account, I believe that Email Account-4 was created for, and has been used in connection with, DENNIS's criminal conduct, which is ongoing.

20. Based on the details above, I submit there is probable cause to believe that the Subject Accounts are instrumentalities, and contain evidence, of the Subject Offense.

**C. Evidence, Fruits, and Instrumentalities**

21. Based upon the foregoing, I respectfully submit there is probable cause to believe that information stored on the Provider's servers associated with the Subject Accounts will contain evidence, fruits, and instrumentalities of the Subject Offense, as more fully described in Section II of Attachment A to the proposed warrant.

12.06.2018

22. In particular, I believe the Subject Accounts are likely to contain the following information:

- Evidence of WILLIE DENNIS's cyberstalking campaign, including communications he sent to victims and to other members of his former law firm, ███ ███ (the "Law Firm");

- Evidence of DENNIS's intent, motives, and state of mind with respect to the Subject Offense;

- Evidence of DENNIS's relationship with the Law Firm and employees of the Law Firm over the years;

- Evidence of direct threats made against the victims and their families;

- Evidence of any efforts DENNIS may have made to physically stalk victims, their families, and other members of the Law Firm, including any photographs DENNIS may have taken of any such individuals and/or their whereabouts;

- Evidence of user identity with respect to the Subject Accounts;

- Evidence reflecting the timeline of DENNIS's cyberstalking campaign;

- Geographic location of user, computer, or device connected to the Subject Accounts;

- Additional information about DENNIS's cyberstalking victims, including contact information;

- Location of other evidence, including emails reflecting registration of other online accounts potentially used in connection with the Subject Offense or otherwise containing relevant evidence; and

- Passwords or other information needed to access user's computer or other online accounts.

12.06.2018

## III. Review of the Information Obtained Pursuant to the Warrant

23. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for service of a search warrant issued under § 2703, or for the collection or production of responsive records. Accordingly, the warrant requested herein will be transmitted to the Provider, which shall be directed to produce a digital copy of any responsive records to law enforcement personnel within 30 days from the date of service. Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) will retain the records and review them for evidence, fruits, and instrumentalities of the Subject Offense as specified in Section III of Attachment A to the proposed warrant.

24. In conducting this review, law enforcement personnel may use various methods to locate evidence, fruits, and instrumentalities of the Subject Offense, including but not limited to undertaking a cursory inspection of all emails within the Subject Accounts. This method is analogous to cursorily inspecting all the files in a file cabinet in an office to determine which paper evidence is subject to seizure. Although law enforcement personnel may use other methods as well, particularly including keyword searches, I know that keyword searches and similar methods are typically inadequate to detect all information subject to seizure. As an initial matter, keyword searches work only for text data, yet many types of files commonly associated with emails, including attachments such as scanned documents, pictures, and videos, do not store data as searchable text. Moreover, even as to text data, keyword searches cannot be relied upon to capture all relevant communications in an account, as it is impossible to know in advance all of the unique words or phrases that investigative subjects will use in their communications, and consequently

12.06.2018

there are often many communications in an account that are relevant to an investigation but that do not contain any keywords that an agent is likely to search for.

**IV. Request for Non-Disclosure and Sealing Order**

25. The existence and scope of this ongoing criminal investigation is not publicly known. As a result, premature public disclosure of this affidavit or the requested warrant could alert potential criminal targets that they are under investigation, causing them to destroy evidence, flee from prosecution, or otherwise seriously jeopardize the investigation. As set forth above in Paragraph 4 and in the Complaint, WILLIE DENNIS, the defendant in this case, is known to have engaged in an unrelenting cyberstalking campaign. As part of that campaign, DENNIS has threatened and sought to intimidate victims and their families. Alerting DENNIS to the existence and scope of this investigation may lead him to endanger the life or physical safety of others. *See* 18 U.S.C. § 2705(b)(1), (4). Moreover, as set forth above in Paragraph 3, DENNIS is currently located abroad, in the Dominican Republic. There is reason to believe that he has bank accounts and other significant ties to that country. Accordingly, alerting him to the existence and scope of this investigation may cause him to stay abroad and to otherwise take steps to evade prosecution. *See* 18 U.S.C. § 2705(b)(2), (5); *see also* 18 U.S.C. § 2705(b)(2), (5). Finally, as set forth above in Paragraphs 5-7, DENNIS is known to use computers and electronic communications in furtherance of his criminal activity and thus could easily delete, encrypt, or otherwise conceal such digital evidence from law enforcement were he to learn of the Government's investigation. *See* 18 U.S.C. § 2705(b)(3).

26. Accordingly, there is reason to believe that, were the Provider to notify the subscriber or others of the existence of the warrant, the investigation would be seriously jeopardized. Pursuant to 18 U.S.C. § 2705(b), I therefore respectfully request that the Court direct the Provider

12.06.2018

not to notify any person of the existence of the warrant for a period of one year from issuance, subject to extension upon application to the Court, if necessary.

27. For similar reasons, I respectfully request that this affidavit and all papers submitted herewith be maintained under seal until the Court orders otherwise, except that the Government be permitted without further order of this Court to provide copies of the warrant and affidavit as need be to personnel assisting it in the investigation and prosecution of this matter, and to disclose those materials as necessary to comply with discovery and disclosure obligations in any prosecutions related to this matter.

