UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
    UNITED STATES OF AMERICA,

                  -against-                      20 Crim. 623 (LGS)

    WILLIE DENNIS,                             <u>ORDER</u>
                            Defendant.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on August 5 and August 9, 2022, pro se Defendant Willie Dennis filed *ex parte* letters, which are construed as requests that subpoenas be issued for Rosemary Alito, Michael Caccese and David Tang, and that the process costs and witness fees be paid in the same manner as those paid for witnesses the government subpoenas, Fed. R. Crim. P. 17(b);

      WHEREAS, Defendant has shown his inability to pay the costs of these subpoenas, for the same reason he qualifies for appointed counsel, since he has not been employed for several years and has been living of savings which are now nearly exhausted;

      WHEREAS, Defendant has shown the necessity of the witnesses' presence for an adequate defense.  Each of the three witnesses is a partner of Defendant's former law firm, K&L Gates, LLP.  This case arises out of Defendant's alleged sending of threatening messages to his former colleagues.  Defendant is prohibited by the conditions of his bail from having any contact with current or former employees of K&L Gates, including the three witnesses.  Defendant also has shown that he plans to defend himself pro se at trial based on the context in which the allegedly threatening messages were sent, and specifically a number of disputes between Defendant and other partners and leaders of K&L Gates.  Defendant has proffered a number of questions he intends to ask of the witnesses and specific document requests, many of which appear to be relevant to Defendant's contemplated defense at trial.  However, the Court's finding

that Defendant has shown the necessity of these witnesses for Defendant's proposed trial defense does not necessarily mean that Defendant is entitled to every document he requests nor that Defendant will be permitted to ask every question he proposes at trial.  The recipients of the subpoenas may move to quash the subpoenas on several grounds, and at trial Defendant will be bound by the Federal Rules of Evidence.  It is hereby

**ORDERED** that Defendant's application is GRANTED.  Defendant shall file completely filled-out but unsigned subpoenas for Rosemary Alito, Michael Caccese and David Tang by emailing them to Temporary_Pro_Se_Filing@nysd.uscourts.gov.  The Clerk of Court shall then issue the subpoenas and they shall be served by a marshal or deputy marshal.  It is further

**ORDERED** that, as the Court previously ordered, Defendant may direct witnesses to produce documents before trial and to delivered documents to his parents' home in Sanford, Florida, in light of the restrictions imposed by the conditions of his bail.  Defendant shall copy and forward all such documents received to the Government and to the Court within 72 hours of receipt all.  *See generally* Fed. R. Crim. P. 17(c)(1).  It is further

**ORDERED** that Defendant is reminded that he shall abide by the Court's prior order at Docket Number 67 regarding, among other things, what he may request using subpoenas, how they may be served and Mr. Dennis's continuing obligation to abide by all conditions of his bail.

Dated: August 11, 2022
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**