UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
UNITED STATES OF AMERICA

         -v-                              20-cr-623 (JSR)

WILLIE DENNIS,                            MEMORANDUM ORDER

         Defendant.
```

JED S. RAKOFF, U.S.D.J.:

At the conference before this Court on August 18, 2022, the Court granted the *pro se* motion of defendant Willie Dennis for the return of his phone. The Court further indicated that it would issue a Memorandum setting forth the reasons for that ruling by no later than noon on August 22, 2022, following which the Government could seek modification or reconsideration by convening a joint telephone conference with defendant and the Court by no later than 5:00 PM on August 22, 2022. Here (a few days early) is that Memorandum.

Mr. Dennis is accused of cyberstalking, in violation of 18 U.S.C. § 2261A(2)(B) and 2. On November 16, 2021, the Government, pursuant to a lawfully executed search warrant, seized Mr. Dennis's phone. The Government extracted the contents of Mr. Dennis's phone on December 20, 2021, creating a "snapshot" of material that law enforcement agents could review. Letter from the United States of America to Judge Lorna G. Schofield, Dct. No. 62 (July 19, 2022), at 1. Although more than nine months have passed since the seizure,

the Government represents that it has not completed its review of the phone's contents. While this seems a bit plodding, the Government further represents that it intends to use Mr. Dennis's phone as evidence during trial (which is now firmly scheduled to commence on October 11, 2022).

The Court construes Mr. Dennis's *pro se* motion as having been made pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. In order to prevail on a Rule 41(g) motion, the moving party must show that "(1) he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended." United States v. Pinto-Thomaz, 352 F. Supp. 3d 287, 311 (S.D.N.Y. 2018).

The Government does not dispute that Mr. Dennis is entitled to "rightful ownership [of] or title" to the phone, United States v. Ferreira, 354 F. Supp. 2d 406, 409 (S.D.N.Y. 2005), and Mr. Dennis does not dispute that his phone was seized legally. Thus, the key issues are whether Mr. Dennis's phone is contraband and whether the Government continues to need the phone as evidence.

There are two kinds of contraband: contraband *per se* and derivative contraband. Sash v. U.S., 2009 WL 3007379, at *4 (S.D.N.Y. Sep. 22, 2009). Contraband *per se* includes items whose "possession, without more, constitutes a crime," such as cocaine. Id. at *4. Derivative contraband includes "things that are not

ordinarily illegal, like guns, automobiles, ships, and currency, that become forfeitable because of their relationship with a criminal act." Id.

The Government argues that Mr. Dennis's phone is derivative contraband because Mr. Dennis used it to cyberstalk his alleged victims. If Mr. Dennis committed the crimes of which he is accused, his phone is indeed an instrumentality of a crime. However, a phone is not contraband simply when it was used in the commission of a crime. See United States v. Chierchio, No. 20 Cr. 306, 2022 WL 523603, at *12 (E.D.N.Y. Feb. 22, 2022) (requiring the Government to return the defendant's phone as soon as its need for the phone had ended, even though the phone might have been used in the commission of a crime); United States v. Morgan, 443 F. Supp. 3d 405, 410 (W.D.N.Y. 2020) (noting that "there may very well come a point where the government's retention of [defendant's] iPhone is unreasonable," even though it might have been used in the commission of a crime). More broadly, the Government is permitted to retain contraband because "society recognizes no legitimate property interest in contraband." Vitrano v. United States, No. 06-CV-6518, 2009 WL 1011582, at *5 (E.D.N.Y. Apr. 14, 2009). But here it is obvious that phones can be put to many legitimate purposes, and that, indeed, they have become a near-necessity of modern-day life. Cf. Santos-Pineda v. Axel, No. CV 10-6285 MMM, 2011 WL 13103995, at *8 (C.D. Cal. July 26, 2011), aff'd, 621 F.

3

App'x 407 (9th Cir. 2015) (requiring return of a computer tower because "a computer can also be used for a vast array of legitimate activities"). Although Mr. Dennis can doubtless purchase a new phone, that is beside-the-point if, as here, Mr. Dennis has a legitimate property interest in the seized phone. And the alleged use of the phone in furtherance of his alleged crimes does not render it derivative contraband any more than the use of a pencil to write a threatening note would render the pencil contraband.

The closer issue is whether the Government needs Mr. Dennis's phone as evidence. The Government argues that it needs to use Mr. Dennis's phone as evidence in two ways. Letter from the United States of America to Judge Lorna G. Schofield, Dct. No. 64 (July 22, 2022), at 3. First, the Government needs to continue its review of the phone's contents, which might provide evidence of the crimes of which Mr. Dennis is accused. Id. Second, the Government plans to use the phone to authenticate its contents at trial. Id.

The Government does not need Mr. Dennis's phone to review its contents. The Government already extracted the phone's contents as of December 20, 2021. Letter from the United States of America to Judge Lorna G. Schofield, Dct. No. 62 (July 19, 2022), at 1. Mr. Dennis's alleged crimes occurred before that date, and the Government has represented that it will not view Mr. Dennis's communications following that date. The fact that the Government

4

has somehow not completed its extraction and/or review of the earlier communications despite having had more than nine months to do so would be a flimsy excuse for not allowing Mr. Dennis's repossession of his property, and it invites inordinate delay.

The Government has a stronger case for retaining the phone to help authenticate its contents at trial. However, the Government can authenticate the contents of the phone by other means. It can, for example, call witnesses who can testify that the extracted data was pulled from Mr. Dennis's phone. Additionally, the Government has not explained how presentation at trial of Mr. Dennis's phone will increase the credibility of its assertion that that the extracted data did indeed come from Mr. Dennis's phone. Thus, the Government has not established its need for continuing possession of Mr. Dennis's property. See United States v. Figueroa, No. 22 Mag. 4490, 2022 WL 2873226, at *4 (S.D.N.Y. July 21, 2022) (noting that the defendant could "insist that the Government copy the electronically stored information contained in the two phones" so that the phones could be returned); United States v. Estime, No. 19 Crim. 711, 2020 WL 6075554, at *16 (S.D.N.Y. Oct. 14, 2020) (recognizing that the Government's need for a phone will end once "that government has already made a copy of the data contained on the cellphone[]").

For the reasons given above, Mr. Dennis's motion is granted, and the Government shall return Mr. Dennis's phone to him no later

than Tuesday, August 23, 2022. However, as noted above, the Government, upon review this Memorandum, will have the opportunity to seek modification or reconsideration of this order provided it raises its arguments for any such change through a joint telephone conference with the Court and Mr. Dennis convened by the Government by no later than 5:00 PM on August 22, 2022.

    SO ORDERED.

Dated:   New York, NY

          August 19, 2022                JED S. RAKOFF, U.S.D.J.