```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    -v-<br><br>WILLIE DENNIS,<br><br>         Defendant. | 20-cr-623 (JSR)<br><br>ORDER |

JED S. RAKOFF, U.S.D.J.:

On September 20, 2022, pro se defendant Willie Dennis, without prior permission of the Court, emailed to the Court what he termed an "Ex Parte Communication – Termination of Karloff Commissiong – Effective Immediately." See I.R. 1-2 (requiring that all applications to the Court be made through joint telephone conferences to the Court, with limited exceptions not applicable here). Mr. Dennis renewed this application in another unsolicited email styled as an ex parte communication sent to the Court on September 22, 2022. The emails make an application for relief and therefore should have been the subject of a joint telephone call to the Court, as Mr. Dennis has been repeatedly advised. See Conference of Aug. 15, 2022, Tr. 2:21-3:19; Order of Sept. 16, 2022, ECF No. 89; I.R. 1-2. However, since Mr. Dennis's email of September 20, 2022 does include some information arguably relating to Mr. Dennis's strategy of defense, the Court, as a courtesy to Mr. Dennis, will file both emails ex parte and under seal, and will not refer to that information in this Order.

1

The substantive application that Mr. Dennis makes in his September 20, 2022 email, after he announces that he has "terminated Karloff Commissiong as standby counsel," is a request that the Court provide him with "three candidates immediately from which [he] may select new standby counsel." Ex Parte Email from Willie Dennis to the Court, Sept. 20, 2022, at 1. This application is renewed in the email dated September 22, 2022. While Mr. Dennis was originally represented in this case by the Federal Defenders, see ECF No. 4, Mr. Dennis later terminated them and elected to proceed pro se. See Order of June 29, 2022, ECF No. 52. At that point, although not required to do so, Judge Schofield (to whom this case was then assigned) appointed Anthony Cecutti, Esq. to assist Mr. Dennis as standby counsel, as Mr. Dennis, although an experienced lawyer, is not a litigator. Id. After this case was reassigned to the undersigned, however, Mr. Dennis expressed his dissatisfaction with Mr. Cecutti and this Court (though, again, not required to do so) appointed Karloff Commissiong, Esq. to replace Mr. Cecutti as Mr. Dennis's standby counsel. See Order of Aug. 19, 2022, ECF No. 80.

Both Mr. Cecutti and Mr. Commissiong are highly regarded and experienced members of this Court's Criminal Justice Act panel, and it is regrettable that Mr. Dennis is dissatisfied with their help. But Mr. Dennis appears to be under the misapprehension that he has a right to standby counsel. That is emphatically not the case. See, e.g., United States v. Archambault, 740 F. App'x 195, 199 (2d Cir. 2018) ("[T]he appointment of standby counsel is discretionary; a defendant

has no Sixth Amendment right to standby counsel after he knowingly and voluntarily waives his right to an attorney."); United States v. Schmidt, 105 F.3d 82, 90 (2d Cir. 1997) ("[T]here is no constitutional right to hybrid representation of the kind defendant received here where she shared the duties of conducting her defense with a lawyer."); People v. Mirenda, 442 N.E.2d 49, 50 (N.Y. 1982) ("On this appeal, defendant argues that the courts' refusal to appoint standby counsel to assist him with his self-representation violated his constitutional rights. This contention is without merit. . . . No such right is guaranteed by either the State or Federal Constitution."). Although Mr. Dennis has chosen, as is his right, to dismiss standby counsel and proceed pro se entirely on his own, the Court sees no benefit in appointing further standby counsel (at public expense) when Mr. Dennis has already evidenced his strenuous dissatisfaction with the efforts of both Judge Schofield and the undersigned to provide him highly competent standby counsel. Accordingly, Mr. Dennis's request is hereby denied.

Counsel are reminded that the jury trial in this case will begin on October 11, 2022 at 9:30 AM and that a final pretrial conference will be held on October 7, 2022 at 11:00 AM.[1]

---

[1] After this case was reassigned to the undersigned, the final pretrial conference was scheduled to occur on October 7, 2022 at 2:00 PM. However, since the Court then developed an irreconcilable scheduling conflict, that conference was moved to 11:00 AM. Mr. Commissiong then informed the Court that he had a conflict with 11:00 AM. At Mr. Commissiong's request, the Court moved the conference to 12:30 PM, although the Court expressed some concern that all of the matters pending at the final pretrial conference could be concluded within the available time, since the other matter requires the Court to leave the courthouse by no later than 1:30 PM. But now that Mr. Commissiong has been terminated, he no longer needs to appear at that conference or any other proceeding in this case, and the final pretrial

SO ORDERED.

New York, NY  
September 22, 2022

_____  
JED S. RAKOFF, U.S.D.J.

---

conference is hereby reset for 11:00 AM on October 7, 2022 in Courtroom 14-B, Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, NY 10007.