UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA, | |
|---|---|
| -v- | 20-cr-623 (JSR) |
| WILLIE DENNIS, | ORDER |
| Defendant. | |

JED S. RAKOFF, U.S.D.J.:

On October 7, 2022, the Court heard argument on several pre-trial motions brought by pro se defendant Willie Dennis, the Government, and third-parties. For the reasons stated from the bench, see Transcript 10/7/2022, those motions are disposed of as follows:

First, Mr. Dennis's motion to dismiss the Indictment is hereby denied.

Second, Mr. Dennis's motion to modify his conditions of bail is hereby granted in part and denied in part. More specifically, with respect to the "no-contact list" circulated by the Government on December 1, 2021 and then incorporated into the conditions of Mr. Dennis's bail, Mr. Dennis is permitted to contact the counsel of those people on the list who are represented by counsel and, and if counsel consents, Mr. Dennis is permitted to contact the pertinent person on the list. Mr. Dennis remains prohibited from contacting those people on the no-contact list who are not represented by counsel, without prejudice to his applying to the Court, with notice to the Government, to contact a particular person for reasons he should specify, in

detail, in which case the Court will give the Government an opportunity to be heard before granting or denying such application.

<u>Third</u>, third-party Laurence Platt's motion to quash the subpoena propounded on him by Mr. Dennis is hereby granted.

<u>Fourth</u>, third-party Michael Mueller's motion to quash the subpoena propounded on him by Mr. Dennis is hereby granted.

<u>Fifth</u>, the Government's motion <u>in limine</u> to preclude evidence or argument at trial concerning the merits of the civil discrimination claims that Mr. Dennis has filed against the Law Firm (as named in the Indictment) is hereby granted. Evidence or argument about the fact that such claims exist, however, is not precluded in the respects specified in the Government's motion papers.

<u>Sixth</u>, the Government's motion <u>in limine</u> to preclude evidence or argument at trial that the New York County District Attorney's Office previously dismissed allegedly similar charges against Mr. Dennis is hereby granted.

<u>Seventh</u>, the Government's motion <u>in limine</u> to preclude evidence or argument at trial about the Government's prosecutorial motives, conduct, and investigative methods in this case is hereby granted.

<u>Eight</u>, the Government's motion <u>in limine</u> to preclude evidence and argument at trial about the consequences of conviction in this case is hereby granted.

<u>Ninth</u>, the Government's motion <u>in limine</u> to preclude evidence and argument at trial concerning Mr. Dennis's prior commission of "good acts" and failure to commit other "bad acts" is hereby granted, except

insofar as the Government opens the door to the introduction of such evidence and argument at trial.

Tenth, the Government's motion in limine to preclude evidence and argument at trial concerning Mr. Dennis's family background, parents, children, health, age, religion, or other personal attributes unconnected to guilt is hereby granted, unless, and insofar as, Mr. Dennis testifies at trial, in which case a reasonable amount of background evidence will be admitted.

Eleventh, the Government's motion in limine to admit evidence of Mr. Dennis's uncharged behavior that allegedly constitutes harassment is hereby denied as premature. The Court will rule as to the admissibility of specific items of such evidence at the time at trial that the Government seeks to introduce such putative items.

Twelfth, the Government's motion in limine to admit evidence of Mr. Dennis's purported exclusion from the Law Firm's premises and email, as well as of Mr. Dennis's purported termination from the Law Firm, is hereby granted, but with the caveat that the Government's introduction of such evidence may open the door to Mr. Dennis's introduction of evidence or argument establishing his own explanation of the purported events, including by means of evidence or argument otherwise precluded by this Order. In addition, however, the Government can introduce the bare fact that Mr. Dennis is no longer associated with the Law Firm without thereby "opening the door."

Thirteenth, the Government's motion in limine to admit certain warnings sent to Mr. Dennis by the Law Firm's General Counsel and

Deputy General Counsel is hereby granted in part and denied in part. The Court find that those warnings are not hearsay. Whether the warnings are admissible, however, turns on whether they are relevant, on which the Court will rule at the time the Government seeks to introduce them at trial.

<u>Fourteenth</u>, the Government's motion <u>in limine</u> to preclude evidence or argument at trial about the Government's charging decisions in this case is hereby granted.

<u>Fifteenth</u>, the Government's motion <u>in limine</u> to preclude cross-examination at trial regarding the Government's witnesses' compensation and wealth, and business performance, is hereby granted, except insofar as the door is opened to this testimony.

<u>Sixteenth</u>, the Government's motion <u>in limine</u> to preclude evidence or argument at trial about Mr. Dennis's alleged indigence, his prior legal representation in this case, and his decision to proceed <u>pro se</u> is hereby granted, except that the Court will itself apprise the jury that Mr. Dennis is proceeding <u>pro se</u> by choice.

SO ORDERED.

New York, NY
October 10, 2022

_____
JED S. RAKOFF, U.S.D.J.

4