

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 6, 2022

**BY EMAIL**
Willie Dennis (pro se)
██████████████
Sanford, Florida 32771
woc2020@gmail.com

Re:    *United States v. Willie Dennis*, 20 Cr. 623 (JSR)

Dear Mr. Dennis:

This document is not a plea agreement. Rather, pursuant to the suggestion of the Court in *United States v. Pimentel*, 932 F.2d 1029, 1034 (2d Cir. 1991), this letter sets forth the current position of the United States Attorney's Office for the Southern District of New York (the "Office") regarding the application of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") to defendant Willie Dennis (the "defendant") in this case.

The Indictment charges the defendant in four counts, only three of which are being pursued by the Government.[1] Counts One, Two, and Four each charge the defendant with cyberstalking, in violation of Title 18, United States Code, Sections 2261A(2)(B) and 2. Counts One, Two, and Four each carry a maximum term of imprisonment of five years; a maximum term of supervised release of three years; a maximum fine, pursuant to Title 18, United States Code, Section 3571, of $250,000; and a $100 mandatory special assessment.

The total maximum term of imprisonment on Counts One, Two, and Four is fifteen years' imprisonment, with a maximum term of supervised release of nine years (three years on each count).

The Government currently believes that the Guidelines apply to the crimes charged in Counts One, Two, and Four of the Indictment as follows:

A. Offense Level

1. The applicable Guidelines manual is November 1, 2021 Guidelines manual.

---

[1] The Government, however, is not pursuing Count Three, and therefore, has not included that count in its determination of the applicable Guidelines range in this case.

2. The Guideline applicable to each of Counts One, Two, and Four of the Indictment is U.S.S.G. § 2A6.2. Pursuant to U.S.S.G. § 3D1.2's application notes, these counts are not grouped.

Count One

3. Pursuant to U.S.S.G. § 2A6.2(a), the base offense level for Count One is 18.

4. Accordingly, the offense level for Count One is 18.

Count Two

5. Pursuant to U.S.S.G. § 2A6.2(a), the base offense level for Count Two is 18.

6. Accordingly, the offense level for Count Two is 18.

Count Four

7. Pursuant to U.S.S.G. § 2A6.2(a), the base offense level for Count Four is 18.

8. Accordingly, the offense level for Count Four is 18.

Combined Offense Level

9. Pursuant to U.S.S.G. § 3D1.4, the combined offense level for all three counts is determined as follows: by taking the offense level applicable to the Group with the highest offense level and increasing that offense level by the number of Units, as determined by U.S.S.G. § 3D1.4(a). Here, the highest offense level is 18, and the offense level for the other two counts is equally serious. Accordingly, each count equals one Unit, for a total of three units. Pursuant to U.S.S.G. § 3D1.4, this means that the highest offense level is increased by three levels, which results in a total combined offense level of 21.

10. Accordingly, the total combined offense level is 21.

11. Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a).

In accordance with the foregoing calculations, the applicable offense level is 19.

B. Criminal History Category

Based upon the information now available to this Office, the defendant has zero criminal history points. In accordance with the foregoing, the defendant's Criminal History Category is I.

2019.10.22

C. Sentencing Range

Based upon the calculations set forth above, the defendant's sentencing range is 30 to 37 months' imprisonment. In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At offense level 19, the applicable fine range is $10,000 to $100,000.

The foregoing Guidelines calculation is based on facts and information currently known to the Office. Nothing in this letter limits the right of this Office (1) to change its position at any time as to the appropriate Guidelines calculation in this case, even if that change is based, in whole or in part, on information that was in the Government's possession as of the date of this letter; and/or (2) to present to the Court or the United States Probation Office, either orally or in writing, any and all facts and arguments relevant to sentencing that are available to the Office at the time of sentencing. Nor does anything in this letter limit the right of this Office to seek a departure under or variance from the Guidelines, or to take a position on any departure or variance that may be suggested by the Court, the United States Probation Office, or the defendant.

This letter does not and cannot bind either the Court or the United States Probation Office, either as to questions of fact or as to determinations of the correct application of the Guidelines in this case. Instead, the sentence to be imposed upon the defendant will be determined solely by the Court. This Office cannot and does not make any promise or representation as to what sentence the defendant will receive.

The defendant is hereby notified that, if he is not a citizen of the United States, his guilty plea and conviction make it very likely that his removal from the United States is presumptively mandatory and that, at a minimum, he is at risk of being removed or suffering other adverse immigration consequences. The defendant is further notified that, if he is a <u>naturalized</u> citizen of the United States, his guilty plea may have consequences with respect to his immigration status. For example, under federal law, an individual may be subject to denaturalization and removal if his naturalization was procured by concealment of a material fact or by willful misrepresentation, or otherwise illegally procured. The defendant is further notified that denaturalization and other immigration consequences are typically the subject of a separate proceeding, and that no one, including the defendant's attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration or naturalization status. The defendant is entitled to and should seek advice from an attorney on this issue.

Very truly yours,

DAMIAN WILLIAMS
United States Attorney

by: _____
Sarah L. Kushner/Stephanie Simon
Assistant United States Attorneys
(212) 637-2676 / (914) 993-1920

2019.10.22