Dear Judge Rakoff:

My name is Jeffrey Dennis, and I am the sole brother of Willie Dennis.

When I first heard about Willie being arrested in the Dominican Republic, I was shocked/stunned.

Throughout my life, I have known my brother as a highly intelligent person who has worked his way up, even when the odds were against him because of the color of his skin. I have seen him succeed and excel his whole life, from attending Catholic elementary school to Choate for high school, then Columbia University and on to Columbia Law School, to ultimately becoming a partner in two NYC law firms, and being named by *Black Enterprise* magazine as one of the top black lawyers in the country.

In addition to his many professional accomplishments, I know my brother to be a deeply caring and peaceful person who does not belong in jail. Throughout his life, he has advocated for the rights of individuals, in particular for women and people of color to have opportunities, through different programs he was involved in both within his law firms and beyond. During election seasons he also participated in many get-out-the-vote efforts and anti-voter suppression initiatives to ensure that the right to vote was not interfered with.

Within his extended family, he has helped out many family members, including our parents, especially as they have become older (our mother is wheelchair-bound and our father has dementia starting to set in). He also helped out many cousins and our sister (who is now deceased) in significant ways along with her two sons, either financially or through the advice of a caring uncle. Most recently, when he was in Florida, I felt at ease knowing that someone else was in the house to be there if our parents needed help. It would be ideal if he were able to return to living there and caring for them as he did throughout the year preceding his trial.

Years ago, during a time when Willie had many demands on him with a young family and a high-pressure job, he was still the one who orchestrated things for my mother to come to NYC to have two life-saving heart procedures at a hospital here. He was also the one in the family who always opened his home to cousins and other family members when they needed a place to stay in NYC for visits, after college, or by lending a helping hand as they were trying to establish a new life in NY.

Even though my brother is not as close to his sons as he would like because of a difficult divorce, he is always looking out for their best interest with love and advice. I know this situation affects him and hurts him deeply- that he is not as close as he would like to be with them right now. In the hopes that one day this breach can be healed, I continue to reach out to his sons letting them know that I am there for them, and I do hear from his oldest one occasionally.

It has been an extremely tough year for Willie and my entire family -- emotionally, physically and spiritually -- with the loss of a very young nephew due to illness, other challenging medical issues in the family and the trial/conviction hanging over my brother. It has taken a toll on all of us and I do worry a great deal about Willie because of his health issues, including heart disease, which affects many members of my family (including me). With him being incarcerated, we have to live with the knowledge that he is completely at the mercy of the correctional facility and its staff as to whether he gets the health care and attention he needs.

As a brother it's hard to take a step back and be objective, but I can only put down what I know and see. The one thing I have always seen when I look at or think about my brother, is that he is a man of kindness and generosity. I humbly ask Your Honor to allow my brother to serve his punishment for his mistakes outside of prison.

Thank you for allowing me to submit this and taking the time to consider it.

Sincerely yours,

Jeffrey Dennis

Jeffrey Dennis

January 19, 2023

Your Honor:

I am writing this letter in support of Willie Dennis, Esq. I know that attorney Dennis has serious charges in the U.S. District Court. I believe mitigating circumstances should be considered, and I beg the Court's reflection on them in determining a just sentence for Mr. Dennis.

I met Willie 25 years ago as a beginning attorney in New York City.  I needed a mentor. In 1998, I had lunch with the late Vernon Jordan, a managing director at Lazard and partner at Akin Gump Strauss Hauer & Feld. Mr. Jordan called Willie and asked him to be my official mentor. Throughout the decades, I valued the mentoring support Willie gave to me: listening, advising, supporting, guiding, and making sure I achieved my career goals. He was quiet, friendly, kind, considerate, and compassionate. He graduated from Columbia Law School and has provided exceptional legal advice to his clients and top corporations. In addition to helping me, Willie also mentored several minority lawyers who worked at law firms and worked in-house at corporations—many of whom have ascended to partners and chief legal officers of AMLAW 250 and Fortune 500 Companies. Willie would often invite us to support the Harlem Economic Empowerment Zone, with which he was heavily involved in providing strategic and legal advice. Willie was also big in supporting voting rights and would invite many of us to events supporting Hillary Clinton, Glen Ivey, Barack Obama, and Joe Biden.

Many of us know that the Willie of today is not the Willie of yesterday. Many people often comment, "He just is not the same Willie." The analysis should not end with this blanket statement. Instead, we must acknowledge that Willie clearly has and still is undergoing mental health challenges that have accompanied profound loss. In the legal profession, mental health is often ignored and dismissed. The legal profession has a high rate of alcoholism and suicide. Attorneys suffer depression and anxiety at alarming rates. In particular, mental health in the African-American community is regularly swept under the rug due to denial and the cloud of shame that comes with it.

As it relates to Willie, it is extremely important to note that his personal circumstances in recent years led to the events that resulted in his present criminal case. Willie suffered through traumatic events in 2018 and 2019, which happen to align with the shift and change in his behavior noticed by so many who loved and admired him:

- The death of his sister;
- He suffered a heart attack (which impacted blood flow, heart, and brain regulation);
- He lost his wife and the relationship with his sons through a difficult divorce;
- He lost his job at K&L Gates LLP, suffered professional embarrassment and loss of reputation;
- Loss of income, home, and financial security; and
- He suffered and suffers issues with blood clotting (which impacts blood flow, heart, and brain regulation)

I believe life's traumas have affected Willie's behavior and outlook in recent years. As these issues impacted his life, I'm sure it must have affected his work and relationships, which caused him even more pressure and angst. It feels like everything snowballed together in the wrong way and at the wrong time in his life.

When I see what has happened to Willie, I say to myself, and I think, *"there but the grace of God, go I."*

The legal profession sees attorneys from all walks of life go through traumatic changes and has devices and institutions that are supposed to be available to work with them through the employee assistance program or other programs. These services should have been available and should have been offered to Willie. In dealing with and navigating these mental health challenges, Willie needs professional help through rehabilitation and/or therapy or other coping mechanisms, and I know he recognizes this now and will seek out help.

Willie has given so much to the legal profession, Columbia Law School, the firms and clients he has served for decades, and given so much back to the African-American community. Willie needs to be shown *compassion* at this moment, where he is fully and completely vulnerable and at the mercy of the Court. Willie does not need to be penalized harshly by serving a lengthy incarceration period but instead should be provided with rehabilitative help.

Thank you for taking the time to read and consider this statement in determining your sentencing.


Sincerely yours,

Laurie Robinson Haden



R3M LAW, LLP

ELWOOD F. COLLINS

Direct 646.453.7855
Cell 917.741.0759
Fax 212.913.9642
Email ecollins@r3mlaw.com

The Honorable Jed S. Rakoff
Daniel Patrick Moynihan
United States Court House
500 Pearl St.
New York, NY 1007-1312

February 3, 2023

Dear Judge Rakoff,

I am writing to you regarding Willie Dennis, whom I understand will be appearing
before you for sentencing in a criminal matter.

By way of background, I first became acquainted with Willie in mid-2005, when
he was a partner at Thelen Reid & Priest and was being recruited to join K&L
Gates (then Kirkpatrick & Lockhart). I was, at the time, the Administrative Partner
of the firm's New York office, a member of the firm's Management Committee,
and responsible for recruiting lateral partners to the firm's New York office.

The recruitment was successful. Willie joined K&L together with another Thelen
partner with whom Willie had built a significant combined practice.

I remained the New York Administrative Partner until early 2014. I departed the
firm in mid-2017 to become the general counsel of one of my clients. During the
nearly twelve years that Willie and I spent as partners at K&L, I interacted with
him often. I always considered Willie to be a fine man and a good partner. I
considered him to be my friend.

When Willie joined K&L, he was married. He and his wife, Karen, had two sons,
Grant and Lee. The first time Willie introduced his sons to me, he was taking
eight-year-old Grant and five-year old Lee to a game at Yankee Stadium. I later
met Karen at a firm function.

At some point, Willie and Karen divorced. By all of Willie's accounts, the divorce

R3M LAW, LLP

was bitter and acrimonious. The fact that Lee was developmentally disabled only complicated the divorce and added to Willie's distress over the unraveling of his family life. I believe that the divorce took an emotional and financial toll on Willie from which he never recovered.

Willie lived in Harlem. His father had been a sanitation worker. Despite his humble beginnings, Willie had become a successful professional. He had obtained both his undergraduate and law degrees from Columbia. He knew and interacted with people in the upper echelons of the African American community. He made it a point to utilize all his connections in that community to his and the firm's advantage in developing and maintaining his law practice.

Willie was never quite the same after the divorce. It took the wind out of his sails. After a while, it became clear to firm management that the partner Willie had arrived with was carrying the laboring oar in maintaining and growing their practice. Ultimately, firm management decided to align Willie's compensation with his declining performance metrics.

For a while after I stepped down as the New York Administrative Partner, Willie and I continued to communicate. We had a final lunch in late 2017 or early 2018 by which time I had left the firm.

