**REV. JAMES T. GOLDEN, ESQUIRE**
Attorney-At-Law
P.O.B. 299
Bradenton, Florida 34206
E-Mail: jtgoldenlaw@aol.com
Phone: (941) 746-6485
Mobile: (941-773-4031)
Florida Bar Number 192303

January 29, 2023

The Honorable Jed S. Rakoff, Senior District Judge
Southern District Of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, New York, New York 10007-1312

Re: Sentencing of Willie Eugene Dennis On 2/10/2023

Your Honor:

  During my 48-year legal career, I have only personally known three presidential appointees to the federal bench: The Honorable A. Leon Higginbotham, a mentor to me from your hometown of Philadelphia, The Honorable Joseph W. Hatchett, of the 11th Circuit Of Appeal, a mentor to me from my home state of Florida, and The Honorable Stephan Mickle, of the Northern District of Florida, a personal friend from my law school alma mater, The University of Florida. They all have shared with me in times past that the most difficult decision to be reached by a judge in a criminal case is making the determination of what is "just punishment" in that case.

  No doubt over the course of your own distinguished tenure as a federal district judge, since being appointed in 1996 by President William "Bill" Clinton, you have received many letters from family members asking that, as "just punishment" in their loved one's case, you not impose any sentence of incarceration. I am sure that some of these requests to you have been granted and others have not. I am also sure that most, if not all, of those decisions were based upon 1) the seriousness of the offense, 2) the requirements of the law, 3) the need for future deterrence, 4) the duty to protect the public, and last but not least, 5) what the Court finds to be a "just punishment". Finally, I am also absolutely sure that without a doubt this also is your most difficult task as the other jurists cited above have also opined.

  As the two oldest sons of two sisters, I have known Willie Eugene Dennis all of his life. I love him like a brother. I will attend personally the sentencing hearing on February 10, 2023, at 3:00 P.M. Therefore, I humbly

ask that I be allowed to address the Court, not just as a family member, but also as a *pro hac vice* officer of the Court. My remarks, under oath if necessary, will be predicated upon my review of the trial docket, my discussions with defense counsel, my conversations with Mr. Dennis himself, and the promise I have made to his mother and father to do all I can to help him now. Moreover, I hope that I may be able to overcome some misperceptions of him that are not nearly an accurate depiction of the man I know, i.e., specifically that he is an arrogant and disrespectful person.

To this end, I offer the following in support of my request, some of which is already known to the Court:

**1) Willie Eugene Dennis is the son of Wille Dennis, a retired NYC sanitation employee, and Dorise Miller Dennis, a retired self-employed caterer. Upon their retirement they relocated to Sanford, Florida, the place of her upbringing. His parents are now both aging octogenarians in need of assisted living services to stay in their home. Much of the responsibility for their care now falls upon his younger brother, Jeffrey. He resides in Maryland with his wife and son, but makes twice-monthly visits for several days at a time to attend to the medical, financial, and personal needs of the parents. In my opinion. a "just punishment" would allow Mr. Dennis to relocate to Florida to provide the quality of care his parents deserve and that he is well able to provide as their needs continue to increase as they age.**

**2) Willie Eugene Dennis is a 61-year old Black man, who is now divorced, who last year was living with his parents in Florida until he was immediately remanded after his conviction for cyberstalking three former lawyers he worked with, who has lost his license to practice law in New York, and who was unable to even afford an attorney in this case. He is the father of two adult sons, both of whom are now making their own futures. He is an undergraduate and law school graduate of Columbia University. He has practiced law at the Mudge, Rose law firm and the K.L. Gates law firm, and four other nationally known law firms in this city. Before this unfortunate episode in his life, he has never been charged, arrested, nor tried for any criminality whatsoever. At this time he is isolated and having to cope with some serious medical, psychological, and emotional issues. In my opinion, a "just punishment" would not require any further incarceration. The seriousness of the offense does not warrant such, it is not necessary as a deterrent, there is no requirement of law that mandates it, nor is there any indication that such is necessary for the protection of the public. (Parenthetically, I would ask the Court to take judicial notice that recently in the Southern District, a much younger Black man, also an attorney who has lost his**

license to practice law in New York, was sentenced to only one year of incarceration, and a period of supervised probation, for firebombing a police car during a protest march. I do not know if he has been remanded).

    3) Willie Eugene Dennis alone chose to represent himself in this case. Moreover, despite the many kind and patient importuning by the Court encouraging him to allow experienced criminal law practitioners to assist him, he forged ahead without any appreciation for that age-old maxim: <u>He who represents himself before the Bench has both a fool for a lawyer and a bigger fool for a client.</u> This must have been particularly vexatious to the Court considering that the Defendant was offered the opportunity to enter into a "Deferred Prosecution Agreement". The fact of the matter is that the Defendant did not have any clue as to the impact and importance of such an agreement, however improbable and inconceivable as it may seem. He thought that his prosecution was still going to be going forward, but that it was just not going to happen immediately. Because he had absolutely no familiarity with the criminal justice system, he had no idea that he was being given a rare opportunity to resolve this matter permanently, without any necessity of further action by the federal criminal courts and more importantly without the possibility of the very incarceration that now looms before him. While it may have appeared to the Court, or anyone else looking on, that Mr. Dennis was being arrogant and disrespectful, he was of a truth just fearful and completely lacking in the knowledge of federal criminal law and procedure. In my opinion, a "just punishment" in this matter would not require him to suffer further incarceration in a matter that could have, should have, and would have been handled by a "Deferred Prosecution Agreement". I just wish I had known earlier.

    I would like to thank all of those who asked for these letters, those who have written letters of support, and the Court for considering them as the Court seeks to determine a "just punishment".

Sincerely,

Reverend James T. Golden, Esquire