UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA                Case No. 1:20-cr-00623-JSR-1

V

WILLIE DENNIS
_____

# MEMORANDUM OF LAW IN SUPPORT OF WILLLIE EUGENE DENNIS' MOTION FOR COMPASSIONATE RELEASE

*Rev. James T. Golden*_____
**Rev. James T. Golden, Esquire**
PO Box 299
Bradenton, FL 34206
Florida Bar #192303

**PRELIMINARY STATEMENT**

After the Defendant was convicted by a jury, he was immediately remanded into federal custody on October 17, 2022. Since being incarcerated on that day and subsequently sentenced to a term of imprisonment of two (2) years, the physical, mental, and emotional state of the Defendant has steadily deteriorated to the extent that his compassionate release from further incarceration for extraordinary and compelling reasons is not only warranted but necessary to prevent his possible and perhaps probable demise while in the custody of the Federal Bureau of Prisons.

At the time of his incarceration, initially the Defendant was emotionally stable, mentally alert, and physically mobile. However, the Mount Sinai Hospital Vascular Clinic Notes of November 30, 2023, attached as Exhibit "A" to the Motion filed heretofore, show that at this time the Defendant is suffering from several serious physical and medical conditions and from several serious functional impairments, from which the Defendant is not expected to recover, and that substantially diminish the ability of the Defendant to provide self-care within the environment of a correctional facility.

Most of the Defendant's incarceration, when indeed the Defendant was not hospitalized, has been spent at Metropolitan Detention Center. While not judicially probative in this case, the Defendant cites a newspaper article dated January 7, 2024, as at least anecdotal support for the Defendant not being returned to that facility with

any expectation of an adequate environment where the Defendant might be provided a reasonable opportunity for self-care:

> "…That leaves the Metropolitan Detention Center, or MDC, in Sunset Park, Brooklyn…
> …It's another filthy, badly run place with visible mold, contaminated drinking water, and a vermin infestation…
> …Not at all coincidentally, MDC is also a place that has just 55% of the staffing it's supposed to and that's churned through eight wardens and acting wardens tin the last 3 1/2 years…
> …<u>Southern District Judge Jesse Furman detailed all that and more in a ruling on Thursday allowing a 70-year-old to remain free on bail after pleading guilty to intent to distribute drugs containing fentanyl</u>…
> …Things have deteriorated to the point where, Furman writes, at least two other Southern District Judges have let Defendants out on bail ahead of sentencing because of what one judge called MDC's "unacceptable, inhospitable, terrible" environment…
> …It's become "routine", Furman writes, for judges "to give reduced sentences to defendants based on the conditions in the MDC. Prosecutors no longer even put up a fight, let alone dispute that the state of affairs is unacceptable…"

Finally, the Defendant will celebrate his 62nd birthday on Saturday, March 30, 2024. He is also a Christian, and thus will celebrate Resurrection Sunday the very next day. I pray that with this Court's compassionate release before then that the Defendant will be able to bless his dementia-impaired Father and his chronically-ill Mother by being there to begin the rebuilding of his own life and to be a support to them as they all steadily move towards the close of their lives.

The Defendant submits that all of the above factors are permissible for the court to consider in determining what constitutes "extraordinary and compelling reasons", that in fact they are such in this case, and that the motion should be granted.

## ARGUMENT 1

### Nothing is 18 US Code, Section 3553 (a) precludes the Defendant from being considered for Compassionate Release by the Court

Pursuant to Section 3582 (c)(1)(A) of Title 18, United States Code, courts are authorized to reduce a defendant's term of imprisonment based on "extraordinary and compelling reasons". However, when considering any motion under Section 3582 (c) (1)(A), the court must find, after considering the factors set forth in Section 3553(a), that "extraordinary and compelling reasons" warrant such a reduction and that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission".

Courts are divided on the extent to which they are permitted to define "extraordinary and compelling", or whether they need to defer to the Sentencing Commission guidelines.

In imposing its sentence of incarceration for two (2) years in this matter, the Court did openly address all of the seven (7) factors outlined in Title 18 US Code, Section 3553(a). However, in considering this Motion For Compassionate Release now before the court, a general finding should be made that none of those seven (7) factors are now an impediment to the motion being granted. More specifically, as to the factor Section 3553 (5)(a) therein, the court should find that there is nothing in the motion that is inconsistent with any pertinent policy statements issued by the Sentencing Commission.

## ARGUMENT II

### Providing compassionate release to this Defendant is not inconsistent with any policy of the Sentencing Commission

The Sentencing Commission guidelines are intended to include a wide variety of permanent, serious impairments and disabilities, whether functional or cognitive, that will make continued life in prison overly difficult for inmates suffering from the multiple maladies that afflict the Defendant.

The Defendant has a plethora of untreated diagnoses that contribute to the need for this motion to be granted. The Defendant has an abdominal aortic aneurysm, congestive heart failure, coronary artery disease, essential hypertension, hyperlipidemia, two hernias, and insomnia.

The Defendant has numerous conditions that will never improve and will only hasten his demise because of insufficient professional care, inadequate preventative check-ups, irregular treatment follow-ups, and unacceptable, inhospitable, and terrible living conditions found in prison. Indeed, the Defendant has been exposed to infections unnecessarily following two procedures while in prison.

While the continued incarceration of the Defendant will serve none of the purposes for which any incarceration is warranted, the compassionate release of the Defendant to go be with his parents in Florida will do him and them more good than could ever be contemplated by any measure.

**CONCLUSION**

Compassionate release is a means of granting relief to Defendants whose continued incarceration pose little public safety benefit and for whom extraordinary and compelling circumstances necessitates release.

This Defendant's two-year term of incarceration would end on October 16, 2024. His continued incarceration will in no way help the public feel or be more safe. On the other hand, his compassionate release as soon as possible will allow him and his family precious time to begin the process of rebuilding and resurrecting their lives and for his return to a fully productive and valued member of our community.