**REV. JAMES T. GOLDEN, ESQUIRE**
Attorney-At-Law
P.O.B. 299
Bradenton, Florida 34206
E-Mail: jtgoldenlaw@aol.com
Phone: (941) 746-6485
Mobile: (941-773-4031)
Florida Bar Number 192303

March 28, 2024

**By ECF and E-Mail**

The Honorable Jed S. Rakoff
Daniel Patrick Monynihan
United States District Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:    United States v Willie Dennis, 20 Cr.623 (JSR)

Your Honor:

    I am mindful of the Courts directions that no reply brief is required and no oral argument will be necessary. However, I am compelled to share with the Court my concern with two of the representations made by the US Attorney:

    1.    It is almost axiomatic that a Notice Of Appeal <u>only</u> "confers jurisdiction on the Court of Appeals and divests the District Court of its control over those parts of the case involved in the appeal". <u>Griggs v Provident Consumer Discount Co</u>., 459 U.S. 56, 58 (1982); see also <u>Berman v. United States,</u> 302 U.S. 211, 214 (1937); <u>United States v Ransom</u>, 866 F. 2d 574, 575 (2d Cir. 1989).

    Additionally, the three SDNY cases cited by the US Attorney as a basis for the court to deny the motion in this case, are factually distinguishable from this case in that they respectively:

      a) referenced a motion denied based upon the COVID-19 pandemic as a basis for compassionate release with no indication of whether the person in that case even had it,

      b) referenced a motion denied because administrative remedies were not exhausted which is not the case here (even though the "December 7 Request" was not attached as an exhibit by the US Attorney, the relief it requested was presented to the BOP at least 30 days before the Motion was filed with the court, and

      c) referenced a motion denied on the merits, but with no indication whatsoever as to what were the facts in that case.

      2.    Since being remanded, the Defendant has spent almost eighty percent (80%) of his sentence in hospital settings, undergoing some form of treatment, either medical, surgical, or remedial. And his medical records show that he is still in need of more treatment, from which he will never recover. He cannot, by any definition, be described as someone capable of being functional in the prison confines.

      I hope this court will find in these words, along with the previously filed memorandum, a sufficient basis for his compassionate release.

      Thank you for your consideration.

Sincerely,

*Rev. James T. Golden, Esquire*