

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

Hadassa R. Waxman
Member of the Firm
d +1.212.969.3070
f 212.969.2900
hwaxman@proskauer.com
www.proskauer.com

July 26, 2024

Via Email and ECF

The Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: *United States v. Willie Dennis*, 20 Cr. 623 (JSR)

Dear Judge Rakoff:

  With permission from the Court, K&L Gates (the "Firm") respectfully submits this letter in opposition to defendant Willie Dennis's request to modify the conditions of the Amended Judgment of Conviction ("Judgment") entered against him which, for three years following his recent release from incarceration, prohibit him "*from having any communication or any other contact, directly or through any other person, by mail, telephone, email, voicemail, social media, or any other means with the victims, and any other current or former employee of K&L Gates.*" Ex. A. We understand that the restrictions on post-release contact and communication – and the protections afforded by them – were intended to be broad in view of the overwhelming evidence at trial of the defendant's widespread harassment spanning multiple years and directed at large numbers of Firm personnel, and the harm the defendant's conduct caused to his victims.

  To ensure the continued protection of the Firm and its personnel, we respectfully request that the Court decline to modify the terms of the defendant's supervised release such that neither the defendant nor any counsel he might retain may have any contact or communication with the Firm or its personnel during his period of supervision.

  **I.** **Background**

  As established at trial, in or about May 2019, the defendant was expelled from the Firm pursuant to a vote of the partnership in substantial part as a consequence of an extensive and documented record of erratic, harassing, threatening and other improper behavior, which persisted despite repeated warnings that he cease such conduct.

  Notwithstanding multiple reminders by the Firm's General Counsel of the mandatory arbitration clause in the Partnership Agreement beginning as early as 2018, on November 9, 2020, the defendant filed a *pro se* lawsuit in this District captioned *Willie E. Dennis v. K&L*

**Proskauer»**

The Honorable Jed S. Rakoff
July 26, 2024
Page 2

*Gates LLP et al.*, 20 Cv. 9393 (Vyskocil, J.) alleging, *inter alia*, claims of race discrimination, retaliation, negligent hiring, and breach of contract. On November 18, 2020, the Firm, following the procedure set out in the Partnership Agreement, filed a motion to compel arbitration in the Superior Court of the District of Columbia. The Superior Court granted that motion on February 22, 2021. On April 20, 2021, the defendant filed a Demand for Arbitration with the American Arbitration Association ("AAA"). Judge Vyskocil then stayed the federal lawsuit pending the outcome of arbitration, and that case remains stayed.

Defendant's harassing conduct continued unabated until he was arrested on November 19, 2021, on Indictment 20 Cr. 623 (JSR), charging him with multiple counts of cyberstalking in violation of 18 U.S.C. § 2261(A)(2), the very conduct that substantially contributed to his expulsion from the Firm. In or about October 2022, after a jury trial before the Court, the defendant was convicted of several counts of cyberstalking.

On February 10, 2023, Your Honor sentenced the defendant to a term of imprisonment of 24 months to be followed by three years of supervised release. The Judgment imposed, among others, the following restrictions for three years following defendant's release from incarceration:

• The defendant shall stay at least 100 yards away from the victims in this case, and any other current or former employee of K&L Gates

• The defendant shall refrain from having any communication or any other contact, directly or through any other person, by mail, telephone, email, voicemail, social media, or any other means with the victims, and any other current or former employee of K&L Gates

Ex. A.

On December 19, 2023, the Firm filed a motion to dismiss the arbitration citing, among other factors, the defendant's failure to prosecute his claims and his inability to prove that his expulsion was based on anything other than his own willful criminal conduct. Defendant filed his opposition on June 7, 2024, and the parties are awaiting a decision.

We understand that the defendant was released from Bureau of Prisons' custody on or about June 25, 2024.

**Proskauer»**

The Honorable Jed S. Rakoff
July 26, 2024
Page 3

On July 17, 2024, Rev. James T. Golden, Esquire sent a letter to Your Honor, purportedly on behalf of the defendant, seeking to modify[1] the terms of his supervised release to allow any counsel who defendant might retain to have contact and communication with the Firm and its personnel in connection with the arbitration.[2]

For the reasons set forth below, the defendant's request should be denied.

**II.    Less Than a Month After Being Released From Incarceration, Defendant Seeks to Resume Contact and Communication With the Firm and Its Personnel**

More than five years ago, the defendant expressed the view that he had a civil claim against the Firm. Despite having been reminded multiple times that any claim must be pursued exclusively in arbitration, the defendant delayed in doing so for more than two years. Then, in violation of the Partnership Agreement and warnings by the Firm's General Counsel, the defendant improperly filed a civil case against the Firm in this District. In connection with the Firm's motion to compel arbitration and accompanying motion to stay the civil action, the defendant sought and received multiple extensions of time to respond to both motions, only to never submit any substantive opposition. Similarly, after both motions were granted, the defendant then wasted months baselessly challenging the arbitrator's appointment. And during much of this time, the defendant was residing outside the United States, continuing to harass and threaten Firm personnel, while ignoring his obligations as a civil litigant. Now, after neglecting his purported civil claim for years – *including for over four years prior to his sentencing* – defendant seeks a modification of his post-release conditions that would enable him – at least through counsel – to reengage in the very harassment the post-release restrictions were specifically designed to prevent.

In addition, the defendant's purported civil claim is completely without merit, as the Firm argues in its motion to dismiss pending before the arbitrator. Defendant's expulsion from the Firm was based, in substantial part, on the very same course of conduct that resulted in his criminal conviction—his illegal, harassing and threatening communications to his former colleagues. Defendant's arbitration is not just frivolous, but – worse – is inseparable from and in furtherance of his criminal conduct of harassing the Firm and its personnel. Modifying the post-release conditions – after having just come into effect – to permit contact and communication in connection with an entirely meritless arbitration is not warranted, defeats the purpose of the protections intended by the conditions, and would unfairly subject the Firm and its personnel to a

---

[1] Rev. Golden has not entered an appearance on behalf of defendant in this case, nor did he seek or obtain the Court's prior permission to submit a letter, which he styles as a "motion for clarification."

[2] Until Rev. Golden's letter to the Court, defendant had insisted that he would represent himself in the arbitration, after claiming that a lawyer *who had been representing him in the arbitration for well over a year* was never authorized to do so.

**Proskauer»**

The Honorable Jed S. Rakoff
July 26, 2024
Page 4

resumption of harassment for which defendant was convicted and caused so much harm to the Firm and its personnel.

### III.   Conclusion

Accordingly, K&L Gates respectfully requests that Your Honor keep in place the conditions of supervised release, including, specifically, the condition that defendant is prohibited "from having any communication or any other contact, directly or through any other person, by mail, telephone, email, voicemail, social media, or any other means with the victims, and any other current or former employee of K&L Gates." This condition, which the Court imposed with full awareness of the pending civil matter, is essential for the continued protection of the Firm and its personnel who have already suffered greatly.

We thank the Court for its consideration.

Respectfully submitted,

/s/ Hadassa Waxman
Hadassa R. Waxman
*Counsel to K&L Gates LLC*

cc:    Rev. James T. Golden, *Counsel to Defendant*
       Sarah Kushner, AUSA
       Stephanie Simon, AUSA