**REV. JAMES T. GOLDEN, ESQUIRE**
**Attorney-At-Law**
**P.O.B. 299**
**Bradenton, Florida 34206**
**E-Mail: jtgoldenlaw@aol.com**
**Phone: (941) 746-6485**
**Mobile: (941-773-4031)**
**Florida Bar Number 192303**

July 31, 2024

The Honorable Jed S. Rakoff, Senior District Judge
Southern District Of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, New York, New York 10007-1312

Re: K & L Gates Letter Objecting To Clarification of Supervised Release
    Provision for Willie Eugene Dennis 20 Cr. 623 (JSR)

Your Honor:

The e-mail of July 25, over the signature of your clerk neither required nor prohibited a reply to the permission given therein to K & L Gates partnership to file a letter of response objecting to my request for a clarification of the supervised release provisions in Mr. Dennis' case. I write now because the letter as presented to the court DOES NOT address the concerns I have raised in my initial letter. Specifically:

1.     Much of what is contained in the Gates letter simply re-hashes the matters that were considered by the court when the sentence was rendered. I DO NOT seek to modify any provision of the conditions placed upon Mr. Dennis in the Special Conditions Of Supervision section, paragraph 1, of the Amended Judgment In A Criminal Case. In spite of how my letter is categorized by PACER, both myself and Attorney Waxman, a former AUSA herself, were in court that day sentence was rendered, and we both know that I only seek clarification, not modification.

2.     Some of what is contained in the Gates letter is disingenuous because it repeats, as if true, some of the assertions made by AUSA Kushner in the sentencing transcript, Document #145, at pages 35 &36, i.e., that the pursuit of the civil claim by Mr. Dennis against K & L Gates would be a result of the conviction on the alleged criminal offenses brought against him.

In fact, the criminal offenses charged to Mr. Dennis were actually committed many months after negotiations over the civil claim with the Gates law firm had stalled, to which the court then stated "…Well, he has a legal right to pursue his lawsuit…".

3. None of what is contained in the Gates letter addresses the issue I seek clarification about. If the language "…or any person…" includes a duly authorized attorney at law pursuing the civil claim, then the Gates firm will have succeeded for all intents and purposes in accomplishing an additional three-year delay before Mr. Dennis can pursue his civil claim further. Moreover, he will not, nor will any other person, even be able to challenge the motion already filed by the Gates firm in the Washington, D.C. Superior Court before the Arbitrator in the civil case to dismiss his claim altogether immediately. In any event, no attorney would want to appear in this case if it could result in Mr. Dennis having his supervised release revoked because of him trying to exercise his legal right to pursue his lawsuit.

Thank you for your consideration of these concerns.

Sincerely,

*Rev James T. Golden*