UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
UNITED STATES OF AMERICA
     -v-
WILLIE DENNIS,
          Defendant.
```

20-cr-623 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.:

Pending before the Court is the request of counsel for defendant Willie Dennis, set forth in a letter dated July 17, 2024, seeking to clarify whether certain of the restrictions placed on Mr. Dennis as part of his supervised release, barring him and his agents from having contact with K&L Gates, apply to his counsel in his previously filed lawsuit against K&L Gates. See ECF No. 165.

Reverend James T. Golden, Esq., current counsel for defendant Dennis, has now submitted a further letter, dated July 31, 2024, purporting to reply to the letter of July 26, 2024, which K&L Gates properly filed with permission of the Court, opposing such contact. See ECF Nos. 166, 167. Previously, however, in a telephonic conference with Chambers held on July 25, 2024, at which Reverend Golden, counsel for K&L Gates, and Government counsel were all on the phone, Reverend Golden was expressly reminded that the Court's Individual Rules of Practice provide that "filing correspondence on ECF … is strictly forbidden, except as specifically authorized by these rules or expressly requested by the Court." Hon. Jed S.

1

Rakoff Individual Rules of Practice 1(a). Despite this prior admonition, Reverend Golden sent the instant unsolicited letter in plain violation of this Rule. Nevertheless, the Court will accept the letter; but the Court advises Reverend Golden that any further noncompliance with the Court's Individual Rules of Practice will invite sanctions.

Turning to the merits, the transcript of Mr. Dennis's sentencing makes clear that the non-contact restrictions on Mr. Dennis and his agents were never intended to prevent any counsel of record from pursuing through formal court filings on Mr. Dennis's behalf any preexisting lawsuit (or related arbitration) against K&L Gates. Specifically, after Government counsel expressed the view that Mr. Dennis's "civil lawsuit that he still has pending against K&L Gates … is another potential avenue to harass and harm the very same victims in this case," the Court stated: "Well, he has a legal right to pursue his lawsuit." Tr. of Sentencing, ECF No. 145 at 35:16-21. Therefore, the Court clarifies the restrictions of Mr. Dennis's supervised release to make clear that they do not prohibit any attorney who has formally entered an appearance on behalf of Mr. Dennis in any lawsuit or related arbitration against K&L Gates that was already pending at the time of his sentence from making any required filings in such lawsuit (or related arbitration). The Court leaves it to the judge and arbitrator in that case to make sure that such permission does not

become an excuse for Mr. Dennis, his lawyer, or any other related person to further harass his much-abused victims.

    SO ORDERED.

New York, NY  
August 6, 2024

                                              JED S. RAKOFF, U.S.D.J.