**V.Conclusion**

28. Based on the foregoing, I respectfully request that the Court issue the warrant sought herein pursuant to the applicable provisions of the Stored Communications Act, 18 U.S.C. § 2703(b)(1)(A) (for contents) and § 2703(c)(1)(A) (for records and other information), and the relevant provisions of Federal Rule of Criminal Procedure 41.

/s/ Elisabeth Wheeler, by SDA with permission
Elisabeth Wheeler
Special Agent
Federal Bureau of Investigation

Sworn to me through the transmission of this
Affidavit by reliable electronic means, pursuant
to Federal Rules of Criminal Procedure 41(d)
(3) and 4.1 this 20th day of January, 2021

HONORABLE STEWART D. AARON United
States Magistrate Judge
Southern District of New York

15

12.06.2018

# EXHIBIT A

Approved: _____
          SARAH L. KUSHNER
          Assistant United States Attorney

Before:   THE HONORABLE ONA T. WANG
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - - X
                                    :
                                    :     **20 MAG 11665**
                                    :
                                    :     SEALED COMPLAINT
UNITED STATES OF AMERICA            :
                                    :     Violations of
        - v. -                      :     18 U.S.C. §§ 2261A
                                    :     and 2
                                    :
WILLIE DENNIS,                      :
                                    :     COUNTY OF OFFENSE:
              Defendant.            :     NEW YORK
                                    :
- - - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

        ELISABETH WHEELER, being duly sworn, deposes and says
that she is a Special Agent with the Federal Bureau of
Investigation ("FBI"), and charges as follows:

                          **COUNT ONE**
                        (Cyberstalking)

        1.    Since at least in or about 2018, up to and including
the present, in the Southern District of New York and elsewhere,
WILLIE DENNIS, the defendant, with the intent to injure, harass,
and intimidate another person, used the mail, interactive
computer services and electronic communication services and
electronic systems of interstate commerce, and other facilities
of interstate and foreign commerce, including electronic mail,
phone calls, text messages, and faxes, to engage in a course of
conduct that caused, attempted to cause, and would be reasonably
expected to cause substantial emotional distress to a person, to
wit, DENNIS has engaged in a campaign of harassment,
intimidation, and threats against an individual ("Victim-1") who
works in New York, New York, including by sending harassing,
threatening, and intimidating emails and text messages to
Victim-1.

        (Title 18, United States Code, Sections 2261A(2)(B) and 2.)

2

## COUNT TWO
(Cyberstalking)

2.    In or about 2019, in the Southern District of New
York and elsewhere, WILLIE DENNIS, the defendant, with the
intent to injure, harass, and intimidate another person, used
the mail, interactive computer services and electronic
communication services and electronic systems of interstate
commerce, and other facilities of interstate and foreign
commerce, including electronic mail, phone calls, text messages,
and faxes, to engage in a course of conduct that caused,
attempted to cause, and would be reasonably expected to cause
substantial emotional distress to a person, to wit, DENNIS has
engaged in a campaign of harassment, intimidation, and threats
against an individual ("Victim-2") who works in New York, New
York, including by sending harassing, threatening, and
intimidating text messages to Victim-2.

(Title 18, United States Code, Sections 2261A(2)(B) and 2.)

## COUNT THREE
(Cyberstalking)

3.    From at least in or about 2018, up to and
including at least in or about October 2020, in the Southern
District of New York and elsewhere, WILLIE DENNIS, the
defendant, with the intent to injure, harass, and intimidate
another person, used the mail, interactive computer services and
electronic communication services and electronic systems of
interstate commerce, and other facilities of interstate and
foreign commerce, including electronic mail, phone calls, text
messages, and faxes, to engage in a course of conduct that
caused, attempted to cause, and would be reasonably expected to
cause substantial emotional distress to a person, to wit, DENNIS
has engaged in a campaign of harassment, intimidation, and
threats directed at an individual ("Victim-3") who works in New
York, New York, including by sending harassing, threatening, and
intimidating text messages to Victim-3.

(Title 18, United States Code, Sections 2261A(2)(B) and 2.)

## COUNT FOUR
(Cyberstalking)

4.    From at least in or about 2019, up to and
including the present, in the Southern District of New York and
elsewhere, WILLIE DENNIS, the defendant, with the intent to

3

injure, harass, and intimidate another person, used the mail,
interactive computer services and electronic communication
services and electronic systems of interstate commerce, and
other facilities of interstate and foreign commerce, including
electronic mail, phone calls, text messages, and faxes, to
engage in a course of conduct that caused, attempted to cause,
and would be reasonably expected to cause substantial emotional
distress to a person, to wit, DENNIS has engaged in a campaign
of harassment, intimidation, and threats directed at an
individual ("Victim-4") who works in New York, New York,
including by sending harassing, threatening, and intimidating
emails and text messages to Victim-4.

    (Title 18, United States Code, Sections 2261A(2)(B) and 2.)