The Willie Dennis, who committed these acts, is not the Willie Dennis I knew. The Willie Dennis I knew was a good partner, a good family man, a man of humble beginnings who achieved much in his professional life, a man of respect.

Thank you, your honor, for affording me the opportunity to speak on behalf of Mr. Dennis.

Very truly yours,

Elwood F. Collins

January 12, 2023

Hon. Judge, Jed Rakoff
U.S. District Court

RE: **Willie Dennis**

Your Honor,

I am writing this letter on behalf of Willie E. Dennis, who is my first cousin. I have been a part of Willie's life since his birth. I was with his parents when he was born; I babysat him when he was a child and I was teenage cousin. I celebrated the birth of his two sons and for over 40 years we have attended a family reunion where we were able to talk about our life experiences. I have been especially close to him over this past year during his legal journey. As Willie's 73-year-old cousin, and friend, I can only speak from my heart. I am requesting that Your Honor decides to show **mercy** by freeing Willie from any further incarceration. The following are the reasons I am making this request:

1.  **For his parents:** Willie's mother and my mother were sisters from a family of 14 children. There were 48 cousins from these siblings. All of us grew up in Christian homes that raised us to be strong, hard-working, community-minded, family-oriented individuals. Willie accepted these values and tried to live up to those responsibilities. Willie's parents worked his father's garbage truck job with long hours and double shifts, sacrificing a lot to send Willie and his brother to prestigious schools so that this sound education would provide them with opportunities his parents did not have. The pressure was constantly on him to get a job where he would be able to help his family grow out of the generational poverty that plagued the Greater family of relatives, as well as his own. During Willie's working years, not only did he financially support his own family, but he was able to assist other family members in need, as well, when they were in need of financial or legal assistance. Now, over the past few years, Willie has lost his work-related stability and success, and this has broken him. His parents long to see him free, and for him to ask for and to receive forgiveness from those he has trespassed against. His parents are both in their eighties, they are both ill, and need him as much as he needs them.

2.  **For his sons:** Willie does not have custody of his sons as they adults, but he wants very much to be a part of their lives. He desires a relationship where they can see their father's strengths and weaknesses as a man, and learn that we all make mistakes, but we still deserve love, grace and mercy from others...even from our children!

3.  **For our Greater Family:** The Miller-Smith family of which we are a part, has grown greatly since the 48 cousins were born and raised. We now have children, grandchildren, even great grandchildren. But we strive to keep the family connected by meeting every two years to share the joys and sadness, the hopes and dreams, and the positive and negative experiences we have had since we last saw each other. Over the years, certain of our family members have been in jail or prison, served their time, and came home strengthened by the experience, or broken in mind, body spirit. Willie is broken now. He told me over the last weeks before the actual trial, that he believed in his heart, that it was important for him to represent himself for this case; he felt he should not accept the help offered to represent him; he felt this journey was bigger than himself and that his struggle was to empower others. He believed that in his spiritual journey through life, this was a path he had to take on his own. But he also believed that if his choices were not for his best interest or the interest of others, that God would reveal this to him for his own learning and edification. Because the outcome of his case was not as he expected, and

because he is able to see clearly how his behavior negatively impacted others, he now has to face the consequences. With true humility, I believe, Willie would be blessed if he experienced compassion from anyone who will judge him now with a sentence of "time served". Those of us who know and love him, have this window of opportunity to plead for this leniency, because we see he is broken in **spirit**.

4. **For Willie:** When I visited Willie during his house arrest at his parent's home, he was suffering from a very painful hernia. His condition has only worsened in recent months and he now faces very serious cardiac problems that threaten to end his life at any moment. He is broken in **body**. Even so, every day during his house arrest he got up to help his parents as best he could. That is the man I know him to be...putting aside self to help others.  He was not a violent or loud, abrasive person, but he was always willing to serve others who asked for or needed his help.  He is a man of faith, and what he needs now is an act of mercy to help him begin the healing process of his **body, mind and spirit.**

My prayer, is that Your Honor will choose mercy of Wille Dennis.

Sincerely,

DChampagnie

Rev. Dietrich J. Champagnie



**FORETHOUGHT**
A D V I S O R S, L L C

January 20, 2023

The Honorable Jed S. Rakoff
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:    Mr. Willie Dennis

Dear Judge Rakoff:

I am writing on behalf of my professional and personal friend Willie Dennis.  Willie and I have known each other since the early 1990s.  He, like me, is a founding member of a national policy organization known as the Potomac Coalition, that is focused on methods to develop and use federal policy to enhance wealth creation for urban communities and for racial economic redress. These are popular public policy issues today, but in the early 1990s these issues were not very popular.  The group is comprised largely of first-generation professionals from urban communities in the New York to Washington corridor.  Willie often brought business interests to the table so that our policy development would stretch existing business practices in the areas of community wealth creation.  The group has been successful in getting many community-based wealth creation vehicles included in federal law.  The Potomac Coalition also works with get out the vote organizations in presidential elections years in critical states.  Willie was active in getting the vote out in urban communities in Pennsylvania and Florida in various election cycles. He also did voluntary work to ensure voter protection in Florida as well.

Willie is a  relationship builder and, in that capacity, used the New York/Washington policy group as a blueprint for his efforts with Corporate Counsel Women of Color ("CCWC").  In addition to being a founder of that group, he built a bridge between the Counsel and the policy



ADDRESS
1730 M Street NW Suite 502
Washington DC 20036

PHONE & FAX
(202) 827 - 6596
(202) 429 - 9600

  WEBSITE
www.forethoughtadvisorsllc.com



group in which we are both members.  To this end, he championed many of the attorneys in the Counsel group for federal appointments in federal agencies.  He simultaneously persuaded the New York/Washington policy group to advocate for counsels from the CCWC group for federal appointments.  He saw putting the Counsels in federal appointee roles as an effective mechanism to implement the federal policy advocated by the Washington/New York policy group as well as provide career enhancement for Counsel members when they re-entered the private sector.  In sum, bridge building, networking, coalition building and the advancement of black urban professionals guided Willie's world.

Building operational professional networks has been an antidote for Willie in the world of big law.  Willie quickly realized the danger of black male isolation in corporate legal culture and always sought to bridge that culture, hence his initial and continual involvement in the New York to Washington policy making group; his use of his power inside "big law" to fund the CCWC and his work in his neighborhood/community -- Harlem.

Willie is the son of a unionized New York city trash man.  He is an A Better Chance ("ABC") kid who received a scholarship to Choate.  He excelled there and went to Columbia University and was a successful English major.  He then went to Columbia Law School.  He told me he had to make up for  several generations in his family to  overcome the devastation of Jim Crow so as to ensure family financial stability.  There was no sacrifice too great for Willie to make for his family.  The family he comes from – mother, father, sister, brother; he adored.  When his parents retired to Florida from New York, it was a blow to him, even though he had a wife and children at the time.  Why was it a blow; because he saw his parents often, relied on their daily interactions, wisdom and their ability to level set him as he climbed "big law" in white shoe law firms.

Willie's behavior in recent years is not the Willie I knew. I was in touch with him until a year or two ago but stayed linked to him though other friends and Potomac Coalition members. Throughout the late 1990s and 2000s,  Willie reinvented himself in his corporate legal capacity as a: (1) large business corporate lawyer; (2) small business corporate franchise lawyer; (3) dot

FORETHOUGHT
A D V I S O R S , L L C

com lawyer and a (4) venture capital/private equity lawyer.  That is; as corporate law evolved, so did Willie and his practice areas.  Unfortunately, the combination of a devastating divorce; a smear campaign that caused what appears to be a permanent rift with his beloved sons, and the inability of his last law firm to recognize the multi-tentacles that Willie had with clients so as to expand legal corporate relationships as the Environmental, Social and Governance ("ESG") was beginning to take off, all proved to be too much for him.

Willie's visionary approach to the law is illustrated in his push in ESG as early as 2018.  As ESG evolved in Europe, Willie was building a US execution model for ESG that would focus on: (1) wealth creation for urban consumers through personal data ownership that Willie was pioneering with Microsoft; (2) link diversity/inclusion and black female corporate counsels by putting black female counsels in Democratic Presidential Administrations who in turn would return to private industry as general counsels and be a source of expanded business for his practice at his law firm and (3) as the changing corporate business paradigm became part of national policy, Willie was pioneering a new business/community measuring rod beyond the pure shareholder value model so as to create new work opportunities and new industries in the environmental sector that government would champion. Willie was trying to implement this 3-pronged visionary work prior to 2020.  Unfortunately, Willie's ability to implement his vision were impaired by the law firm and his messy divorce.  Needless to say, Willie, once again, was correct in his vision of where corporate and public policy were going to be in 2023.  Once again, he was ahead of the game and no one would listen.  At some point this isolation and inability to be heard as a leader, may have caused Willie to unravel.  It was hard for his friends to accept; we tried to get him help.  But true to self-reliant Willie, he claimed to be okay.  Unfortunately, he was not and I beg the Court not to punish him any further.  I believe with proper mental care he can get back to the visionary, productive citizen he has always been.