    The bases for my knowledge and for the foregoing charges
are, in part, as follows:

                          **Overview**

    5.    As set forth in greater detail below, WILLIE
DENNIS, the defendant, has engaged in a long-term and pervasive
campaign of harassment, intimidation, and threats directed at
former colleagues (the "Victims") at his former law firm (the
"Law Firm").  Specifically, since in or about 2018, and up to
and including the present, DENNIS has sent more than one
thousand emails, text messages, and fax communications to the
Victims.[1]  DENNIS has sent threatening messages to the Victims at
all hours of the day and night, often in rapid succession; the
Victims did not respond to such messages or otherwise engage
with DENNIS in response to his threatening communications.
Through his unrelenting communications, as well as phone calls
and voicemails to Victims, DENNIS has threatened and sought to
intimidate and stoke fear in the Victims and their families.

    6.    In these communications, WILLIE DENNIS, the
defendant, has made false accusations against the Victims and
the Law Firm, portrayed the Law Firm and its senior members as
having discriminated against him based on his race, and
complained about his termination from the Law Firm.  DENNIS has
also threatened physical harm to certain Victims and threatened
to visit Victims and their families at their homes.  On or about
October 9, 2020, for example, DENNIS called a senior member of
the Law Firm and stated, in substance and in part:  "someone is

---

[1] For example, between on or about May 13, 2019, and on or about September 20,
2019, WILLIE DENNIS, the defendant, sent at least hundreds of written
communications to Victims.  Between on or about September 4, 2019, and on or
about September 20, 2019, alone, DENNIS sent at least approximately 200
hundred written communications to Victims and other members of the Law Firm.

4

going to get physically hurt and it is not someone who deserves
to be hurt."

       7.    The unrelenting harassment campaign and
cyberstalking by WILLIE DENNIS, the defendant, against the
Victims has caused or would be reasonably expected to cause the
Victims substantial emotional distress and fear for their
physical safety.  At least one Victim has been forced to leave
New York and relocate to another state as a result of DENNIS's
ongoing threats and efforts to harass and intimidate his former
colleagues.  Another Victim has had to change the location of
his/her parking garage and upgrade his/her home security system.

## The Defendant

       8.    Based on my conversations with senior members of
the Law Firm, I have learned, among other things, that for
fourteen years, WILLIE DENNIS, the defendant, was an attorney at
the Law Firm, based in New York City.  DENNIS joined the Law
Firm in or about 2005, and became an equity partner.  DENNIS
worked at the Law Firm's New York office, located in the
Southern District of New York, until he was terminated on or
about May 13, 2019.  DENNIS was terminated from the Law Firm for
erratic and threatening behavior, as well as his years-long poor
performance as a partner.

       9.    Based on my conversations with senior members of
the Law Firm and my review of travel records obtained from law
enforcement databases, I have learned, among other things, that
WILLIE DENNIS, the defendant, resides in New York, New York,
although he has been in the Dominican Republic since at least in
or about February 2020.

       10.    Based on my conversations with senior members of
the Law Firm, I know that WILLIE DENNIS, the defendant, is
Black, as are certain of his Victims.

## The Victims

       11.    Based on my conversations with senior members of
the Law Firm and Victims, I have learned, among other things,
that the Victims are prominent attorneys at the Law Firm and/or
members of the Law Firm's management committee.  The Victims
knew WILLIE DENNIS, the defendant, in a professional capacity.
Certain Victims worked closely with DENNIS on matters at the Law
Firm.

5

12.    Based on my conversations with senior members of the Law Firm and Victims, I have learned that the Victims work in the Law Firm's New York office.

## **Victim-1**

13.    Based on my interview with a senior member of the Law Firm ("Victim-1"), and my review of electronic communications, including emails and text messages that Victim-1 received from WILLIE DENNIS, the defendant, I have learned that DENNIS engaged in a pattern of harassment, intimidation, and threats directed at Victim-1.

14.    Based on my review of communications sent by WILLIE DENNIS, the defendant, to Victim-1 and other attorneys at the Law Firm, I believe that DENNIS's messages are intended to intimidate and stoke fear in the recipients, including Victim-1. For example, in some messages, DENNIS refers to recent mass shootings and other violence reported in the news; in others, DENNIS quotes violent scripture passages and references God. For example:

a.    On or about July 14, 2019, DENNIS, using one of his Gmail accounts ("Email Account-1"), sent the following biblical passage to Victim-1 and another Law Firm employee: "The Lord preserves all that love Him, but the wicked He will destroy," to which DENNIS then stated "Amen."

b.    On or about August 4, 2019, DENNIS, using one of his Gmail accounts ("Email Account-2"), sent Victim-1 and another Law Firm employee an email about a "mass shooting in downtown Dayton" that left 9 dead and 16 injured, and stated: "[h]eading to service now and will pray on this as well as our issues." On or about August 7, 2019, DENNIS, from a different Gmail account ("Email Account-3"), sent Victim-1 and two other Law Firm employees a copy of the front page of a newspaper picturing the "Dayton terrorist."

c.    On or about August 8, 2019, DENNIS, using Email Account-2, sent Victim-1 and another Law Firm employee a link to an article about a mass stabbing in California in which 4 people were killed and 2 were injured. In the email, DENNIS included the following quote from the article, specifically emphasizing that the suspect's motive was "anger and hate" by underlining those two words in the email: "The suspect's motive appears to be robbery, anger and hate."