Sincerely,

Larry Parks
CEO, Forethought Advisors
Chair, Potomac Coalition

January 13, 2023

Judge Jed S. Rakoff
U.S. District Court
Southern District of New York

**RE:     Letter in Support of Sentence of Non-incarceration for Willie E. Dennis**

Dear Judge Rakoff,

I am writing this letter in support of the release of my cousin, Willie Eugene Dennis, with respect to Willie's conviction for cyberstalking for which he is now being held pending sentencing.

My mother, Willie Ann Walker, and Willie's mother, Dorise Dennis, were sisters. My mother and Dorise had 10 other brothers and sisters (altogether, the "Millers"). The Millers were all raised together and were extremely close. My mother, who is now deceased, taught me and my brother (also deceased) to love and support our family members. Cousin Willie is my younger cousin and I want to help him stay out of prison.

Cousin Willie and I have a lifelong history. As children, I grew up in Rochester, New York and Willie grew up in Westbury, Long Island. Each year our families spent two holiday vacations together (Memorial Day and Christmas). My family would drive down to Long Island for Memorial Day vacation and Cousin Willie's family would drive up to Rochester for Christmas vacation.

Also, when the Millers started having family reunions (for the past 50+ years), Cousin Willie and I would always both attend and we would spend time with one another to catch up on current events and what was going on with our now individual families.

When my mom passed I moved to Georgia. Aunt Dorise, Cousin Willie's mom, had already moved to Florida. However, carrying on in tradition, I would join Aunt Dorise in Florida for Memorial Day vacation, for Christmas vacation, and for family reunions. The family reunions were always held in Florida. Cousin Willie would always be visiting his mom at those same times and we would spend time together catching up.

Cousin Willie has been the Miller family's example of success. He studied hard; worked hard; and led a prosperous life. Cousin Willie used his prosperity to be a good son, a good brother, a good father, and an overall good family member.

I think Cousin Willie and I looked up to one another over the years even though I am older. However, it was Cousin Willie who encouraged me to enroll in law school late in my life and to become a licensed attorney. During law school I was a single parent and my parents were deceased. Completing law school and raising my daughter was a challenge. With both my parents deceased and my only sibling

deceased it was a struggle. Without Cousin Willie's generosity I don't think I would have completed law school.

Cousin Willie is generous. Oftentimes Cousin Willie extended financial support. I have constantly struggled financially over the years. Cousin Willie has financially assisted me with numerous rent payments to avoid eviction and mortgage payments to avoid foreclosure. Cousin Willie provided me with money for law books; money for car repairs; and money for hotel stays during family reunions with no expectation of repayment and which amounted to several thousands of dollars. Additionally, Cousin Willie helped me prepare for attorney interviews and recommended me for hiring.

Years later during my daughter's college attendance at Syracuse University, Cousin Willie provided certain financial support toward my daughter's education quietly so as not to embarrass me in my daughter's eyes. Also, Cousin Willie and his wife would invite my daughter to stay with them during school breaks and various holidays because I could not afford travel expenses for my daughter to travel from Syracuse to Georgia, or so that I could have a break from parenting.

Unsurprisingly, I have heard of other financial support that Cousin Willie has provided to various family members for funeral expenses, education, and travel. Cousin Willie owned a home in the Dominican Republic that several family members have vacationed at through Cousin Willie's generosity.

I am aware that Cousin Willie has certain health concerns that require serious and immediate attention as well as rehabilitation. I don't see how a prison sentence can provide such rehabilitation, much less the type of specialized treatment Cousin Willie needs right now. I know that Cousin Willie suffers from a heart condition which impacts blood flow. Also, he has a hernia and has had an aneurysm. Also, it is my understanding that Cousin Willie is a recently diagnosed diabetic. As I am a diabetic, I understand how important timely diet and timely insulin will be to Cousin Willie's survival.

Also, please note that Dorise Dennis has only one working artery and cannot travel. Any excitement, such as learning that her son is going to be serving a prison sentence, may literally kill her.

Cousin Willie is not a violent person. He is not a physical threat to society. I have never seen him in a physical altercation. He is a person small in stature, without any type of fighting or combat training. To my knowledge he does not own a gun or any type of weapon.

Even though Cousin Willie is a top notch attorney he erred in his judgment to defend himself. I have spoken to Cousin Willie throughout this ordeal. Basically, I listened to him vent as he was so crestfallen and felt so betrayed. He understands that it is his pride that may have stood in his way and lead to his improper course of action, including his defense at trial. Cousin Willie recognizes that he should have accepted attorney representation and not represented himself. Moreover, Cousin Willie acknowledges that he should not have been so argumentative with the Court during the hearings. Cousin Willie knows that he grossly miscalculated the manner in which he sought to achieve his goals as well as in his trial and that he lacked the appropriate criminal defense background.

Over the past year my discussions with Cousin Willie have significantly changed. What were conversations on how the system is so unfair are now conversations focused on his fears. Cousin Willie fears for his prison survival as he is physically a small person being held with many severely dangerous felons and he fears that the lack of medical treatment is to his detriment. He fears that his mother will die before he is released. As his father is suffering from dementia, Cousin Willie fears that he will never have another coherent conversation with his father. He fears that his family will forget him.

Cousin Willie is now a shadow of himself. He has lost his status as attorney and in many ways his identity along with it. He has lost his wife and sons. He lost his sister. It is likely that he will lose his parents during a prison stay on any significant length.

It is my belief that justice would not be served by keeping Cousin Willie locked up in prison. I humbly pray for the Court's mercy and compassion on behalf of Cousin Willie.

Sincerely,

Katie D. Walker, Esq.
800 Firefly Ct.
Griffin, GA 30223
678/ 234-3184

**Tracey R. Thomas**
Chief Executive Officer



January 2023

Hon. Judge Rakoff
U.S. District Court
Southern District of New York

**RE: Sentencing of Willie Dennis**

Your Honor,

I met Willie Dennis around 2001 while working as in-house counsel for American Express. I was still relatively new to the city (NYC) arriving fresh from the Midwest, and Willie, being very well-connected, welcomed me with open arms and introduced me to many of his well-established friends. Two things struck me. First, it was obvious that his friends genuinely liked this diminutive man a great deal. Even more telling about Willie was how much these people trusted his counsel not only in their business matters but also in their personal lives.

In hindsight, the trust element was the primary reason that I eventually hired Willie as my own outside counsel. As I moved within American Express, I took Willie with me. Other lawyers and business people in the company saw Willie's dedication to my professional and personal development and hired Willie as well. Within just a few years he became one of the most trusted outside counsels for the company. Of particular note, Willie became a close confidant of the CEO, the President, and the company General Counsel as well as a couple of board members.

Of course, it was indeed his job to win us over and earn new business for his law firms. But C-Suite people, in particular, don't make new friends easily and certainly don't invite just any new friend to provide advice on sensitive business and personal matters. These are people that get paid for their judgment. And they all, without exception, judged Willie to be worthy on the character front. Of course, people also hired Willie because he gave great counsel and is a highly intelligent guy. But more than a few lawyers fit that generic description. What truly separated Willie were his calm demeanor under pressure, ethics, discretion and his never-ending love for his community. Regarding the latter, Willie helped found, served on the board and was actively involved for over 10 years in a foundation launched by American Express that offers financial literacy classes to lower income individuals in the Harlem community. For his efforts, he never sought attention nor any compensation as far as I know. As with his roles in Junior Achievement and the Upper Manhattan Empowerment Zone, it was a labor of love.

Sadly, though, I watched the issues of this world devastate my friend— the never-ending divorce and custody problems, the loss of his job and livelihood, and now very significant health issues. While these things could happen to anyone, for someone like Willie operating at the pinnacle of the legal industry these events, coming one after another, had to be especially traumatizing. Race and Big Law politics

certainly played a role. Being one of his top clients for many years and a long-time business partner, I had a front row seat to the events that played out at his last law firm. I am neither absolving him of his role in these matters nor pointing fingers at any individual or group. I am only referencing that the story of how Willie went from being a most trusted, superstar counsel to where he is now is both very complicated and layered. Nevertheless, during this period, and no matter how badly he was treated, I never heard Willie express the desire to hurt or commit physical violence against anyone. Had he done so it would have been completely out of character.

Still, through all of his trials, the essence of who he is has not changed— a trustworthy, empathetic individual who has always been quick with a kind word or words of encouragement, slow to anger, and without a violent bone in his body. While I know that he shoulders much of the blame for his actions, I want the court to know that prior to the behavior that led to him being convicted, this is a man who, in his business life, always chose diplomacy over confrontation, and reconciliation over revenge. Those traits made him a highly successful lawyer and are the reasons why so many top businesspeople, politicians, and others viewed him as their most trusted counselor.

In closing, I would like the Court to know that I communicated several times with Willie over the past year. In those conversations, I could see that the old Willie was clearly still there, front and center. His detention and the charges brought against him apparently awakened him from a fog that had taken over his life for a brief few years, relatively-speaking. He was certainly in an alternate reality during that period. I implore the Court, though, to not let these few years overshadow the vast majority of this otherwise very good man's life and his lifelong good works. At bottom, he is still the same family man I have always known who has an abundance of love for his children, his parents, his friends and his community. Finally, what I can promise is that, should you show lenience in his sentencing, Willie still has many friends and family who love him dearly and will support him as he continues to rebound from this most unhappy chapter of his story.