6

      d.    On or about August 10, 2019, DENNIS, using Email Account-2, sent a message to Victim-1 and another Law Firm employee in which DENNIS quoted another biblical passage: "evildoers . . . shall soon be cut down like green herb."  That email also contained a link to an article about Jeffrey Epstein's suicide.

      e.    On or about August 31, 2019, DENNIS, using Email Account-2, sent Victim-1 and another Law Firm employee a link to an article about a mass shooting in Texas, in which 5 people were killed, and 21 injured.

      15.    Based on my review of communications received by Victim-1, I have learned that WILLIE DENNIS, the defendant, has also threatened Victim-1 and Victim-1's family.  For example, DENNIS sent the following messages to Victim-1:

      a.    In or about May 2020, DENNIS, using a phone number subscribed to in his name ("Phone Number-1"), sent back-to-back text messages to Victim-1 and two other members of the Law Firm, accusing Victim-1, among other things, of being a racist.  For example:

I am sure ▮▮▮▮was a dirty prosecutor
...just have to find the case and put your punk ass in jail

4 officers commit murder but in ▮▮▮▮▮ racist
mind, the three that were watching were innocent

Right racist ?

7

\* \* \*

you cunt you start things like this and then blame others

Any dirty move to win  right ?

and fix your damn bio punk

What is God's racial profile ?

b.    Between on or about August 25, 2020, and on or about August 26, 2020, DENNIS sent several members of the Law Firm, including Victim-1, approximately 71 back-to-back text messages, using Phone Number-1.

c.    Between on or about August 27, 2020, and on or about August 28, 2020, DENNIS sent several members of the Law Firm, including Victim-1, approximately 50 back-to-back text messages, using Phone Number-1.

d.    Between on or about August 29, 2020, and on or about August 30, 2020, DENNIS sent several members of the Law Firm, including Victim-1, approximately 110 back-to-back text messages, using Phone Number-1.

e.    On or about September 6, 2020, DENNIS, using Phone Number-1, sent approximately 19 back-to-back text messages to several members of the Law Firm, including Victim-1.  In one text message in the chain, DENNIS, referring to a complaint that the Law Firm allegedly made to the New York City Police Department (the "NYPD") about DENNIS's conduct, states:

8

> "1 That by going to my wife with information
> about me which you will not share and
>
> 2 sending police [] to my family home . . .
>
> U introduced children and family into this mix."

       f.   On or about September 8, 2020, DENNIS, using Phone Number-1, sent back-to-back text messages to Victim-1 and another member of the Law Firm.  The text messages were increasingly belligerent and threatening.  In one text message in the chain, DENNIS states, "I am a witness to you killing God's children.  Do u expect me to do nothing ?"  In the same chain, DENNIS states:

> "Killing children
>
> Who is insane?
>
> Who is offensive in the eyes of the Lord!
>
> and all u say in unison
>
> 'Willie Dennis'"

       g.   On or about October 7, 2020, Victim-1 received approximately 98 text messages from DENNIS, using Phone Number-1.

       h.   Between or about October 8, 2020, and on or about October 9, 2020, Victim-1 received approximately 52 text messages from DENNIS, including messages that threatened Victim-1's family.  One such message stated, in part, "Look forward to many evening chatting[. . . .]  Anything I do will never repay you for all what you have done to me and my family . . . but I am going to try.  I am going to research your family as you did mine."  In another message, DENNIS asked how things were going at Victim-1's children's school, and then stated: "Still less than putting your sons' lives in jeopardy ...right."  That message was followed by an image of a black male, with the heading "Why am I dead?"  In two other messages, DENNIS called Victim-1 a "[b]igot."  In yet another message, DENNIS stated: "u r a bad person that deserves to be severely punished (figuratively we both know what a liar u r)."  DENNIS sent these messages using Phone Number-1.

9

16.   Based on my review of communications received by Victim-1 and my conversations with Victim-1, I know that the messages discussed above are just a small sample of the threatening communications that WILLIE DENNIS, the defendant, has sent Victim-1.

17.   Based on my conversations with Victim-1, I have learned that Victim-1 and Victim-1's spouse and children have experienced, and are continuing to experience, great distress as a result of the unrelenting barrage of messages that WILLIE DENNIS, the defendant, has sent to Victim-1.

**<u>Victim-2</u>**

18.   Based on my conversations with another senior member of the Law Firm ("Victim-2"), who is Black, I have learned, among other things, that in or about 2019, WILLIE DENNIS, the defendant, using Phone Number-1, sent Victim-2 harassing text messages, causing Victim-2 to "block" communications from DENNIS's phone.