Sincerely yours,

Tracey Thomas
CEO
IP Zone Company

# RICHARD PAUL STONE, ESQ.

January 11, 2023

Hon. Jed Rakoff
United States District Court
500 Pearl Street
New York, New York

Re:    Willie Dennis

Your Honor,

I write in support of my friend and colleague Willie Dennis respecting sentencing for his recent conviction. Consistent with Section 3553, I will focus on the seriousness of his offense, respect for the law, just punishment, future deterrence, and protection of the public. However, I must share facts and circumstances I know about Willie that the Court may not so that this discussion merits your consideration in determining the most just and individualized sentence for him.

I met Willie a few years ago on a legal matter where we shared representation. A big firm guy with a glowing resume, he treated this solo practitioner with true respect and we stayed in touch after the project ended. I was impressed with his warmth and curiosity about my life on Long Island where he grew up, and my children, including my daughter who plays basketball for Princeton and whom Willie has continued to follow while incarcerated. We are friends. I have also been private counsel to Willie for some years and have advised him on multiple matters, including with his matrimonial and employment issues.

My life straddles our nation's racial divide as my wife is African American and I have suffered through my four children's challenges. I have also observed firsthand how our profession treats those without the social connections to generate easy revenue. Willie began in a racially troubled community with no advantages and earned the trust and respect of dozens of national and regional leaders and attorneys to rise to the highest level of our profession, representing such international titans as Microsoft. He has exhibited not only skill but a natural and easy willingness to do those things that bring our professional respect in the community. Corporate Counsel Women of Color is just one of those causes to which he has donated a tremendous amount of time and resources. His career was everything elite law schools and the best firms hope to inspire in a professional.

**1345 Avenue of the Americas - Suite 200**
**New York, New York 10105**

**Telephone 516.642.1987**
**Telefacsimile 646.349.3429**
**e-mail rps@stonecounsel.com**

It would be easy to compare the man at the apex of our profession to the tiny, feeble man sitting in the Men's Detention Center hoping not to die in prison from his cardiac blockages, circulatory vessel flaws, and two hernias, but the truth is more complicated than that. Willie passed through a period of profound change.

At the time of the acts for which he was convicted, Willie was presented with challenges unlike anything he had faced before, and I think challenges he thought he was immune to. He was devastated to learn the privileges of success he thought he had earned only protected him to the extent he did not rock the boat. What I observed firsthand was his entire sense of reality being deconstructed and replaced with a sense that there were no rules, triggering a kind of terror, for his family, for his profession, and for himself. He fell into a kind of disoriented fog, unable to gain his bearings and ill-equipped to measure his actions.

Willie's fog began to clear when his communications were considered for possible prosecution by the New York District Attorney's Office. Although that prosecutor declined to bring any type of charges, he slowly began to realize that acts he had considered to be part of his business process were going to be scrutinized as a form of violence. He was sincerely shocked. This tiny fellow had never entertained an act of violence the entire time I knew him. It was not in his nature. He was a man of principle and had lived by the rule of law, with no prior misconduct.

Willie is nobody's fool. His federal indictment was a freezing splash of water that cleared the fog. But what remained from his earliest days was the knowledge that we live in a nation clinging to race hatred and inequity, to the power of the few over the law of the many. He transitioned into a period of distrust, magnified by the fact he did not understand federal criminal procedure or the values behind that procedure. He knew he was in over his head but he could not trust what he saw before him, particularly the notion of a deferred prosecution which sounded to him like trial would simply be "deferred" to a time more convenient for the government.

I have spoken to Willie frequently since he was remanded after his conviction. I picked up his personal items at the courthouse, have met with him at the MDC, and have tried to organize his support in a way that shines light on the life this thoughtful, caring man led before this conduct which risks now ending his life in prison without him having physically harmed anyone or taken away anyone's resources. I cannot overstate that he is now face to face with truth. He accepts he was wrong and that he should have found other means and vastly different language to make his business positions known, that that is no excuse for his conduct which alarmed three members of his firm, that he has ended his legal career by his own hand, and he put his very life in the court's hands. He knows the life he led is over. His career is finished. His family is devastated. He will have to work very hard as a very sick and enfeebled man of nearly 61 in order to build something new and care for his family.

What I know, consistent with Section 3553, is that Congress felt it was important to pass this statute and has ruled on its seriousness but that sending alarming communications in a business context falls short of conduct that should, effectively, end a person's life. It is critical that all citizens respect the law, but the punishment must be just, that is, in relation to the seriousness of the damage done. Perhaps most important to the statute underlying this conviction is future deterrence and protection of the public: for the offense of sending alarming communications, deterring a tiny, feeble man of Willie's age, that need not extend his incarceration but can be managed with parole supervision after release.

The discussion above, and medical records, objectively support releasing Willie with time served and or probationary conditions. I am not asking for sympathy for Willie or for any type of free pass.  I am saying the facts support restoring to the community a man who built so much before these errors in judgment.  Please don't hurt the community by killing this man.

Respectfully,

*Richard Paul Stone*

Richard Paul Stone
RPS:rps

**REV. JAMES T. GOLDEN, ESQUIRE**
**Attorney-At-Law**
**P.O.B. 299**
**Bradenton, Florida 34206**
**E-Mail: jtgoldenlaw@aol.com**
**Phone: (941) 746-6485**
**Mobile: (941-773-4031)**
**Florida Bar Number 192303**

January 29, 2023

The Honorable Jed S. Rakoff, Senior District Judge
Southern District Of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, New York, New York 10007-1312

Re: Sentencing of Willie Eugene Dennis On 2/10/2023

Your Honor:

During my 48-year legal career, I have only personally known three presidential appointees to the federal bench: The Honorable A. Leon Higginbotham, a mentor to me from your hometown of Philadelphia, The Honorable Joseph W. Hatchett, of the 11th Circuit Of Appeal, a mentor to me from my home state of Florida, and The Honorable Stephan Mickle, of the Northern District of Florida, a personal friend from my law school alma mater, The University of Florida. They all have shared with me in times past that the most difficult decision to be reached by a judge in a criminal case is making the determination of what is "just punishment" in that case.

No doubt over the course of your own distinguished tenure as a federal district judge, since being appointed in 1996 by President William "Bill" Clinton, you have received many letters from family members asking that, as "just punishment" in their loved one's case, you not impose any sentence of incarceration. I am sure that some of these requests to you have been granted and others have not. I am also sure that most, if not all, of those decisions were based upon 1) the seriousness of the offense, 2) the requirements of the law, 3) the need for future deterrence, 4) the duty to protect the public, and last but not least, 5) what the Court finds to be a "just punishment". Finally, I am also absolutely sure that without a doubt this also is your most difficult task as the other jurists cited above have also opined.

As the two oldest sons of two sisters, I have known Willie Eugene Dennis all of his life. I love him like a brother. I will attend personally the sentencing hearing on February 10, 2023, at 3:00 P.M. Therefore, I humbly

ask that I be allowed to address the Court, not just as a family member, but also as a *pro hac vice* officer of the Court. My remarks, under oath if necessary, will be predicated upon my review of the trial docket, my discussions with defense counsel, my conversations with Mr. Dennis himself, and the promise I have made to his mother and father to do all I can to help him now. Moreover, I hope that I may be able to overcome some misperceptions of him that are not nearly an accurate depiction of the man I know, i.e., specifically that he is an arrogant and disrespectful person.

To this end, I offer the following in support of my request, some of which is already known to the Court:

**1) Willie Eugene Dennis is the son of Wille Dennis, a retired NYC sanitation employee, and Dorise Miller Dennis, a retired self-employed caterer. Upon their retirement they relocated to Sanford, Florida, the place of her upbringing. His parents are now both aging octogenarians in need of assisted living services to stay in their home. Much of the responsibility for their care now falls upon his younger brother, Jeffrey. He resides in Maryland with his wife and son, but makes twice-monthly visits for several days at a time to attend to the medical, financial, and personal needs of the parents. In my opinion. a "just punishment" would allow Mr. Dennis to relocate to Florida to provide the quality of care his parents deserve and that he is well able to provide as their needs continue to increase as they age.**

**2) Willie Eugene Dennis is a 61-year old Black man, who is now divorced, who last year was living with his parents in Florida until he was immediately remanded after his conviction for cyberstalking three former lawyers he worked with, who has lost his license to practice law in New York, and who was unable to even afford an attorney in this case. He is the father of two adult sons, both of whom are now making their own futures. He is an undergraduate and law school graduate of Columbia University. He has practiced law at the Mudge, Rose law firm and the K.L. Gates law firm, and four other nationally known law firms in this city. Before this unfortunate episode in his life, he has never been charged, arrested, nor tried for any criminality whatsoever. At this time he is isolated and having to cope with some serious medical, psychological, and emotional issues. In my opinion, a "just punishment" would not require any further incarceration. The seriousness of the offense does not warrant such, it is not necessary as a deterrent, there is no requirement of law that mandates it, nor is there any indication that such is necessary for the protection of the public. (Parenthetically, I would ask the Court to take judicial notice that recently in the Southern District, a much younger Black man, also an attorney who has lost his**

license to practice law in New York, was sentenced to only one year of incarceration, and a period of supervised probation, for firebombing a police car during a protest march. I do not know if he has been remanded).