19.   Based on my conversations with Victim-2, I have learned about specific instances of harassing conduct by WILLIE DENNIS, the defendant, against Victim-2, including as follows:

a.   In or about June 2019, after DENNIS had been terminated from the Law Firm, Victim-2 traveled to a professional conference outside of New York.  Victim-2 saw DENNIS at the conference.  While Victim-2 was speaking to other conference attendees at a networking reception, DENNIS approached Victim-2 and spoke to Victim-2 in a loud and angry manner.  DENNIS insisted on talking about the Law Firm.  Victim-2 told DENNIS that Victim-2 did not wish to discuss the firm, and turned away from DENNIS.  That night, DENNIS, using Phone Number-1, sent Victim-2 a barrage of text messages.  In those messages, DENNIS, among other things, accused the Law Firm, in sum and substance, of taking money from DENNIS and his children. At a breakfast the next morning, DENNIS found Victim-2 and began complaining very loudly about the Law Firm and its alleged disinterest in diversity.  Victim-2 left the room.  DENNIS followed Victim-2 and took photos of Victim-2.  Finally, because DENNIS would not stop following Victim-2, Victim-2 had to leave the conference.

10

20.  Based on my conversations with Victim-2, I have learned, among other things, that Victim-2 stopped going to conferences and other industry meetings because Victim-2 feared that WILLIE DENNIS, the defendant, would be present.

### Victim-3

21.  Based on my conversations with another senior member of the Law Firm ("Victim-3"), I have learned, among other things, that:

a.  Victim-3 has known WILLIE DENNIS, the defendant, for many years.

b.  Victim-3 and DENNIS used to socialize together and spend time with each other's families.  DENNIS has been to events at Victim-3's home and knows Victim-3's children.

22.  Based on my conversations with Victim-3 and my review of documents collected from Victims and other members of the Law Firm, I have learned, among other things, that since in or about early 2020 through the present, WILLIE DENNIS, the defendant, using Phone Number-1, has sent Victim-3 at least hundreds of text messages containing harassing and intimidating statements, including threats directed at Victim-3 and Victim-3's family.  For example:

a.  On or about September 1, 2020, DENNIS, using Phone Number-1, sent back-to-back text messages to Victim-3 and three other recipients, including text messages in which DENNIS threatened to "kill" Victim-3 and Victim-3's "kids":

kill u and or your kids

b.  Among the texts that DENNIS sent Victim-3 on or about September 1, 2020, was a text that stated: "you r willing to assist in breaking 'one' of God's Ten Commandments[:] 'Thou shall not kill.'"

### Victim-4

23.  Based on my conversations with partners at the Law Firm and others and my review of messages received by the Victims, I have learned that WILLIE DENNIS, the defendant, has also cyberstalked another partner at the Law Firm ("Victim-4"), who is Black.

11

24.   Based on my review of messages Victim-4 received from WILLIE DENNIS, the defendant, I have learned, among other things, that since at least in or about March 2019, DENNIS has sent a barrage of back-to-back text messages to Victim-4, including, for example, the following text messages:

        a.   On or about September 2, 2019, DENNIS, using Phone Number-1, sent back-to-back text messages to Victim-4, including the following message:

                "Finally i urged you not to share my texts with them [i.e., other members of the Law Firm]… but you did.

                In the Firms criminal complaint against me some of the texts you passed along are included.

                Also our accidental meeting in the restaurant is noted as a 'threatening encounter.'"

25.   Based on my review of threatening communications Victim-4 received from WILLIE DENNIS, the defendant, I have also learned that DENNIS attacked Victim-4 for allegedly "hav[ing] undercover Chicago police officers . . . attend" a Corporate Counsel Women of Color conference.  For example, in or about 2019, using Phone Number-1, DENNIS sent Victim-4 the following text messages, among many others:

        a.   "[A] major supporter of [the conference] of course is aware of the gunmen you and the other partners sent to the 'women's conference' . . . i would be prepared if it should ever arise to explain why you[] thought it was necessary or how you tried to prevent it.  Anything less will raise eyebrows."

        b.   "More thoughts . . . and I am protecting your reputation so i hope you do not give them anything else[.] Do you think they could send armed men into a diverse women's conference with out good reason and get away with it[.]  As i told [other members of the Law Firm] at the time if i had sent armed undercover investigators in to a conference where . . . there [were] women and children[,] they would have[,] and rightly so, put me in lockdown …forever[.]  I am looking for equality and intend to do the same to them."

12

      c.    "If someone had been injured at the Conference by the Chicago police officers in the room, what would you have stated in the police report as to the reason for the officers being there ? . . . Were you[r] actions 'reasonable' biscuit head or purely self interested ?"

      d.    "Your failure to adequately protect other women of color is reprehensible[.] . . . . Your 'intentional' actions which endangered women of color at the . . . conference ( engaging Chicago police officers to walk undisclosed among the women attendees) are reprehensible."

26.  Based on my review of text messages WILLIE DENNIS, the defendant, sent to Victim-4, I have also learned that DENNIS falsely accused Victim-4 of having an extramarital affair with another member of the Law Firm and sent Victim-4 other inappropriate text messages with false claims about Victim-4's dating and sex life.  For example, using Phone Number-1, DENNIS sent the following messages to Victim-4:

Your quick rise to influence in the New York office is clearly related to how close you are with ██ 💑

You and ██ always spend a lot of time together working on projects, I assumed that is how the two of you became so close 💑

    ***

and you learned all thru ██ ██ whispering " sweet nothings " in your ears 👂

Are u with him tonight 💑

    ***

13

i know u like married men ..but in the office ?

Is your " Tinder " account still active ?