   3) Willie Eugene Dennis alone chose to represent himself in this case. Moreover, despite the many kind and patient importuning by the Court encouraging him to allow experienced criminal law practitioners to assist him, he forged ahead without any appreciation for that age-old maxim: <u>He who represents himself before the Bench has both a fool for a lawyer and a bigger fool for a client.</u> This must have been particularly vexatious to the Court considering that the Defendant was offered the opportunity to enter into a "Deferred Prosecution Agreement". The fact of the matter is that the Defendant did not have any clue as to the impact and importance of such an agreement, however improbable and inconceivable as it may seem. He thought that his prosecution was still going to be going forward, but that it was just not going to happen immediately. Because he had absolutely no familiarity with the criminal justice system, he had no idea that he was being given a rare opportunity to resolve this matter permanently, without any necessity of further action by the federal criminal courts and more importantly without the possibility of the very incarceration that now looms before him. While it may have appeared to the Court, or anyone else looking on, that Mr. Dennis was being arrogant and disrespectful, he was of a truth just fearful and completely lacking in the knowledge of federal criminal law and procedure. In my opinion, a "just punishment" in this matter would not require him to suffer further incarceration in a matter that could have, should have, and would have been handled by a "Deferred Prosecution Agreement". I just wish I had known earlier.

   I would like to thank all of those who asked for these letters, those who have written letters of support, and the Court for considering them as the Court seeks to determine a "just punishment".

Sincerely,

Reverend James T. Golden, Esquire

Hon. Jed Rakoff
U.S. District Court

Your Honor,

My Name is Matthew Miller and I am writing this letter out of genuine concern for Willie E
Dennis who is my first cousin. Beyond our familial relation, Willie is truly one of few people that I have
always looked up to in life.

This is a surreal moment in my life. Willie has always been there for me in my times of need. He
has always had the right answers. He comes from a long line of spiritual family members who puts our
faith and devotion to lord Jesus Christ above all else. This is why it is so hard to conceptualize that all of
this is taking place with Willie.

Before a judgment upon him at any level is rendered, there are some things that I believe should
be known about him. He is a family man and father who I watched raise two young men who both
attend or attended college. Without a hint of any trouble in any aspect of his life, he is a devoted family
member who I watched give not only his money, but his time to whomever needed when they needed
it. For example, we were in the middle of a family reunion he gets a call from work he drops everything
and he proceeds to leave. Keep in mind our reunion is only once every two years. So this may be the last
time we see him for another two years, but what does he do? He flies to work in New York to take care
of whatever business he has to take care of and then immediately returns to the family reunion in
Tampa, Florida so that he does not miss out on all of the precious and rare family time.

I've been around him my whole life and I've never witnessed him even come close to being
violent in any way let alone seen or heard of him doing anything unlawful. He is one of the reasons I
returned to school to get my degree. Willie has accomplished so much and has helped so many people
including myself, my mind once again returns to just how hard it is to believe that he is even in this
current situation.

Willie has sick, elderly parents whom I am very, very close to. Their health is failing in various
ways. And, in my opinion him being incarcerated does more harm than good whereas Willie being home
is more beneficial than him being incarcerated. He supports so many people including myself this would
be a tragedy. I'm humbly asking for his release. Again, I see nothing that can be gained by his continued
incarceration. I ask the Court to please consider his sons if no one else. Society needs more examples of
what a father is and that example is Willie E Dennis.

Thank you for taking the time to read this letter and keeping his family and friends, and society
in mind when determining the judgment upon this good man.

Sincerely yours,
Matthew O Miller
Matthew Miller

**Youth Development Specialist**
**Department of Recreation and Youth Services**
**85 Adams St. Rochester, NY 14608**
**Office: (585) 428-7266**
matthew.miller@cityofrochester.gov

January 2023

Hon. Judge Rakoff
U.S. District Court

**Re: Willie Eugene Dennis**

Dear Honorable Judge,

I am a first cousin of Mr. Willie Eugene Dennis. I must say that Mr. Dennis, as the man charged of crimes and now found guilty of committing crimes, is completely unrecognizable to me.

I DO know Willie- our entire lives- as a kind and giving man, who has always been admired and respected in our family and by me personally. He welcomed me and my family to stay in his New York home while he and his family were away. We were attending my nephew's wedding and Willie simply opened his home us in his absence and he made sure food and all necessities and accommodations were available to us.

Willie is known for his advocacy on behalf of causes that improve the quality of life in his community and society in general. He has served on the boards of the Upper Manhattan Empowerment Zone, Junior Achievement of New York, Consumer & Merchant Awareness Foundation, Potomac Coalition and Harlem YMCA. He is a member of the Sigma Pi Phi Fraternity and National Bar Association, to name a few.

I've personally known him to be trustworthy as well as dependable. He shows love to all family members and all of the community.

Willie is now facing this most difficult chapter in his life while his body is breaking down and his health is in severe jeopardy. I pray the Court will be merciful and gracious with Willie.

Respectfully submitted

Brenda Yvonne Miller Lucas
"Power of Prayer"
One to One Christian Counseling
Daytona Beach, Fla.



January 20, 2023

Dear Judge Rakoff,

I am writing to express my support for sentencing leniency for Willie Dennis. As a member of the community and someone whom Willie's positive influence has personally impacted, I firmly believe a sentence that reflects compassion and grace would be fair and just considering all of the circumstances.

I first met Willie in 2004 as a founding member of the Potomac Coalition, an Economic Policy Development organization focused on the Black Community. While working with Willie, I have seen firsthand the dedication and passion he brings to improving the lives of those in our community, including mine. For example, in 2015, Willie and I attended a small policy discussion with then-Vice President Biden. Willie was critical to the discussion on many economic policies President Biden is implementing today.

Willie has played a critical role in my personal and professional development, providing guidance and support. Willie has always sought to find opportunities to connect brilliant people together that could learn and teach one another. He is uniquely able to empathize, understand where people stand, and help move them forward. An example of this special work was in his helping to create the Corporate Counsel for Women and the Council of Urban Professionals (CUP).

Willie's unique combination of business acumen, emotional intelligence, and wealth of experience made him an invaluable asset to me throughout my career. His mentorship has been instrumental in my growth as a professional, and I am extremely grateful for his guidance and support.

Willie's commitment to the community extends far beyond his work with the Potomac Coalition. He has been a staunch advocate for the Black Community, working tirelessly to address issues of economic inequality and systemic racism. His contributions to the community have profoundly impacted the lives of countless individuals and families.

Considering Willie's substantial contributions to the community,  and to the development and betterment of so many individuals, such as myself, in their professional and personal development, I am requesting that the Court consider imposing a sentence upon him that encompasses compassion for a man who has been such a dedicated servant and champion for progress throughout his life and career. A sentence that demonstrates the Court's grace and mercy would acknowledge the good Willie has done and allow him to continue positively impacting the community.

Thank you for your time and consideration.



Timothy Simons





ADDRESS
1730 M Street NW Suite 502
Washington DC 20036

PHONE & FAX
(202) 827 - 6596
(202) 429 - 9600

WEBSITE
www.forethoughtadvisorsllc.com

WILLIE KATHRYN SUGGS
LICENSED REAL ESTATE BROKER
412 West 145th Street
New York City 10031
917-627-3902   williesuggsharlem@gmail.com  646-964-4569 Facsimile

February 2, 2023

To Whom It May Concern:

My name is Willie Kathryn Suggs.
I have been a Harlem neighbor, real estate broker and friend of Willie Dennis for more than 25 years.
I need relay to you only one story, though there are dozens, to give you a sense of the type of person Mr. Dennis is.
His fundamental kindness and good character have been proven to me many times over.
The extremely fragile nature of his health at this stage of his life means any imprisonment places his very life at risk.
He should not be given the death sentence of imprisonment while his appeal goes forward.
I have first hand knowledge of his heart condition as he had called me to pick him up at the hospital, following an incident a few years ago.
He is not a flight risk. Myself and others of his neighbors would welcome him into our homes,
if he is permitted release with court monitoring.
I only ask that he be allowed to live what time he has left free to continue to care for his aging parents.

Now, the story.
When Willie told me that his growing family needed more space than their current home afforded him,
I immediately thought of one specific property.
The home was 3 blocks from their residence.
It was located on one of the premiere  townhouse blocks in the entire City.
And, best of all, it was in their modest price range.
Despite the home's desirable location, and size, it was being offered at a deep discount as it was being sold occupied.
I was one of several brokers working on the sale as it was an "open" listing.
Up until Willie told me he was house hunting, I had not found the right person for the home.
I knew the elderly woman who was still in residence.
I had promised her that I would find a buyer that would purchase the home and

not try to force her out.