How man " hook ups " did you get on Tinder ?

Does ▇▇▇ know about your Tinder account ?

* * *

Does your mother know about your relationship with ▇▇▇ ?

* * *

And no Tinder booty calls for you this week

u are on ....lockdown 😂

u know me now clown 🤡

How many dudes did you find on Tinder ?

* * *

14

What was the quality of the
d... 

i always knew this
was more your type of
conversation

Always the quiet ones 😂

27.   In falsely accusing Victim-4 of having an
extramarital affair, WILLIE DENNIS, the defendant, using Phone
Number-1, warned Victim-4 not to lie about it:  "don't perjure
yourself because I will push for prison time for you."

28.   Based on my review of messages received by
Victim-4, I have learned that there are many other text messages
that WILLIE DENNIS, the defendant, sent to Victim-4 as part of
DENNIS's campaign of harassment and cyberstalking.  Here are
just a few more examples:

      a.   "Let's fill up your 'evil' files[.]  Did not
fool me.  Was hoping you would change but …gutter to the end"—
"[s]o let's send you back there."

      b.   "U wished the police [] had killed me[.]  No
need to answer[.]  God just read your mind.  I have to go talk
to a few other 'unholies' but will come back to you later."

      c.   "In fact until now and only since God has
commanded me to act against your falsehoods."

      d.   "U know u deserve whatever comes your way
during this 'biblical moment.'"

      e.   "God has now commanded me to call out you[r]
actions which are so offensive in his eyes."

      f.   "You need to practice outside of New York.
Because if you stay in New York i am going to follow u till u
answer my questions cotton head."

      g.   "They like to make examples. I am going to
make one of u u u u."

15

h.    "U really need to leave the New York office soon ..like in a week or so you will become part of the public conversation."

i.    "You are going to be a 'biblical symbol' during this time of injustice and hatred of what happens when you are offensive in the eyes of the Lord."

29.    Based on my review of documents collected from Victim-4, I have learned that, on or about October 5, 2020, Victim-4 received more than approximately 68 text messages from WILLIE DENNIS, the defendant, who sent those messages using Email Account-3.

30.    Based on my review of documents collected from Victim-4, I have learned that, on or about October 6, 2020, Victim-4 received approximately 46 text messages from WILLIE DENNIS, the defendant, who sent those messages using Email Account-3.

31.    Based on my review of documents collected from Victim-4, I have learned that between approximately 1:00 a.m. on or about October 8, 2020, and 6:00 a.m. on or about October 9, 2020, WILLIE DENNIS, the defendant, using Email Account-3, sent Victim-4 approximately 98 text messages, including as follows:

16

If you escape jail
for all  this stuff i will be
surprised because i am going
to do my darndest

Somebody has to  get stuck
and you have the statements in
the public records and the
public statements so

...looks like you...

Think you can avoid

1 Perjuy criminal
court
2 Defamation /slander /civil
court
more to follow

Can you win them
all ..one loss and ....

17



18



32.    On or about October 10, 2020, Victim-4 received approximately 29 text messages from WILLIE DENNIS, the defendant, who sent those text messages using Email Account-3.

33.    Based on my conversations with senior members of the Law Firm and others, I have learned that Victim-4 has had to leave New York and relocate to another state as a result of WILLIE DENNIS's, the defendant's, conduct.

19

**DENNIS Controlled Phone Number-1 And The Email Accounts**

34.  Phone Number-1:  As set forth above, *see* ¶¶ 15, 18, 19, 22, and 24-27, WILLIE DENNIS, the defendant, used Phone Number-1 to send harassing and threatening communications to Victim-1 and Victim-4, among others.  Based on records obtained from AT&T pursuant to a subpoena, I have learned that the subscriber of Phone Number-1 is "Willie Dennis" and has the same date of birth and Social Security number as DENNIS.  In addition, based on my conversations with members of the Law Firm, I have learned that Phone Number-1 is the cellphone number that the Law Firm had on file for DENNIS and that the Victims and other members of the Law Firm had in their phones for DENNIS.

35.  Email Account-1:  As set forth above, *see* ¶ 14(a), WILLIE DENNIS, the defendant, used Email Account-1 to send harassing and threatening communications to Victim-1. Based on records obtained from Google pursuant to a subpoena, I have learned that the subscriber of Email Account-1 is "Willie Dennis."  Moreover, the recovery email for Email Account-1 is Email Account-3, another one of DENNIS's accounts, and the phone number listed for Email Account-1 is Phone Number-1.

36.  Email Account-2:  As set forth above, *see* ¶¶ 14(b)-(e), WILLIE DENNIS, the defendant, used Email Account-2 to send harassing and threatening communications to Victim-1. Based on records obtained from Google pursuant to a subpoena, I have learned that the subscriber of Email Account-2 is "Willie Dennis."  Moreover, the phone number listed for the account is Phone Number-1.

37.  Email Account-3:  As set forth above, *see* ¶¶ 14(b) and 29-31, WILLIE DENNIS, the defendant, used Email Account-3 to send harassing and threatening communications to Victim-1 and Victim-4.  Based on records obtained from Google pursuant to a subpoena, I have learned that the subscriber of Email Account-3 is "Willie Dennis."  Moreover, the phone number listed for the account is Phone Number-1.