That meant it had to be someone that I personally knew and trusted would keep their word.

At this time, similar vacant Harlem homes, including several on that block had closed at twice the asking price.

So vacant, the home was worth hundreds of thousands of dollars above the list price.

The tenant had told me horrific stories of other brokers and potential buyers threatening her if she did not leave.

The encounters had made her fearful of anyone coming into the home.

She was visibly shaking at times when I was there.

She was clearly afraid of what the future would bring.

I assured her that I would find her a buyer who would allow her to live out the rest of her life in peace

in the only home she had known for decades.

To keep my word to her, I knew of only one person who would do just that.

That was Willie Dennis.

He purchased the home. He made minor changes to the portions that were vacant,

but held off on a drastic alteration of the layout until it would become vacant.

The tenant lived there for another 7 years in peace.

When I would see her on the streets as she ran her errands,

she would often stop and thank me for finding "Mr. Dennis" as her new landlord.

After her death from a heart attack, Willie then moved forward with the whole house renovation.

There were legal ways he, as an attorney knew of, to remove her.

He did not. He kept his word to her and to me.

This story seems too good to be true, but it is.

I know because I was a part of it.

Willie to this day is one of a handful of neighbors who I could count on to see walking by Sunday mornings, headed to the early services at the local church.

Willie was a proud supporter of the block association, contributing his time, funds and legal expertise.

Our office was privileged to sell his family two homes and to lease several of his rental units.

He became a valued and respected member of our community.

We hope to have him returned to us.

Sincerely,

Willie Kathryn Suggs

January 13, 2023

Dear Honorable Judge Rakoff,

Greetings, my name is Andrew Champagnie, and I am one of the many family members of Mr. Willie Dennis writing to you on his behalf. My heart aches for my cousin in his current predicament and that same feeling compels me to write to you regarding Willie.

I've been sitting in front of my laptop for about 45 minutes wanting to string together some long verbose intellectual letter that might be considered productive and influential. Coming from a family of ministers, communication in that regards sometimes occurs. I mention this because it is a fond memory that both my cousin Willie and I would observe with humor about some of our family members. My cousin is and has always been a kind and generous man. I think about his welcoming and open-hearted greetings at our family reunions in that New York twang, his contagious smile, the overt love and care-taking of his parents. He is always generous with his time and advice, his constant mantra on the importance of education leading to true growth is one that always repeats in my head. It pains me to know he's in a place right now where very little if any of those qualities - his truly unique qualities - would be appreciated.

I last saw my cousin in July 2022 at our family reunion. He looked drained both physically and mentally, a far cry from the man I described earlier. He was a shadow, a shell of his former self. My grand aunt and uncle's (Willie's parents) health are in continuous decline and his focus on them and his determination to make their life better and more comfortable, I attributed to his lack of attention to his own health condition and his legal situation.

I hope and pray that the Honorable Court will take into consideration the man Willie is and has been, as a whole. I understand the decision has been made as to the determination of guilt; I can only hope that the Court can now find mercy and see the full measure of his good character and good life and that they are taken into consideration in determining Willie's fate.

Sincerely,

Andrew Champagnie
(636) 368-6812

Lloyd W. Brown, II
50 North Broadway, #8600
Tarrytown, New York 10591
(212) 947-4131

January 30, 2023

Hon. Jed Rakoff
United States District Judge
United States District Court Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    Character Letter in connection with the Sentencing of Willie Dennis
       U.S. v. Dennis, 20 Cr. 623

Your Honor,

I am writing to provide a Character Letter in connection with the Court's sentencing of
Willie Dennis and to respectfully plead for the court's leniency, grace, and mercy for my
friend, Willie Dennis, in connection with the above captioned matter. I acknowledge my
knowledge of Willie's conviction and the gravity of the matters for which he has been
convicted. This letter is meant to provide the Court with a fuller picture of the person
that I have known for 41 years as Willie Dennis and not meant in any way to minimize
the harm caused to the victims.

I met in 1981 during our respective undergraduate studies at Columbia University when
I was a freshman, and he was a senior. Consistent with my experiences with Willie over
those years, Willie was taking the time to give guidance and counsel to members of the
then freshman class.

<u>The crimes that Willie has been convicted of are not consistent with the person that I
have known for 41 years</u>

Willie was raised in a law-abiding family. He is the son of working-class parents who
were civil servants and are now retired and living on a fixed income. He is a caregiver for
his parents. He has a younger brother and sister. It is my understanding that his
younger sister passed away in 2017. It is my further understanding that both of Willie's
parents are also dealing with serious health issues due to their advanced ages. It is my
understanding that prior to Willie's arrest that Willie has provided financial support and
caring for his elderly and infirmed parents as well as many in his family.

Willie is divorced from a friend and former colleague of mine.  Willie is a proud father of two sons, one of whom has a learning disability.  A year ago, at the graduation of his youngest son, Willie was very apprehensive, excitable, and embarrassed to be required to wear an ankle monitor at his son's graduation. Given Willie's upbringing and the values his parents instilled in him to be law-abiding, Willie was embarrassed about having his sons, family and friends see him wearing an ankle monitor. As such, the period leading up to his son's graduation did not reflect the best of Willie as the ankle bracelet represented that he was in some sort of legal jeopardy.

I have had the opportunity to watch Willie over an extended period of time in formal and informal settings.  Willie's family and my family have gone on at least five joint vacations over the years.  These vacations have included Disney vacations and other vacations to Florida.  On one Disney vacation where all the kids wanted to go into the deep end of the pool but most of the parents were non-swimmers, Willie took each child (more than 10) out on his back to make sure that they all had a safe deep-water experience.  Willie is compassionate and caring.  Notwithstanding his stature as a Partner at some of America's most prestigious law firms, he exhibited patience, empathy, and compassion for the safety and wellbeing of all the children around him.

Willie's propensity to give of himself and aide others was evident when I served as Board President for one of the largest minority bar associations in New York City. Willie provided in-kind support and hosted events at his law firm to defray expenses for the bar association.  I am also aware of and have had the benefit of Willie contributing pro bono services to not-for profit organizations as well as organizations where I've served on the board or as board chair.

Consistent with the Willie that I know, he would always mentor young lawyers and take senior associates being considered for partner or newly minted partners under his wings.  He has also been known to give newly minted partners a book of business to aide them in establishing their own book of business as a new partner.  Willie also has a strong affinity to assist Black women attorneys. He has supported and worked with several women focused groups.

<u>Is it more productive for Willie to be contributing to society and the legal profession in his twilight years than incarcerated</u>

Based on the jury's verdict, Willie has erred in his judgment and his actions. And while I am not attempting to diminish that determination, to the best of my knowledge Willie has not had similar allegations made against him over his 30+ year legal career.  I am

unaware of any assertions of similar conduct at his current firm, where he had worked for many years or the other prestigious law firms where he has worked and served as a Partner, including but not limited to, Akin Gump Strauss Hauer & Feld, Kirkpatrick & Lockhart, then Reid & Priest.

I respectfully ask the Court for leniency in its sentencing of Mr. Dennis and for understanding that none of us should be judged singularly on our actions on the worst day(s) or period of our lives, particularly if it during a period of instability.

I had the benefit of working part-time in the accounting department at one of the nation's top 10 law firms while I pursed my undergraduate studies. I gained the benefit of understanding what 2200 billable hours looks like and the amount of pressure on attorneys to bill and develop clientele.  I was fortunate that an in-house opportunity presented itself to me within the first year of graduating from law school and that I ultimately had the opportunity to leave the in-house setting and pursue a non-lawyer bank regulatory opportunity.  I did not have the pressure that attorneys like Willie have endured for 30 years.  Given what I have observed in Willie during the pendency of this matter, it is my untrained opinion that Willie may have had an undiagnosed break. If my supposition is correct, Willie needs to receive proper medical care and given the opportunity to make amends to his victims rather that incarceration.  I respectfully ask the Court to consider probation or serving his term under house arrest.

Willie has been a respected member of the bar for his entire career.  His arrest, termination from his partnership and employment; the loss of friends and impaired relationship with his children and family members because of his arrest and conviction, as well as having to wear an ankle bracelet created irreparable harm to his dignity and self-esteem.  The adage that it takes a lifetime to earn a good and honorable reputation and a moment to lose it is reenforced by the facts and circumstances at hand.  It is quite possible for two things to be true: that the victims in this matter have suffered and that Willie is also suffering irreparably as well.

If the Court opts not to incarcerate Mr. Dennis, I commit to be a resource of support to aide Willie in returning to his obedience to and respect of the rule of law

From the day that I received word of Willie's arrest and that he was being extradited from the Dominican Republic, I have remained in a state of disbelief.  This outcome, going from being an admired and notable attorney to being incarcerated was not something that ever appeared to be in Willie's trajectory.  These past few years have placed a stain on the career of a well-respected attorney. My experience seeing Willie

held / incarcerated pending sentencing tells me that this outcome isn't the appropriate outcome based on actions on the worst days or period of time of his life.