20

WHEREFORE, deponent respectfully requests that a
warrant be issued for the arrest of WILLIE DENNIS, the
defendant, and that he be arrested, and imprisoned or bailed, as
the case may be.

_s/ Elisabeth Wheeler_
Special Agent Elisabeth Wheeler
Federal Bureau of Investigation


Sworn to me through the transmission of this
Affidavit by reliable electronic means,
pursuant to Federal Rules of Criminal Procedure
41(d)(3) and 4.1 this,

28th day of October, 2020

_____
THE HONORABLE ONA T. WANG
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X
                   :

UNITED STATES OF AMERICA     :     **SEALED INDICTMENT**
                   :

   - v. -          :     **20 Cr.**
                   :

WILLIE DENNIS,          :
                   :

            Defendant.   :
                   :

- - - - - - - - - - - - - - - - - -X

### COUNT ONE
### (Cyberstalking)

The Grand Jury charges:

1.    Since at least in or about 2018, up to and including the present, in the Southern District of New York and elsewhere, WILLIE DENNIS, the defendant, with the intent to injure, harass, and intimidate another person, used the mail, interactive computer services and electronic communication services and electronic systems of interstate commerce, and other facilities of interstate and foreign commerce, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to a person, to wit, DENNIS has engaged in a campaign of harassment, intimidation, and threats against an individual ("Victim-1") who works in New York, New York, including by sending harassing, threatening, and intimidating emails and text messages to

Victim-1.

(Title 18, United States Code, Sections 2261A(2)(B) and 2.)

## COUNT TWO
### (Cyberstalking)

The Grand Jury further charges:

2.    In or about 2019, in the Southern District of New York and elsewhere, WILLIE DENNIS, the defendant, with the intent to injure, harass, and intimidate another person, used the mail, interactive computer services and electronic communication services and electronic systems of interstate commerce, and other facilities of interstate and foreign commerce, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to a person, to wit, DENNIS has engaged in a campaign of harassment, intimidation, and threats against an individual ("Victim-2") who works in New York, New York, including by sending harassing, threatening, and intimidating text messages to Victim-2.

(Title 18, United States Code, Sections 2261A(2)(B) and 2.)

## COUNT THREE
### (Cyberstalking)

The Grand Jury further charges:

3.    From at least in or about 2018, up to and including at least in or about October 2020, in the Southern District of New York and elsewhere, WILLIE DENNIS, the defendant, with the

intent to injure, harass, and intimidate another person, used the mail, interactive computer services and electronic communication services and electronic systems of interstate commerce, and other facilities of interstate and foreign commerce, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to a person, to wit, DENNIS has engaged in a campaign of harassment, intimidation, and threats directed at an individual ("Victim-3") who works in New York, New York, including by sending harassing, threatening, and intimidating text messages to Victim-3.

(Title 18, United States Code, Sections 2261A(2)(B) and 2.)

## COUNT FOUR
### (Cyberstalking)

The Grand Jury further charges:

4.   From at least in or about 2019, up to and including the present, in the Southern District of New York and elsewhere, WILLIE DENNIS, the defendant, with the intent to injure, harass, and intimidate another person, used the mail, interactive computer services and electronic communication services and electronic systems of interstate commerce, and other facilities of interstate and foreign commerce, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to a person, to wit, DENNIS has engaged in a campaign of harassment,

3

intimidation, and threats directed at an individual ("Victim-4")
who works in New York, New York, including by sending harassing,
threatening, and intimidating emails and text messages to
Victim-4.

 (Title 18, United States Code, Sections 2261A(2)(B) and 2.)




FOREPERSON

_____
AUDREY STRAUSS
Acting United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

v.

### WILLIE DENNIS,

Defendant.

### SEALED INDICTMENT

20 Cr.

(18 U.S.C. §§ 2261A(2)(B) and 2.)

AUDREY STRAUSS
Acting United States Attorney

Foreperson

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of a Warrant for All
Content and Other Information
Associated with the Email Accounts
███████████gmail.com,
████████gmail.com,
████████████gmail.com, and
████████gmail.com,
Maintained at Premises Controlled by
Google LLC, USAO Reference No.
2020R01003

# 21 MAG 744

## SEARCH WARRANT AND NON-DISCLOSURE ORDER

TO:     Google LLC ("Provider")

Federal Bureau of Investigation ("Investigative Agency")

**1. Warrant.** Upon an affidavit of Special Agent Elisabeth Wheeler of the Federal Bureau of Investigation, and pursuant to the provisions of the Stored Communications Act, 18 U.S.C. § 2703(b)(1)(A) and § 2703(c)(1)(A), and the relevant provisions of Federal Rule of Criminal Procedure 41, the Court hereby finds there is probable cause to believe the email accounts ████████gmail.com, ████████gmail.com, ████████gmail.com, and ████████gmail.com, maintained at premises controlled by Google LLC, contain evidence, fruits, and instrumentalities of crime, all as specified in Attachment A hereto. Accordingly, the Provider is hereby directed to provide to the Investigative Agency, within 30 days of the date of service of this Warrant and Order, the records specified in Section II of Attachment A hereto, for subsequent review by law enforcement personnel as authorized in Section III of Attachment A. The Government is required to serve a copy of this Warrant and Order on the Provider within 14 days of the date of issuance. The Warrant and Order may be served via electronic transmission or any other means through which the Provider is capable of accepting service.