I offer the Court my personal engagement to aide Willie on his road to recovery and commit to call and or meet with Willie weekly (if he is in the NYC area). I commit to aide him in getting back on the right track and to get him out of his legal troubles and the jeopardy he had placed himself in. I hope that I am successful in aiding Willie and providing another means for restorative justice. I acknowledge that I may not have a full grasp of what I am committing to taking on, but I commit to this Court to do my very best to aide Willie on a path to recovery. It is my view that incarceration will destroy a person filled with kindness and warmth and who beat the odds of those in his neighborhood. Wille is someone that I have watched grow and serve as a respected member of society and the legal profession. I will do what I can to lead this situation to a beneficial outcome.

In conclusion, I respectfully ask the Court for leniency for Willie Dennis. He has lived a law-abiding life all his life but in a moment of internal crisis, Willie erred badly in his dealings with his former Partners and colleagues. Willie should be offered the opportunity to get the help that he needs and the time to make amends to his former partners and colleagues in a productive manner rather than being incarcerated.

Respectfully submitted,

Lloyd W. Brown, II

Lloyd W. Brown, II

# KEITH L.T. WRIGHT

*2225 5th Avenue, Apt. ME*
*New York, NY 10037*
*917.952-0949*
*Kltw135@gmail.com*

January 15, 2023

The Honorable Jed Rakoff
United States District Court
500 Pearl Street
New York, New York

Re: Willie Dennis

Dear Judge Rakoff,

I write this letter on behalf of Willie Eugene Dennis. I have known Mr. Dennis for over three decades.

By way of information, I formerly served as a legislator in the New York State Assembly for over twenty-four years. I currently serve as New York County leader of the Democratic Party. In addition, my family has a long history of being civically involved and forging criminal justice reform through the judicial system-- my father sat in the Supreme Court of New York County for twenty-five years and my brother also sat as an acting Supreme Court judge for twenty years.

Note that I am writing this letter as a friend of Mr. Dennis and in my own capacity.

As someone who has known Mr. Dennis personally, I was saddened to hear of Mr. Dennis' cyberbullying conviction. I am not privy to all details of the case, outside of the information I have received from Mr. Dennis. I have directly witnessed Mr. Dennis under tremendous stress, which has manifested itself in some uncharacteristic behavior. For example, Mr. Dennis endured a divorce proceeding which lasted well over ten years. A by-product of this divorce was total financial ruin. However, I can assure you that Mr. Dennis is not a danger to himself or others.

Mr. Dennis, has established a reputation and career as a competent, talented and intelligent practicing attorney. He is an essential part of the Harlem community and is viewed as a pillar by community stakeholders. He served as a

The Honorable Judge Jed Rakoff
January 15, 2023
Page 2

member of the Empowerment Zone board, where he advanced its mission to rebuild the historic and culturally rich community of Harlem USA.

Given Mr. Dennis' community involvement and not having any prior convictions, please consider a non-custodial sentence. Having Mr. Dennis serve time within a facility, on top of the time he has served during house arrest, will fulfill no purpose and only cause more mental and physical hardship upon Mr. Dennis.

Thank you for taking my request for my friend, Mr. Dennis, into consideration. Please feel free to contact me, if you have any questions or need additional information.

Sincerely,

# Colvin W. Grannum

25 Croft Terrace
New Rochelle. NY 10804
914-498-1698
Cwgrannum@gmail.com

January 28, 2023

Honorable Jed Rakoff
Judge
United States District Court
For the Southern District of New York
500 Pearl Street
New York, New York

Dear Judge Rakoff,

This letter is submitted in support of Willie Dennis who is before you for sentencing. I have known Mr. Dennis for approximately 18 years. He has been a friend, supporter, and advisor. His intellect and drive are exceptional but most outstanding has been his passion for and commitment to the economic and professional advancement of minorities and women of color.

For 21 years, I served as the chief executive officer of a historic nonprofit organization focused on creating economic opportunity for residents of Brooklyn. During my tenure, Mr. Dennis was a financial supporter and thought partner. We explored ways to build stronger African American businesses in Brooklyn. He was also a loyal friend who consistently demonstrated an interest in the well-being of my family. Moreover, Mr. Dennis always impressed me with his optimism, generosity, and warm demeanor.

In the past several years, Mr. Dennis has experienced a series of misfortunes that have undermined his overall well-being. The stress he has endured likely distorted his judgment. Nevertheless, it would be extremely out of character for Mr. Dennis to intentionally harm anyone in anyway.

Please consider a lenient sentence for Mr. Dennis as you consider all the circumstances. With the appropriate supports, he is capable of resuming his life as a productive, creative professional.

Respectfully submitted,

Colvin W. Grannum

# Walter Oden

January 29, 2023

Jed Rakoff, Judge
Courtroom 14B
500 Pearl Street

Dear Judge Rakoff,

I am writing this letter in support of Mr. Willie Dennis. I have known Willis for many years, and I can personally attest to the fact that he is a good person.

I believe that his mental state at the time of the offense was not normal and that he had a temporary lack of judgement. This is out of character for him, as evidenced by his lifelong scholarly pursuits, his history as a partner with tope law firms and his exemplary job as a father and son. He also does not have any criminal history.

I am confident that Willie will not make the same mistake again and has learned a life lesson with this case, and I strongly believe that his good character and the contributions of his life's work and service should be taken into account when determining his sentence. It is my hope and prayer that you see it proper and just to be lenient.

Thank you for your time and consideration.

Sincerely,

Walter Oden

6 Wood Acres Road. | Brookville, NY 11545



January 2023

Hon. Judge Rakoff
U.S. District Court
Southern District of New York

**RE: Willie E Dennis (Defendant)**

Dear Honorable Judge,

I am writing to articulate my unquestioned support for Willie E Dennis in his unfortunate current circumstances. I've known Mr. Dennis for over 54 years. He comes from a tight-knit and supportive family circle. Over the years he has exhibited extraordinary family and community loyalty. I have been the beneficiary of his kindness, professionalism and desire to help. Shortly after my graduation from college and relocation to the NYC area, Mr. Dennis was instrumental with advice as well as providing professional wardrobe in order for me to be successful in my career endeavors. During my journey Mr. Dennis has always been there to lean on during my financial crisis.

Certainly, Mr. Dennis' actions taken in relation this case to resolve some of his professional issues are questionable at best. I am proposing that rather than simply focusing these poor choices and wrong-headed actions that the Court also consider the totality of his overall positive contributions to society and community throughout his life. Mr. Dennis is a valued member to his community and family. I recognize that we all experience problems in life and Mr. Dennis has had more than his fair share, especially in recent years. Mr. Dennis has endured the death of multiple close family members, declining health of his parents in which he is a primary health care provider and his own personal health crises. Mr. Dennis poses no legitimate threat to society. Accordingly, I am requesting the Court mercy and grace in making its critical determinations as to Mr. Dennis future and the remainder of his life.

Respectfully yours,

*Robert Black*
Robert D Black
704-281-1745

January 2023

Hon. Jed Rakoff
U.S District Court
Southern District of New York

**RE: Willie Dennis**

Dear Honorable Judge:

Thank you for your consideration of my letter on behalf of my dear Cousin, Mr. Willie Eugene
Dennis.

Willie is my older cousin. He has known me all of my life and I have fond memories of his
impact in my life since my early teens.  As far back as I can remember, Willie has always been a
loving, supportive, valued member of our extended family in general and to me personally.

After contemplating the legal troubles my Cousin is having, it grieves me deeply to think that
one of our family's shining Black princes - a doting son and highly accomplished father of two
amazing sons - is facing the prospect of going to prison and the risk of missing the last few years
of his parents' time on Earth.

My cousin has always encouraged me in our shared faith to believe that with God all things are
possible. It is my prayer that my cousin not be sent to prison so that he can be available to his
sons and his aged parents, and so that he can receive the loving support he needs from our
extended family so that he can rebuild his life.  It is my firm belief that my Cousin poses no
present threat or danger to anyone in any manner, even to those against whom he may have
transgressed against in the past.

Thank you, again, for your favorable consideration of my letter and may God bless you.

Respectfully yours,

The Rev. Vivian James, M.A.

Ordained Itinerant Elder,

The African Methodist Episcopal Church - 1st Episcopal District

(New England, Delaware, New York, Pennsylvania and Bermuda)

Judge Rakoff:

I write this letter of support of Willie Dennis ("Willie") in the hope that, the charges and the jury verdict notwithstanding, it will be helpful in his receipt of a sentence which includes counseling and minimal incarceration.

I recall meeting Willie many years ago at a New York City Bar Association program (or similar event) at which the topic of discussion was diversifying the legal profession. I understood before the trial that Willie was primarily animated by that goal in what he was striving to achieve and that he had no criminal intent in forwarding that goal, although his methods most certainly appear to have gone astray and caused harm that was never his initial intent.