**2. Non-Disclosure Order.** Pursuant to 18 U.S.C. § 2705(b), the Court finds that there is reason to believe that notification of the existence of this warrant will result in destruction of or tampering with evidence, danger to the physical safety of an individual, and flight from prosecution, or otherwise will seriously jeopardize an ongoing investigation. Accordingly, it is hereby ordered that the Provider shall not disclose the existence of this Warrant and Order to the listed subscriber or to any other person for a period of one year from the date of this Order, subject to extension upon application to the Court if necessary, except that Provider may disclose this Warrant and Order to an attorney for Provider for the purpose of receiving legal advice.

**3. Sealing.** It is further ordered that this Warrant and Order, and the Affidavit upon which it was issued, be filed under seal, except that the Government may without further order of this Court serve the Warrant and Order on the Provider; provide copies of the Affidavit or Warrant and Order as need be to personnel assisting the Government in the investigation and prosecution of this matter; and disclose these materials as necessary to comply with discovery and disclosure obligations in any prosecutions related to this matter.

Dated: New York, New York

1/20/2021
Date Issued

9:41 a.m.
Time Issued

UNITED STATES MAGISTRATE JUDGE
Southern District of New York

12.06.2018

2

**Email Search Attachment A**

**I.Subject Accounts and Execution of Warrant**

This warrant is directed to Google LLC (the "Provider"), headquartered at 1600 Amphitheater Parkway, Mountain View, California 94043, and applies to all content and other information within the Provider's possession, custody, or control associated with the email accounts ▮▮▮▮gmail.com ("Email Account-1"), ▮▮▮▮gmail.com ("Email Account-2"), ▮▮▮▮gmail.com ("Email Account-3"), and ▮▮▮▮gmail.com ("Email Account-4") (collectively, the "Subject Accounts").

A law enforcement officer will serve this warrant by transmitting it via email or another appropriate manner to the Provider. The Provider is directed to produce to the law enforcement officer an electronic copy of the information specified in Section II below. Upon receipt of the production, law enforcement personnel will review the information for items falling within the categories specified in Section III below.

**II.Information to be Produced by the Provider**

To the extent within the Provider's possession, custody, or control, the Provider is directed to produce the following information associated with the Subject Accounts:

a. *Email content.* All emails sent to or from, stored in draft form in, or otherwise associated with the Subject Accounts, including all message content, attachments, and header information (specifically including the source and destination addresses associated with each email, the date and time at which each email was sent, and the size and length of each email), limited to such items sent, received, or created: (i) between January 1, 2018, and the date of this Warrant and Order, inclusive, for Email Account-2; and (ii) between the date of account creation and the date of this Warrant and Order, inclusive, for Email Account-1, Email Account-3, and Email Account-4.

b. *Address book information.* All address book, contact list, or similar information associated with the Subject Accounts.

c. *Subscriber and payment information.* All subscriber and payment information regarding the Subject Accounts, including but not limited to name, username, address, telephone number, alternate email addresses, registration IP address, account creation date, account status, length of service, types of services utilized, means and source of payment, and payment history.

d. *Transactional records.* All transactional records associated with the Subject Accounts, including any IP logs or other records of session times and durations.

e. *Customer correspondence.* All correspondence with the subscriber or others associated with the Subject Accounts, including complaints, inquiries, or other contacts with support services and records of actions taken.

f. *Preserved or backup records.* Any preserved or backup copies of any of the foregoing categories of records, whether created in response to a preservation request issued pursuant to 18 U.S.C. § 2703(f) or otherwise. On or about September 18, 2020, a preservation request was served on the Provider (Ref. No. 4028582).

## III. Review of Information by the Government

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate any evidence, fruits, and instrumentalities of 18 U.S.C. §§ 2261A and 2 (cyberstalking) (the "Subject Offense"), including the following:

a. Evidence of WILLIE DENNIS's cyberstalking campaign, including communications he sent to victims and to other members of his former law firm, ██  ██ (the "Law Firm");

2

b.  Evidence of DENNIS's intent, motives, and state of mind with respect to the Subject Offense;

c.  Evidence of DENNIS's relationship with the Law Firm and employees of the Law Firm over the years;

d.  Evidence of direct threats made against the victims and their families;

e.  Evidence of any efforts DENNIS may have made to physically stalk victims, their families, and other members of the Law Firm, including any photographs DENNIS may have taken of any such individuals and/or their whereabouts;

f.  Evidence of user identity with respect to the Subject Accounts;

g.  Evidence reflecting the timeline of DENNIS's cyberstalking campaign;

h.  Geographic location of user, computer, or device connected to the Subject Accounts;

i.  Additional information about DENNIS's cyberstalking victims, including contact information;

j.  Location of other evidence, including emails reflecting registration of other online accounts potentially used in connection with the Subject Offense or otherwise containing relevant evidence; and

k.  Passwords or other information needed to access user's computer or other online accounts.

12.06.2018