A septuagenarian and long-retired lawyer, I sat in on the number of the telephonic meetings held by the Court with the parties to the litigation and appreciate the flexibility and understanding you showed Willie throughout the proceedings. While I did not attend the trial, I understand and support the judicial process and the verdict rendered by the jury.

It is clear that Willie has suffered substantial anxiety as a result of the charges against him and the subsequent conviction as well as serious deterioration in his own health since his incarceration. Among Willie's highest concerns is the direct impact of incarceration on his parents, each of whom I understand to be older than 80 years of age and one of whom relies almost solely on Willie for substantial physical support. Additionally, there is the negative impact of the conviction on his children that I believe deserves consideration.

I join those who believe that Willie is a good person who, loved and supported by family and friends, will benefit from a sentence which provides targeted counseling, the necessary monitoring and compliance with conditions and minimal incarceration.

Thank you for your consideration.

Solomon B Watson IV

/s/ Solomon B. Watson IV



# BETHUNE–COOKMAN UNIVERSITY

Founded in 1904 by Dr. Mary McLeod Bethune        Dr. Hiram Powell, Interim President

SCHOOL OF RELIGION

Rev. Dr. Cornelius S. Golden, Sr.
Assistant Professor
Bethune - Cookman University
Daytona Beach, Florida 32114
Phone: (386) 481 - 2726
E - Mail Address: goldenc@cookman.edu

**RE: Letter of Recommendation for Willie Eugene Dennis**

1/20/2023

To whom it may concern:

This letter of recommendation is on behalf of Mr. Willie Eugene Dennis. I must initially offer the disclaimer that Mr. Dennis is a relative of mine but in earnest integrity that is not the reason I'm writing this letter. I've known Willie (whom I call by his middle name, Eugene) all of his life in that I'm a few years older. He has never, shown any propensity to violence. I can't remember any act of violence he has shown even in adolescence. He can be a jokester and is full of humor. He has shown throughout his life to be a great humanitarian in public service via volunteering on numerous service projects. Prison is not the place for Eugene. This I say, not based on any sense of entitlement on his behalf, but in the interest of both State and defendant. He, by no means, is a threat to society in any way, but rather has been and is a positive contributor to community throughout his long and admirable life. Sending him to Prison would add a financial responsibility to the State for his upkeep when he is not a threat to commit any future crime. On the other hand, Prison would devastate him as placing a lamb in the midst of wolves. He probably would never recover from such trauma.

As I, and we all, must continue to put our trust and faith the Court, I hope this information will assist you in your decision making as it relates to this case.

I highly recommend him to be considered for any favor that might be shown to him that would contribute to his wellbeing. If I can be of any further assistance, please do not hesitate to call upon me, (386) 481-2726 or cell# (386) 559-0469

God Bless!

Rev. C. S. Golden, D.Min.

*SUSTAINING A LEGACY OF FAITH, SCHOLARSHIP, AND SERVICE*

640 Dr. Mary McLeod Bethune Boulevard * Daytona Beach, Florida 32114-3099
Phone 386.481.2115 * Fax 386.481.2557

January 20, 2023


The Honorable Jed S. Rakoff
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:     Mr. Willie Dennis

Dear Judge Rakoff:

I respectfully request the court consider the sentencing of Willie Dennis, Esq. in the context of the totality of the character and contributions he has evidenced the vast majority of his life. In this context, I'd also implore the court to consider the nature and apparent resultant effects of an array of traumatic events in Willie's personal and professional life.

I have known Willie for over 30 years. Over the span of these three decades he has been a committed legal professional, community leader and servant. Moreover, he was an unequivocally dedicated father. I have had the opportunity to observe him closely serving in each of these capacities. Indeed, I came to know him as a personal friend and supporter.

Given this background, I was startled when I began to receive inflammatory communications from him that were vastly inconsistent with the character of the man I had come to know. I was further surprised when I learned of the criminal charges levied against him. While I'm not a mental health professional, I could only conclude the communications I received and the allegations raised in this court were evidence of some mental and emotional trauma Willie endured. I was aware that Willie's divorce and its resultant impact on his family and practice were an understandable source of stress. I apparently did not appreciate the magnitude of his distress. Based on his prior lifetime of achievement, service, professionalism and friendship I can only conclude that the trauma he experienced manifested itself in a manner that could explain behavior so fundamentally inconsistent with the character of the man I'd known for decades. While the behavior may have evidenced trauma, the character he displayed over the vast majority of his lifetime prior belies criminality worthy of incarceration.

Accordingly, I don't believe the community will be well served by his continued incarceration. I beseech the court to sentence Willie to time served and encourage him to seek support as needed.


Respectfully,

Kevin G. Chavers

## GLENN F. IVEY, ESQ.
6411 Ivy Lane, Suite 304
Greenbelt, MD 20770

The Honorable Lorna Schofield
U.S. District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

      Re: Willie E. Dennis

Dear Judge Schofield,

I am writing to provide you with my 25 years of experiences and interactions with Mr. Willie Dennis.

My family has known Mr. Dennis for approximately 25 years. I have only seen Mr. Dennis conduct himself in a very professional manner. In addition to his impressive work as an attorney, he committed a significant amount of time to community service and has a record of good works to show for it.

Mr. Dennis was also devoted to his sons, Grant and Lee. When my oldest son, Alexander, was a student at Columbia University, Mr. Dennis hired him to tutor his sons. Alex was very impressed with the way Mr. Dennis mentored his sons and surrounded them with positive influences.

Obviously, I am disappointed to see Mr. Dennis in this current situation and possibly having to attend Lee's graduation with an electronic monitor on his ankle. To the extent possible, I hope you will be able to allow Mr. Dennis and his family to avoid this embarrassing circumstance.

Thank you for taking the time to review this character recommendation. If you should need any other information, please feel free to have your chambers contact me at 301-537-1451.

          Sincerely,

          Glenn F. Ivey



**ANTHONY T. PIERCE**
+1 202.887.4411/fax: +1 202.887.4288
apierce@akingump.com

January 11, 2023

The Honorable Jed S. Rakoff
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

   Re: Mr. Willie Dennis

Dear Judge Rakoff:

  I am writing in my personal capacity on behalf of Mr. Willie Dennis in connection with his upcoming sentencing.  I am a partner at Akin Gump where Willie was also a partner many years ago.  Moreover, I consider Willie to be a friend in addition to being a former colleague. We are also neighbors so to speak as we built vacation homes in the same complex in the Dominican Republic.  For more than 20 years, I have known Willie to be kind-hearted, generous towards others and an upstanding citizen.  Willie and I have been involved in political and professional events, philanthropic efforts, and family gatherings.  I hope that you will take this into account when sentencing him.  I do not believe his conduct was in any way consistent with the Willie I know.  I believe he has great capacity to overcome his current situation and return to being a productive member of society.

      Sincerely,

      Anthony T. Pierce

**RALPH C. DAWSON**
154 Calhoun Avenue
New Rochelle, N.Y. 10801
914-659-0707
ralphcdawson@gmail.com

January 31, 2023

Honorable Jed Rakoff
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

I have been a member of the bar for over 45 years, and have practiced as a litigator and labor and employment lawyer throughout that time. I became a partner in a predominantly white firm, am familiar with the difficulties encountered by any attorney in achieving that status, regardless of color, and am familiar with the additional obstacles encountered on that path by Black attorneys. For a longtime, Willie Dennis successfully walked that difficult path.

I have known Willie for more than 20 years, and got to know him well in the early 2000s when I became the "convenor" of an unofficial group comprised of Black partners in major New York City law firms, judges and other senior lawyers in major corporate institutions. This group met from time to time to share experiences and to discuss issues of importance to Blacks in the legal profession. Willie was a well-regarded active participant in the group, and contributed important incites into business development issues of great importance to lawyers attempting to build client relationships which made them more attractive to law firms. Willie displayed a willingness to help others, and strong communication skills, which made him a valuable contributor to the group.

The life of a black partner in a major law firm can be akin to walking a tightrope where each step can be treacherous and potentially damaging to one's career. It appears to me that a confluence of serious adverse developments in his marriage and in his relationship with his law firm caused Willie to miss several steps and to fall off the tightrope. Having succeeded over time by relying on his own wits, he convinced himself that he, alone, could chart a path that would correct his situation, which caused him to reject the wise counsel of others, and to misconceive the depth of the danger in which he had put himself, which has led to the situation in which he finds himself today, a convicted felon.

While in recent years Willie has engaged in unfortunate and abhorrent conduct, including various instances of disparaging me among our peers and colleagues, I am convinced that this was aberrant conduct on his part, and not likely to be repeated now that he has seen the devastation that this conduct has caused in his life. I am informed by someone who has spoken with him since his incarceration that he is committed to refraining from misconduct in the future. Given his otherwise exemplary life and career before he was overcome by unfortunate developments, and given that it is my understanding that he never engaged in actual violent conduct, I believe that the interests of justice, deterrence and rehabilitation are best served by not imposing any further jail time upon Willie Dennis. It is respectably submitted that counseling would be in order to confirm compliance.

Very truly yours,

*L. C. Dawson*

Ralph C. Dawson